UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 JAN 27 P 2: 17

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| **GREAT NORTHERN INSURANCE COMPANY**<br>as Subrogee of Jon and Abby Winkelreid<br>200 S. 6th Street<br>Suite 1000<br>Minneapolis, Minnesota 55402-1470<br><br>vs.<br><br>**FERGUSON & SHAMAMIAN ARCHITECTS, LLP**<br>270 Lafayette Street<br>Suite 300<br>New York, New York 10012<br><br>and<br><br>**W.B. MARDEN, COMPANY**<br>2 Milk Street<br>Nantucket, Massachusetts 02554 | CIVIL ACTION NO:<br><br>05cv10165 RGS<br><br>RECEIPT #_____<br>AMOUNT $ 150.00<br>SUMMONS ISSUED 3<br>LOCAL RULE 4.1 ___<br>WAIVER FORM_____<br>MCF ISSUED_____<br>BY DPTY. CLK._____<br>DATE 1/27/05<br><br>MAGISTRATE JUDGE RGS |

## COMPLAINT

Plaintiff, Great Northern Insurance Company a/s/o of Jon and Abby Winkelreid, by and through its attorneys Cozen O'Connor, upon information and belief, hereby alleges the following:

## PARTIES

1. Plaintiff, Great Northern Insurance Company (hereinafter "Great Northern"), is a Minnesota Corporation, with its principal place of business located at 200 S. 6th St., Suite 1000, Minneapolis, Minnesota 55402-1470, and at all times material hereto was authorized to issue insurance policies in the Commonwealth of Massachusetts.

2. At all times material hereto, Great Northern insureds Jon and Abby Winkelreid (hereinafter "the plaintiff's insureds" or "the Winkelreids"), were individuals and owners of the property located at 15 Cathcart Road, Nantucket, Massachusetts (hereinafter "the subject property").

3. Defendant, Ferguson and Shamamian Architects, LLP (hereinafter "Ferguson), is a New York Corporation, with its principal place of business located at 270 Lafayette Street, Suite 300, New York, NY and at all times material hereto was engaged in the business of, *inter alia*, customized building design.

4. Defendant, W.B. Marden Co. (hereinafter "Marden"), is a business entity licensed and authorized to do business in the Commonwealth of Massachusetts, with its principal place of business located at 2 Milk Street, Nantucket, Massachusetts and at all times material hereto was engaged in the business of, *inter alia*, providing residential plumbing and heating contracting services.

## JURISDICTION AND VENUE

5. Jurisdiction is invoked under the provisions of 28 U.S.C. §1332 as this is an action between citizens of different states.

6. The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-five Thousand ($75,000.00) Dollars.

7. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

8. At all times material hereto, the Winkelreids owned the subject property.

2

9. At all times material hereto, plaintiff provided property insurance coverage under policy No. 11574766-08 (hereinafter "subject policy") to the Winkelreids insuring its real and personal property at the subject premises.

10. Prior to January 19, 2004, plaintiff's insureds contracted with defendant Ferguson to design the subject property.

11. Prior to January 19, 2004, defendant Marden was contracted to provide plumbing services, including but not limited to, the installation of domestic water lines in the subject premises during its construction.

12. On or about January 19, 2004, a domestic water pipe located in an unheated void space adjacent to the chimney chase in the subject premises froze and subsequently ruptured.

13. This incident occurred because the domestic water pipe was improperly installed in an area exposed to foreseeably cold and freezing temperatures.

14. As a direct consequence of this frozen and ruptured domestic water pipe, water flooded portions of the premises causing severe and extensive damage to the subject premises and its contents.

15. Pursuant to the terms and conditions of the subject insurance policy, Great Northern made payments to its insured for the damages sustained in the amount of Eight Hundred Seven Thousand Five Hundred Ninety Dollars and Seventy-Two Cents ($807,590.72).

16. In accordance with the common law principles of legal and equitable subrogation, Great Northern is subrogated to the rights of its insureds with respect to the damages compensable under the policy.

