FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
FOR THE COMMONWEALTH OF MASSACHUSETTS

2005 FEB 17  P 1:58
CIVIL ACTION NO. 05CV-10165-RGS

U.S. DISTRICT COURT
DISTRICT OF MASS.

**GREAT NORTHERN INSURANCE COMPANY**, as Subrogee of **JON AND ABBY WINKELREID**,
      Plaintiff,

v.

**FERGUSON & SHAMAMIAN ARCHITECTS, LLP AND W.B. MARDEN COMPANY,**
      Defendants.

## DEFENDANT, W.B. MARDEN COMPANY'S, ANSWER TO PLAINTIFF'S COMPLAINT

The Defendant, W.B. Marden Company, hereby responds to the individually numbered paragraphs of the Plaintiff's Complaint, as follows:

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and calls upon the Plaintiff to prove the same.

2. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and calls upon the Plaintiff to prove the same.

3. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and calls upon the Plaintiff to prove the same.

4. The Defendant admits the allegations contained in Paragraph 4.

5. The Defendant cannot admit or deny this paragraph as it seeks a conclusion of law.

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and calls upon the Plaintiff to prove the same.

7. The Defendant cannot admit or deny this paragraph as it seeks a conclusion of law.

8. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and calls upon the Plaintiff to prove the same.

9. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and calls upon the Plaintiff to prove the same.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and calls upon the Plaintiff to prove the same.

11. The Defendant admits the allegations contained in Paragraph 11.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and calls upon the Plaintiff to prove the same.

13. The Defendant denies the allegations contained in Paragraph 13.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and calls upon the Plaintiff to prove the same.

15. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and calls upon the Plaintiff to prove the same.

16. The Defendant cannot admit or deny this paragraph as it seeks a conclusion of law.

## COUNT I

17. The Defendant repeats and realleges its answers to Paragraph Nos. 1 through 16 of the Plaintiff's Complaint.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and calls upon the Plaintiff to prove the same.

19. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and calls upon the Plaintiff to prove the same.

20. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and calls upon the Plaintiff to prove the same.

21. The Defendant cannot admit or deny this paragraph as it seeks a conclusion of law.

## COUNT II

22. The Defendant repeats and realleges its answers to Paragraph Nos. 1 through 21 of the Plaintiff's Complaint.

23. (a-i) The Defendant denies the allegations contained in Paragraph 23 and its subparts.

24. The Defendant denies the allegations contained in Paragraph 24.

25. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and calls upon the Plaintiff to prove the same.

26. The Defendant cannot admit or deny this paragraph as it seeks a conclusion of law.

## COUNT III

27. The Defendant repeats and realleges its answers to Paragraph Nos. 1 through 26 of the Plaintiff's Complaint.

28. The Defendant cannot admit or deny this paragraph as it seeks a conclusion of law.

29. The Defendant cannot admit or deny this paragraph as it seeks a conclusion of law.

30. The Defendant denies the allegations contained in Paragraph 30.

31. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and calls upon the Plaintiff to prove the same.

32. The Defendant cannot admit or deny this paragraph as it seeks a conclusion of law.

## AFFIRMATIVE DEFENSES

1. The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the applicable statute of limitations.

2. The Court does not have subject matter jurisdiction of the claims alleged.

3. The Court does not have jurisdiction over the person of the Defendant.

4. The venue of this action is improper.

5. The process in this action is insufficient.

6. The service of process in this action is insufficient.

7. The claims arising out of the subject matter of the transactions and occurrences alleged are barred pursuant to M.G.L. ch. 231, §85 because the negligence of Plaintiff is greater than the negligence of the Defendant.

8. The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the Defendant.

9. The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third-party for whose conduct the Defendant is not legally responsible.

10. The Defendant is misnamed.

11. The Plaintiff's recovery of damages against the Defendant, if any, is to be reduced under M.G.L. ch. 231, §85 by the amount of the Plaintiff's negligence.

12. If the Plaintiff suffered any injury or damages, as alleged, such injury or damages, if any, were caused by or contributed to, in whole or in part, by the Plaintiff's own misconduct, wrong doing or negligence.

13. The Complaint fails to state a claim upon which relief may be granted.

14. The Defendant did not breach any contract with the Plaintiff or with its insureds, Jon and Abby Winkelreid.

15. The Defendant performed all work in a workmanlike manner.

16. The Complaint fails to set forth a specific breach of the contract.

17. To the extent the Defendant had any obligations to the Plaintiff; it performed those obligations completely and properly.

WHEREFORE, the Defendant demands that the above-captioned complaint shall be dismissed, that costs and disbursements of this action be awarded in its favor, and that judgment be entered for the Defendant.

### JURY DEMAND

THE DEFENDANT DEMANDS A TRIAL BY JURY IN THE FEDERAL COURT ON ALL ISSUES SO TRIABLE.

DEFENDANT,
W.B. MARDEN COMPANY,
By its attorney,

_____
Kathleen C. Tulloh Brink
Mintz, Levin, Cohn, Ferris,
 Glovsky and Popeo, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

Dated: 2-17, 2005

## CERTIFICATE OF SERVICE

I, Kathleen Tulloh Brink, counsel for the above-named Defendant, W.B. Marden Company, hereby certify that a copy of the following, **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT,** was served, this day, via first class mail, postage prepaid, on:

**Plaintiff:**

Patrick J. Loftus, III, Esq.
9 Park Street, Suite 500
Boston, MA 02108
(617) 723-7770

Robert M. Caplan, Esq.
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19183


Dated: __2-17__, 2005

Kathleen Tulloh Brink

LIT 1505456v1

- 6 -