UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY ) <br> As Subrogree of Jon and Abby Winkelreid ) <br> 200 S. 6th Street ) <br> Suite 1000 ) <br> Minneapolis, Minnesota 55402-1470 ) <br> ) <br>       Plaintiff ) <br> ) <br> v. ) <br> ) <br> FERGUSON & SHAMAMIAN ARCHITECTS, LLP ) <br> 270 Lafayette Street ) <br> Suite 300 ) <br> New York, New York 10012 ) <br> ) <br> and ) <br> ) <br> W.B. MARDEN COMPANY ) <br> 2 Milk Street ) <br> Nantucket, Massachusetts 02554 ) <br> ) <br>       Defendants ) <br> _____ ) | CIVIL ACTION <br> NO. 05-CV-10165-RGS |

## ANSWER, JURY DEMAND, AND CROSS-CLAIMS OF THE DEFENDANT, FERGUSON & SHAMAMIAN ARCHITECTS, LLP

The defendant, Ferguson & Shamamian Architects, LLP ("Ferguson & Shamamian"), responds as follows to the allegations set forth in the Complaint:

### PARTIES

1.    Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.    Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3.    Admitted.

4. Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. The allegations of paragraph 5 are allegations of law to which Ferguson & Shamamian need not respond. To the extent a response could be required, Ferguson & Shamamian denies the allegations.

6. Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. The allegations of paragraph 7 are allegations of law to which Ferguson & Shamamian need not respond. To the extent a response could be required, Ferguson & Shamamian denies the allegations.

## FACTUAL ALLEGATIONS

8. Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Said Policy No. 11574766-08 is a written document that speaks for itself, and therefore Ferguson & Shamamian denies the allegations in paragraph 9 of the Complaint that are inconsistent with or go beyond the terms of that document.

10. Ferguson & Shamamian admits the allegations set forth in paragraph 10 and further states that the agreement between the plaintiff's insureds and Ferguson & Shamamian is a written document that speaks for itself. Ferguson & Shamamian denies the allegations set forth in paragraph 10 of the Complaint that are inconsistent with or go beyond the terms of that document.

11. Upon information and belief Ferguson & Shamamian admits the allegations set forth in paragraph 11.

12. Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. The allegations of paragraph 16 are allegations of law to which Ferguson & Shamamian need not respond. To the extent a response could be required, Ferguson & Shamamian denies the allegations.

## COUNT I
### (Negligence v. Ferguson & Shamamian)

17. Ferguson & Shamamian incorporates by reference its answers to paragraphs 1 through 16 above.

18. Denied.

19. Denied.

20. Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. The allegations of paragraph 21 are allegations of law to which Ferguson & Shamamian need not respond. To the extent a response could be required, Ferguson & Shamamian denies the allegations.

WHEREFORE, Ferguson & Shamamian respectfully requests that this Court dismiss the plaintiff's claims against Ferguson & Shamamian and award Ferguson & Shamamian its costs, interest, and attorneys' fees incurred in the defense of this action.

## COUNT II
### (Negligence v. Marden)

22. Ferguson & Shamamian incorporates by reference its answers to paragraphs 1 through 21 above.

23. Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. The allegations of paragraph 26 are allegations of law to which Ferguson & Shamamian need not respond. To the extent a response could be required, Ferguson & Shamamian denies the allegations.

## COUNT III
### (Breach of Warranty v. Marden)

27. Ferguson & Shamamian incorporates by reference its answers to paragraphs 1 through 26 above.

28. Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Ferguson & Shamamian is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. The allegations of paragraph 32 are allegations of law to which Ferguson & Shamamian need not respond. To the extent a response could be required, Ferguson & Shamamian denies the allegations.

## JURY CLAIM

Ferguson & Shamamian hereby demands a trial by jury to the fullest extent permitted by law.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Ferguson & Shamamian upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims against Ferguson & Shamamian are barred because Ferguson & Shamamian has performed all of its obligations under its agreement with the plaintiff's insureds.

## THIRD AFFIRMATIVE DEFENSE

The claims against Ferguson & Shamamian are barred by the terms of the agreement between Ferguson & Shamamian and the plaintiff's insureds.

## FOURTH AFFIRMATIVE DEFENSE

If the plaintiff were damaged as alleged, which Ferguson & Shamamian denies, said damage resulted from the acts and/or omissions of persons or entities for whose conduct Ferguson & Shamamian is neither legally liable nor responsible.

## FIFTH AFFIRMATIVE DEFENSE

If the plaintiff were damaged as alleged, which is denied, said damage resulted from the plaintiff's own negligent acts and/or omissions.

## SIXTH AFFIRMATIVE DEFENSE

If the plaintiff establishes liability against W.B. Marden Company it will be as a result of the direct and active negligence or other wrongdoing of W.B. Marden Company and not as a result of alleged acts, errors or omissions of Ferguson & Shamamian. Accordingly, W.B. Marden Company would not be entitled to recover contribution or indemnity from Ferguson & Shamamian.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate its damages.

**WHEREFORE,** Ferguson & Shamamian, respectfully requests that the plaintiff's Complaint be dismissed with prejudice and judgment entered in Ferguson & Shamamian's favor on the merits, that Ferguson & Shamamian be awarded costs and attorneys' fees, and that Ferguson & Shamamian be granted such further relief as this Court may deem just and proper.