## COUNT I

## PLAINTIFF v. DEFENDANT FERGUSON & SHAMAMIAN ARCHITECTS, LLP

## NEGLIGENCE

17. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 16 as if the same were fully set forth at length herein.

18. The damages sustained in this loss were the direct result of the negligence, carelessness and/or reckless conduct of the personnel and/or agents of defendant Ferguson and Shamamian Architects, LLP, including but not limited to the following ways:

- (a) Failing to properly design the subject property;

- (b) Failing to ensure that the subject property was free of latent defects;

- (c) Failing to properly and safely perform design activities at the subject property thereby increasing the risk of hazards occurring thereto, including water damage;

- (d) Failing to properly, adequately and safely design, engineer, build and/or construct the attic space of the subject property;

- (e) Failing to perform its design and architectural work and services in accordance with the terms, conditions and provisions of all applicable written and/or oral contracts, agreements, plans and specifications;

- (f) Failing to properly, adequately and safely design, engineer, build and/or construct the plumbing system of the subject property;

- (g) Violating statutes, codes and industry standards during the design of the subject property including, but not limited to, violations regarding the design, engineering and construction of the subject property including, but not limited to, failing to install required insulation and/or heating to

portions of the subject property that would be exposed to air temperatures at or below freezing;

(h) Failing to exercise reasonable care in the performance of the design of the subject property;

(i) Failing to use due care and skill under the circumstances; and

(j) Such other and further negligent acts or omissions which may be revealed through discovery.

19. As a direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or omissions of defendant Ferguson, the domestic water pipe froze and ruptured, resulting in substantial damages to the Winkelreids' real and personal property.

20. Pursuant to the terms and conditions of the subject insurance policy, Great Northern did make payments to its insureds for the damages so sustained, the total amount of those payments being Eight Hundred Seven Thousand Five Hundred Ninety Dollars and Seventy-Two Cents ($807,590.72).

21. In accordance with the common law principles of legal and equitable subrogation, Great Northern is subrogated to the rights of its insured with respect to the damages compensable under the policy.

WHEREFORE, plaintiff, Great Northern Insurance Company a/s/o Jon and Abby Winkelreid, demands judgment in its favor and against defendant, Ferguson and Shamamian Architects, LLP, in the amount of Eight Hundred Seven Thousand Five Hundred Ninety Dollars and Seventy-Two Cents ($807,590.72) together with interest and costs of this action.

## COUNT II

### PLAINTIFF v. DEFENDANT W.B. MARDEN COMPANY

### NEGLIGENCE

22. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 21 as if the same were fully set forth at length herein.

23. The damages sustained in this loss were the direct result of the negligence, carelessness and/or reckless conduct of the personnel and/or agents of defendant W.B. Marden Company, including but not limited to the following ways:

   (a) Failing to properly perform construction, installation and/or maintenance of the domestic water lines in the subject property;

   (b) Failing to ensure that the subject property was free of latent defects;

   (c) Failing to properly and safely perform construction activities at the subject property thereby increasing the risk of hazards occurring thereto, including water damage;

   (d) Failing to insulate the area of the subject domestic water pipe within its space so as to prevent foreseeably cold temperatures from entering the premises and causing the subject domestic water pipe to freeze and rupture;

   (e) Failing to protect freezing temperatures from compromising the integrity of the subject domestic water pipe located at the premises;

   (f) Failing to perform construction, installation, service and/or maintenance work in accordance with the terms, conditions and provisions of all applicable written and/or oral contracts, agreements, plans and specifications;

   (g) Violating statutes, codes and industry standards during the design, installation, service and/or maintenance of the plumbing system at the subject property including, but not limited to, violations regarding the design, engineering and construction of the plumbing system at the subject property including, but not limited to, failing to install required insulation and/or heating to portions of the subject property that would be exposed to air temperatures at or below freezing;

   (h) Failing to maintain, service and/or repair the plumbing system at the subject property;

   (i) Otherwise failing to use due care under the circumstances.

24. As a direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or omissions of defendant Marden, the domestic water pipe froze and ruptured, resulting in substantial damages to the Winkelreids' real and personal property.