## CROSS-CLAIMS OF THE DEFENDANT, FERGUSON & SHAMAMIAN ARCHITECTS, LLP, AGAINST THE DEFENDANT, W.B. MARDEN COMPANY, FOR INDEMNIFICATION AND CONTRIBUTION

1.  This Court has jurisdiction pursuant to Rule 13(g) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1367 over the defendant Ferguson & Shamamian Architects, LLP's ("Ferguson & Shamamian") cross-claims for contribution and indemnification because the cross-claims arise out of the same transaction or occurrence as the main claim.

2.  Ferguson & Shamamian hereby makes the following cross-claims against the co-defendant, W.B. Marden Company ("Marden"):

## PARTIES

3.  Ferguson & Shamamian is an architecture firm with its principal place of business located at 270 Lafayette Street, Suite 300, New York, New York.

4. Marden is a residential plumbing and heating contractor that performs contracting work in the State of Massachusetts.

## FACTS

5. This matter arises from the construction of a new residence for Jon and Abby Winkelreid, located at 15 Cathcart Road, Nantucket, Massachusetts (the "Project").

6. Ferguson & Shamamian prepared design and construction documents in connection with Project.

7. Marden installed plumbing on the Project.

8. Marden failed to install certain insulation around the plumbing at the Project as required in the plans and specifications for the Project.

9. Marden failed to install water detection devices at the Project per the plans and specifications for the Project.

10. On or about January 19, 2004 a water pipe at the Project froze and burst as a result of Marden's defective work and failure to comply with the requirements of the plans and specifications for the Project.

11. The plaintiff, Great Northern Insurance Company, subrogree of Jon and Abby Winkelreid, commenced this action against Ferguson & Shamamian and Marden, alleging that its insureds suffered damages as a result of the January 19, 2004 pipe burst.

## COUNT I
### (Contribution)

12. Ferguson & Shamamian repeats and re-alleges the allegations contained in paragraphs 1 through 11 of the cross-claim as if fully set forth herein.

13. If Ferguson & Shamamian is found liable to the plaintiff, which liability Ferguson & Shamamian expressly denies, then the plaintiff's damages were caused in whole or in part by Marden's negligent acts and/or omissions for which Ferguson & Shamamian is not responsible.

14.     If Ferguson & Shamamian is found liable to the plaintiff, which liability Ferguson & Shamamian expressly denies, and is obligated to pay the plaintiff an amount in excess of its fair contribution based upon its portion of relative fault as between Ferguson & Shamamian and Marden, then Ferguson & Shamamian is entitled to judgment against Marden for Marden's share of that excess payment, together with Ferguson & Shamamian's costs of suit incurred.

WHEREFORE, Ferguson & Shamamian demands judgment against Marden for Marden's share of that excess payment, together with Ferguson & Shamamian's costs of suit incurred, and such other relief as this Court deems just.

## COUNT II
### (Common Law Indemnification)

15.     Ferguson & Shamamian repeats and re-alleges the allegations contained in paragraphs 1 through 14 of the cross-claim as if fully set forth herein.

16.     If the plaintiff has suffered any damages, which Ferguson & Shamamian expressly denies, any such damages are a result of Marden's conduct or that of its agents.

17.     If Ferguson & Shamamian is found to be liable to the plaintiff, which liability Ferguson & Shamamian expressly denies, then the negligent conduct of Marden was the sole and proximate cause of the damages. Therefore, any liability of Ferguson & Shamamian is derivative and imposed solely by reason of the conduct of Marden or that of its agents.

18.     If Ferguson & Shamamian is found to be liable to the plaintiff, which liability Ferguson & Shamamian expressly denies, Ferguson & Shamamian is entitled to contractual indemnification from Marden.

WHEREFORE, Ferguson & Shamamian demands full indemnification from Marden, together with Ferguson & Shamamian's costs of suit incurred, and such other relief as this Court

deems just.

                                Respectfully submitted,
                                FERGUSON & SHAMAMIAN
                                ARCHITECTS, LLP,
                                By its attorneys,

                                _____
                                David J. Hatem, PC, B.B.O. #225700
                                Jay S. Gregory, Esquire, B.B.O. #546708
                                DONOVAN HATEM LLP
                                Two Seaport Lane
                                Boston, MA  02210
                                Tel:  (617)406-4500

Dated: 3-3-05

00897789

9

## CERTIFICATE OF SERVICE

I, Deborah F. Schwartz, Esquire, hereby certify that on this 4th day of March, 2005, I served the attached *Answer, Jury Demand, and Cross-Claims of the Defendant, Ferguson & Shamamian Architects, LLP* by mailing a copy thereof, postage pre-paid to:

Patrick J. Loftus, III, Esquire
Law Office of Patrick J. Loftus, III
9 Park Street, Suite 500
Boston, MA 02108
Counsel for Plaintiff

Robert M. Caplan, Esquire
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

W.B. Marden Company
2 Milk Street
Nantucket, Massachusetts 02554

_____
Deborah F. Schwartz, Esquire

00897789