25. Pursuant to the terms and conditions of the subject insurance policy, Great Northern did make payments to its insureds for the damages so sustained, the total amount of those payments being Eight Hundred Seven Thousand Five Hundred Ninety Dollars and Seventy-Two Cents ($807,590.72).

26. In accordance with the common law principles of legal and equitable subrogation, Great Northern is subrogated to the rights of its insured with respect to the damages compensable under the policy.

WHEREFORE, plaintiff, Great Northern Insurance Company a/s/o Jon and Abby Winkelreid, demands judgment in its favor and against defendant, W.B. Marden Company, in the amount of Eight Hundred Seven Thousand Five Hundred Ninety Dollars and Seventy-Two Cents ($807,590.72) together with interest and costs of this action.

## COUNT III

## PLAINTIFF v. DEFENDANT W.B. MARDEN COMPANY

## BREACH OF WARRANTY

27. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 26 as if the same were fully set forth at length herein.

28. Defendant Marden agreed to perform its installation services, including but not limited to, the design, installation, inspection and activation of the aforesaid domestic water lines

in a good, safe and workmanlike manner, free from defects and in accordance with all applicable codes and standards.

29. Defendant Marden breached its expressed and/or implied warranties that its construction work, including, but not limited to, the design, installation, inspection and activation of the aforesaid domestic water lines would be performed in a good, safe and workmanlike manner, free from defects and in accordance with all applicable codes and standards.

30. As a direct and proximate result of Marden's breach of express and/or implied warranties, plaintiff's insured suffered substantial water damage to their real and personal property for which Great Northern paid its insured.

31. Pursuant to the terms and conditions of the subject insurance policy, Great Northern did make payments to its insureds for the damages so sustained, the total amount of those payments being Eight Hundred Seven Thousand Five Hundred Ninety Dollars and Seventy-Two Cents ($807,590.72).

32. In accordance with the common law principles of legal and equitable subrogation, Great Northern is subrogated to the rights of its insured with respect to the damages compensable under the policy.

WHEREFORE, plaintiff, Great Northern Insurance Company a/s/o Jon and Abby Winkelreid, demands judgment in its favor and against defendant, W.B. Marden Company, in the amount of Eight Hundred Seven Thousand Five Hundred Ninety Dollars and Seventy-Two Cents ($807,590.72) together with interest and costs of this action.

                Respectfully submitted,

BY: _____
       Patrick J. Loftus, III, Esquire
       9 Park Street
       Suite 500
       Boston, Massachusetts  02108
       (617) 723-7770

Of Counsel:
COZEN AND O'CONNOR
ROBERT M. CAPLAN, ESQUIRE
Attorney for Plaintiff, Great Northern Insurance Company
a/s/o Jon and Abby Winkelreid

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Great Northern Insurance Company a/s/o Jon and Abby Winkelreid

**DEFENDANTS**
Ferguson and Shamamian Architects, LLP and W.B. Marden Company

FILED IN CLERKS OFFICE
2005 JAN 27 P 2: 17
U.S. DISTRICT COURT
DISTRICT OF MASS.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Hennepin (MN)
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT New York (NY)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Patrick J Loftus III
9 Park Street, Suite 500
Boston, MA 02108
617.723.7770

ATTORNEYS (IF KNOWN)

05

**II. BASIS OF JURISDICTION** (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 1332(a)(1)

**V. NATURE OF SUIT** (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other ☐ 550 Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
**DEMAND $** 500,000
Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 1/26/05
SIGNATURE OF ATTORNEY OF RECORD /s/ Patrick J. Loftus

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Great Northern Insurance Company a/s/o Jon and Abby Winkelreid v. Ferguson and Shamahiian Architects, et al

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    _X_ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___ V.    150, 152, 153.

    05 10165 RGS

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   n/a

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   n/a

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? n/a
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? n/a

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES___ No ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES___ No

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES___ No ___ (a) __ IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?___

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Nantucket

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION___ OR WESTERN SECTION___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Patrick J. Loftus, III
ADDRESS 9 Park Street, Suite 500  Boston, MA 02108
TELEPHONE NO. 617-723-7770

(Category.frm - 09/92)