UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GREAT NORTHERN INSURANCE COMPANY | ) | |
| As Subrogee of Jon and Abby Winkelreid | ) | |
| 200 S. 6th Street | ) | |
| Suite 1000 | ) | |
| Minneapolis, Minnesota 55402-1470 | ) | |
| | ) | CIVIL ACTION |
|     Plaintiff | ) | NO. 05-CV-10165-RGS |
| | ) | |
| v. | ) | |
| | ) | |
| FERGUSON & SHAMAMIAN ARCHITECTS, LLP | ) | |
| 270 Lafayette Street | ) | |
| Suite 300 | ) | |
| New York, New York 10012 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| W.B. MARDEN COMPANY | ) | |
| 2 Milk Street | ) | |
| Nantucket, Massachusetts 02554 | ) | |
| | ) | |
|     Defendants | ) | |
| | ) | |

## MOTION OF THE DEFENDANT, FERGUSON & SHAMAMIAN ARCHITECTS, LLP, TO COMPEL RESPONSES TO THE FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM THE PLAINTIFF, GREAT NORTHERN INSURANCE COMPANY, AND FOR SANCTIONS AGAINST GREAT NORTHERN INSURANCE COMPANY

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), the defendant, Ferguson & Shamamian Architects, LLP ("Ferguson & Shamamian"), hereby moves for an ORDER compelling the plaintiff, Great Northern Insurance Company, (the "plaintiff"), to respond to the first set of interrogatories and document production request propounded by Ferguson & Shamamian.

## I.   BACKGROUND

This matter arises from a water loss that occurred on January 18, 2004 at the Winkelreid residence, located at 15 Cathcart Road, Nantucket, MA.  The plaintiff, the insurer of the Winkelreids, paid off this loss and is now seeking recovery from Ferguson & Shamamian and W.B. Marden Company.  The complaint was filed on January 27, 2005 and alleges negligence against Ferguson Shamamian and negligence and breach of warranty against W.B. Marden Company.

On March 14, 2005, Ferguson & Shamamian served its first set of interrogatories on the plaintiff.  **Exhibit A.**  On March 14, 2005, Ferguson & Shamamian also served its first request for production of documents on the plaintiffs.  **Exhibit B.**  Pursuant to the Joint Scheduling Conference Statement, discovery responses were due on June 30, 2005.  To date, counsel for the plaintiff has failed to serve a response to either Ferguson & Shamamian's first set of interrogatories or its first request for production of documents.

## II.   ARGUMENT

Rule 33 of the Federal Rules of Civil Procedure provides that the "party upon whom the interrogatories have been served shall serve a copy of the answers and objections if any, within 30 days after the service of the interrogatories."  Rule 34 provides that the "party upon whom the request is served shall serve a written response within 30 days after service of the request . . ."

Rule 37(a)(2)(B) provides in relevant part that if "a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer . . . or an order compelling inspection in accordance with the request."  Rule 33(b)(4) provides that in response to interrogatories "[a]ny ground not stated in a timely objection is waived . . ."

2

To date, Ferguson & Shamamian has not received a response to its first set of interrogatories or its first document production request served on the plaintiff, even though it has been approximately five months since the interrogatories and document production request were served and approximately one and a half months since discovery responses were due pursuant to the Joint Scheduling Conference Statement.  Accordingly, this Court is warranted in issuing an order compelling the plaintiff to respond, without objection, to the first set of interrogatories and the first request for production of documents propounded by Ferguson & Shamamian.

### III.    **LOCAL RULE 7.1 CERTIFICATION**

I, Deborah F. Schwartz, hereby certify that I have made a good faith but unsuccessful attempt to resolve the issues in this motion.  To wit, on July 13, 2005, I spoke with counsel for the plaintiff, Robert M. Caplan of Cozen and O'Connor, about the plaintiff's failure to provide discovery responses and he stated that he knew the plaintiff's discovery responses were overdue and that he would provide the responses shortly.  On July 18, 2005, I faxed a letter to Attorney Caplan to follow up on the telephone conversation we had regarding the plaintiff's discovery failures and demanding that the plaintiff provide responses immediately.  **Exhibit C.**  On August 3, 2005, I faxed a letter to Attorney Caplan to follow up on the plaintiff's failure to provide discovery responses to Ferguson & Shamamian and demanded a response by August 10, 2005 to avoid Ferguson & Shamamian filing a motion with the court to compel the responses.  **Exhibit D.**  To date, I have not received the plaintiff's responses to Ferguson & Shamamian's first set of interrogatories or first request for production of documents.

Deborah F. Schwartz, Esq.

3

## IV.    REQUEST FOR RELIEF

Based on the foregoing, Ferguson & Shamamian respectfully requests that this Court GRANT its motion to compel the plaintiff to respond, without objection, to Ferguson & Shamamian's first set of interrogatories and first request for production of documents.

## V.    REQUEST FOR SANCTIONS

Since the plaintiff has failed to respond to Ferguson & Shamamian's first set of interrogatories and first request for production of documents, despite repeated requests and a good faith effort to obtain the responses by Ferguson & Shamamian, Ferguson & Shamamian requests that the Court sanction the plaintiff by ordering the plaintiff to pay Ferguson & Shamamian the reasonable expenses it has incurred in making this motion, including attorney's fees.

                            Respectfully submitted,
                            FERGUSON & SHAMAMIAN
                            ARCHITECTS, LLP,
                            By its attorneys,


                            David J. Hatem, PC, B.B.O. #225700
                            Jay S. Gregory, Esquire, B.B.O. #546708
                            Deborah F. Schwartz, Esquire, B.B.O. ##658278
                            DONOVAN HATEM LLP
                            Two Seaport Lane
                            Boston, MA  02210
                            Tel:  (617)406-4500

Dated: _August 15, 2005_

4

## CERTIFICATE OF SERVICE

I, Deborah F. Schwartz, Esquire, hereby certify that on this ___15th___ day of August, 2005, I served the attached *Motion Of The Defendant, Ferguson & Shamamian Architects, LLP, To Compel Responses To The First Set Of Interrogatories And First Request For The Production Of Documents From The Plaintiff, Great Northern Insurance Company, And For Sanctions Against Great Northern Insurance Company* by mailing a copy thereof, postage pre-paid to:

Patrick J. Loftus, III, Esquire
Law Office of Patrick J. Loftus, III
9 Park Street, Suite 500
Boston, MA 02108
Counsel for Plaintiff

Robert M. Caplan, Esquire
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

Kathleen Brink
Mintz, Levin, Cohn, Ferris, Glovsky and
Popeo, P.C.
One Financial Center
Boston, MA 02111

Deborah F. Schwartz, Esquire

00937675

5

3|2|05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GREAT NORTHERN INSURANCE COMPANY )
As Subrogree of Jon and Abby Winkelreid )
200 S. 6th Street )
Suite 1000 )
Minneapolis, Minnesota 55402-1470 )
                         )      CIVIL ACTION
     Plaintiff                   )      NO. 05-CV-10165-RGS
                         )
v.                             )
                         )
FERGUSON & SHAMAMIAN ARCHITECTS, LLP )
270 Lafayette Street )
Suite 300 )
New York, New York 10012 )
                         )
and )
                         )
W.B. MARDEN COMPANY )
2 Milk Street )
Nantucket, Massachusetts 02554 )
                         )
     Defendants               )
_____ )

## FIRST SET OF INTERROGATORIES OF THE DEFENDANT, FERGUSON & SHAMAMIAN ARCHITECTS, LLP, TO THE PLAINTIFF, GREAT NORTHERN INSURANCE COMPANY

The defendant, Ferguson & Shamamian Architects, LLP, hereby propounds the following

first set of interrogatories to the plaintiff, Great Northern Insurance Company, which shall serve

an answer, under oath, in writing, within 30 days of service, pursuant to Fed. R. Civ. P. 33.

## DEFINITIONS AND INSTRUCTIONS

The full text of the following definitions are deemed incorporated by reference and to all

discovery requests:

(1)     Communication. The term "communication" means the transmittal of information

(in the form of facts, ideas, inquiries, or otherwise).

(2)    Document.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

(3)    Identify (With Respect to Persons).    When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with the subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

(4)    Identify (with Respect to Documents).    When referring to documents, "to identify" means to give, to the extent known, the

> (a)    type of document;
>
> (b)    general subject matter;
>
> (c)    date of the document; and
>
> (d)    author(s), addressee(s), and recipient(s).

(5)    Parties.    The terms "plaintiff," "defendant," "third-party plaintiff" and "third-party defendant" as well as a party's full or abbreviated name or a pronoun referring to a party such as you or your means the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.

(6)    Person.    The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

(7)    Concerning.    The term "concerning" means referring to, describing, evidencing, or constituting.

(8)    State the basis.    When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

2

(a)    identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(b)    identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(c)    state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(d)    state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

(9)    Complaint. The term "Complaint" refers to the complaint filed by Great Northern Insurance Company ("Plaintiff") against Ferguson & Shamamian Architects, LLP ("Ferguson & Shamamian") and W.B. Marden Company ("Marden") in this matter.

(10)    Project. The term "Project" means the planning and construction of 15 Cathcart Road, Nantucket, Massachusetts.

(12)    Document Request. The term "Document Request" means all requests for documents or other tangible things served on Plaintiff by Ferguson & Shamamian in this action pursuant to Fed. R. Civ. P. 34.

## INTERROGATORIES

### INTERROGATORY 1.

Identify the individual(s) signing the answers to these interrogatories.

3

**INTERROGATORY 2.**

For each individual(s) who assisted in preparing the answers to these interrogatories, identify each individual and following the identity of each individual, list the number of each interrogatory for which that individual provided assistance.

**INTERROGATORY 3.**

Identify each person whom you expect to call as an expert witness at trial; following the identity of such expert witness with the subject matter in which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**INTERROGATORY 4.**

Please identify each person whom you intend to call as a witness at trial.

**INTERROGATORY 5.**

For each item of damage you contend you have suffered as a result of conduct of Ferguson & Shamamian, identify the item and dollar amount of damage followed by the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for your contention that Ferguson & Shamamian caused such damage.

**INTERROGATORY 6.**

To the extent not provided in your response to Interrogatory No. 5, if you contend that you have been damaged by Ferguson & Shamamian's conduct, identify the conduct by Ferguson & Shamamian you contend caused you to be damaged and the amount of the damage, followed by a description of what you contend Ferguson & Shamamian's conduct should have been and why the damage you have identified would not have been incurred if Ferguson & Shamamian would have done what you contend Ferguson & Shamamian was obligated to do.

4

**INTERROGATORY 7.**

For each item of damage referenced in the Complaint which you contend you have suffered as a result of conduct of someone other than Ferguson & Shamamian, identify the individual(s) responsible, and following each individual identified, state the item and dollar amount of damage, the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for your contention that the individual caused such damage.

**INTERROGATORY 8.**

Identify each document that reflects, references or evidences the damages referred to in the Complaint.

**INTERROGATORY 9.**

Identify each document you intend to introduce as an exhibit at the trial of this matter.

**INTERROGATORY 10.**

Describe all efforts you took to mitigate the subject loss including in your answer but not limiting it to attempts to salvage goods allegedly damaged.

**INTERROGATORY 11.**

State the basis for your allegation in paragraph thirteen (13) of the Complaint that the incident occurred because the domestic water pipe was improperly installed in an area exposed to foreseeably cold and freezing temperatures.

**INTERROGATORY 12.**

State the basis for your allegation in paragraph eighteen (18) of the Complaint that the damages sustained in this loss were the direct result of the negligence, carelessness and/or reckless conduct of the personnel and/or agents of Ferguson & Shamamian.

**INTERROGATORY 13.**

State the basis for your allegation in paragraph nineteen (19) of the Complaint that as a direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or omissions of Ferguson & Shamamian, the domestic water pipe froze and ruptured, resulting in substantial damages to the Winkelreids' real and personal property.

**INTERROGATORY 14.**

State the basis for your allegation in paragraph twenty-three (23) of the Complaint that the damages sustained in this loss were the direct result of the negligence, carelessness and/or reckless conduct of the personnel and/or agents of Marden.

**INTERROGATORY 15.**

State the basis for your allegation in paragraph twenty-four (24) of the Complaint that as a direct and proximate result of Marden's negligence, carelessness and/or negligent acts and/or omissions, the domestic water pipe froze and ruptured, resulting in substantial damages to the Winkelreids' real and personal property.

**INTERROGATORY 16.**

State the basis for your allegation in paragraph twenty-nine (29) of the Complaint that Marden breached its express and/or implied warranties that its construction work would be performed in a good, safe and workmanlike manner, free from defects and in accordance with all applicable codes and standards.

**INTERROGATORY 17.**

State the basis for your allegation in paragraph thirty (30) of the Complaint that as a direct and proximate result of Marden's breach of express and/or implied warranties, the plaintiff's insured suffered substantial water damage to their real and personal property for which Great Northern paid its insured.

6

**INTERROGATORY 18.**

If any document or other tangible thing exists that has been identified in the Document Request, but which you have withheld for any reason, including privilege, work product doctrine, or other reason, please identify each such document by listing for each its date; the author (if known); each addressee; other recipients of the document; the general subject matter of the document (in a way that will not disclose information sought to be protected); the grounds on which you are withholding it, including an explanation, if applicable, of why a privilege or other legal basis for withholding the document exists.

**INTERROGATORY 19.**

Have you personally searched or caused others to search all files, both in your own possession and in the possession of all current and former employees and others from whom you could reasonably expect would return documents to you if asked them to do so (for example, contractors, consultants, accountants, and attorneys), in order to assemble documents and other tangible things responsive to the Document Request, and included in your search all computer files, discs, e-mail records, and other sources of electronically stored data? If you have not done so, state what sources or information referenced that have not been searched and why you have not searched them.

Respectfully submitted,
FERGUSON & SHAMAMIAN
ARCHITECTS, LLP,
By its attorneys,

David J. Hatem, PC, B.B.O. #225700
Jay S. Gregory, Esquire, B.B.O. #546708
Deborah F. Schwartz, Esquire, B.B.O. #658278
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
Tel: (617)406-4500

Dated: _March 7, 2005_

7

## CERTIFICATE OF SERVICE

I, Deborah F. Schwartz, Esquire, hereby certify that on this 2nd day of March, 2005, I served the attached *First Set of Interrogatories of the Defendant, Ferguson & Shamamian Architects, LLP, to the Plaintiff, Great Northern Insurance Company* by mailing a copy thereof, postage pre-paid to:

Patrick J. Loftus, III, Esquire
Law Office of Patrick J. Loftus, III
9 Park Street, Suite 500
Boston, MA 02108
Counsel for Plaintiff

Robert M. Caplan, Esquire
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

W.B. Marden Company
2 Milk Street
Nantucket, Massachusetts 02554

Deborah F. Schwartz, Esquire

00897844

8

3/2/05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GREAT NORTHERN INSURANCE COMPANY    )
As Subrogree of Jon and Abby Winkelreid    )
200 S. 6th Street    )
Suite 1000    )
Minneapolis, Minnesota 55402-1470    )
    )    CIVIL ACTION
    Plaintiff    )    NO. 05-CV-10165-RGS
    )
v.    )
    )
FERGUSON & SHAMAMIAN ARCHITECTS, LLP    )
270 Lafayette Street    )
Suite 300    )
New York, New York 10012    )
    )
and    )
    )
W.B. MARDEN COMPANY    )
2 Milk Street    )
Nantucket, Massachusetts 02554    )
    )
    Defendants    )
    )

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OF THE DEFENDANT, FERGUSON & SHAMAMIAN ARCHITECTS, LLP, TO THE PLAINTIFF, GREAT NORTHERN INSURANCE COMPANY

Pursuant to Fed. R. Civ. P. 34, the defendant, Ferguson & Shamamian Architects, LLP,

demands that the plaintiff, Great Northern Insurance Company, produce for inspection and

copying the following documents in its possession, custody or control at the office of Donavan

Hatem, LLP, Two Seaport Lane, Boston, MA 02210:

### DEFINITIONS AND INSTRUCTIONS

The term "communication" means the transmittal of information in the form of facts,

ideas, inquiries, or otherwise.

The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

The term "concerning" means referring to, describing, evidencing, or constituting.

The term "document" is defined to be synonymous in meaning and equal in scope to the usage of that term in Rule 34(a)(1) of the Federal Rules of Civil Procedure and specifically includes, without limitation, data kept or stored in electronic and/or computerized form. A draft or non-identical copy is a separate document within the meaning of the term.

The terms "you," "Plaintiff," and/or "Great Northern" shall mean the plaintiff, Great Northern Insurance Company, and/or its agents, employees, officers and all other persons acting on its behalf.

The terms "your insureds" and/or "plaintiff's insured" shall mean Jon and Abby Winkelreid, and/or their agents, employees, officers and all other persons acting on their behalf.

The term "Ferguson & Shamamian" shall mean the defendant, Ferguson & Shamamian Architects, LLP, and/or its agents, employees, officers and all other persons acting on its behalf.

The term "Marden" shall mean the defendant, W.B. Marden Company.

The term "parties" shall mean all plaintiffs, defendants, third-party plaintiffs, and third-party defendants in this lawsuit.

The term "Project" means the planning and construction of 15 Cathcart Road, Nantucket, Massachusetts.

The term "Complaint" refers to the complaint filed by Great Northern against Ferguson & Shamamian and Marden in Massachusetts District Court, Civil Action No. 05-CV-10165-RGS.

The definitions set forth in Ferguson & Shamamian's accompanying interrogatories directed to plaintiff are incorporated herein by reference.

If you believe that any of the documents requested herein fall within the scope of any privilege or constitute work product materials, or otherwise are not within the scope of discovery permitted by Rule 26(b) of the Federal Rules of Civil Procedure, please furnish a list of all such documents which contains a complete description of each document, including the date of the document, identification of each person to whom it is addressed, identification of each person who received a copy thereof, identification of each person who prepared it, and the ground or grounds upon which it is being withheld from production.

**REQUESTS**

**REQUEST NO. 1:**

All documents concerning the incident(s) giving rise to this lawsuit or any damages sustained by you related thereto, including any demands or responses thereto.

**REQUEST NO. 2:**

All documents describing or referring to the pipe that is identified in the Complaint.

**REQUEST NO. 3:**

All documents you intend to introduce as evidence at trial.

**REQUEST NO. 4:**

The resume or curriculum vitae of each expert witness that you intend to call at the trial of this matter.

**REQUEST NO. 5:**

All documents that you have supplied or made available to each consultant and/or expert whom you have retained in this case.

**REQUEST NO. 6:**

All documents concerning any contract between your insureds and Ferguson & Shamamian as alleged in the Complaint.

**REQUEST NO. 7:**

All contracts or agreements that your insureds entered into in connection with the Project.

**REQUEST NO. 8:**

All contracts or agreements between you and your insureds involving the Project.

**REQUEST NO. 9:**

Policy no. 11574766-08 issued to the plaintiff's insureds.

**REQUEST NO. 10:**

All documents concerning communications between you and/or your insureds and

Ferguson & Shamamian concerning the allegations in the Complaint.

**REQUEST NO. 11:**

All documents concerning communications between you and/or your insureds and

Marden concerning the allegations in the Complaint.

**REQUEST NO. 12:**

All documents concerning communications between you and/or your insureds and any

contractor and/or subcontractor on the Project concerning the allegations in the Complaint.

**REQUEST NO. 13:**

All documents concerning communications between you and your insureds concerning

the allegations in the Complaint.

**REQUEST NO. 14:**

All documents identifying and substantiating the damage you contend you have suffered

as a result of the conduct of Ferguson & Shamamian.

**REQUEST NO. 15:**

All documents that you allege constitute statements by or on behalf of a party to this

action regarding the Project and/or the incident(s) that is the subject of this lawsuit.

4

**REQUEST NO. 16:**

All documents referred to in your answers to interrogatories propounded by Ferguson & Shamamian.

**REQUEST NO. 17:**

All documents showing errors and omissions by Ferguson & Shamamian for which recovery is sought.

**REQUEST NO. 18:**

All documents concerning your attempts to mitigate damages and/or to salvage the goods damaged in the incident.

**REQUEST NO. 19:**

All documents concerning your allegations in paragraph thirteen (13) of the Complaint that the incident occurred because the domestic water pipe was improperly installed in an area exposed to foreseeably cold and freezing temperatures.

**REQUEST NO. 20:**

All documents concerning your allegations in paragraph eighteen (18) of the Complaint that the damages sustained in this loss were the direct result of the negligence, carelessness and/or reckless conduct of the personnel and/or agents of Ferguson & Shamamian.

**REQUEST NO. 21:**

All documents concerning your allegations in paragraph nineteen (19) of the Complaint that as a direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or omissions of Ferguson & Shamamian, the domestic water pipe froze and ruptured, resulting in substantial damages to the Winkelreids' real and personal property.

**REQUEST NO. 22:**

All documents concerning the allegations paragraph twenty-three (23) of the Complaint that the damages sustained in this loss were the direct result of the negligence, carelessness and/or reckless conduct of the personnel and/or agents of Marden.

**REQUEST NO. 23:**

All documents concerning the allegations in paragraph twenty-four (24) of the Complaint that as a direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or omissions of Marden, the domestic water pipe froze and ruptured, resulting in substantial damages to the Winkelreids' real and personal property.

**REQUEST NO. 24:**

All documents concerning the allegations in paragraph twenty-nine (29) of the Complaint that Marden breached its expressed and/or implied warranties that its construction work would be performed in a good, safe and workmanlike manner, free from defects and in accordance with all applicable codes and standards.

**REQUEST NO. 25:**

All documents concerning the allegation in paragraph thirty (30) of the Complaint that as a direct and proximate result of Marden's breach of express and/or implied warranties, plaintiff's insured suffered substantial water damage to their real and personal property for which Great Northern paid its insured.

**REQUEST NO. 26:**

All documents related to this lawsuit relied on, given to or generated by any expert you intend to call as a witness at trial.

6

**REQUEST NO. 27:**

     The internal files of the adjuster and firm that adjusted your insureds' loss.

                      Respectfully submitted,
                      FERGUSON & SHAMAMIAN
                      ARCHITECTS, LLP,
                      By its attorneys,

                      David J. Hatem, PC, B.B.O. #225700
                      Jay S. Gregory, Esquire, B.B.O. #546708
                      Deborah F. Schwartz, Esquire, B.B.O. #658278
                      DONOVAN HATEM LLP
                      Two Seaport Lane
                      Boston, MA 02210
                      Tel: (617)406-4500

Dated: March 2, 2005
00897873

7

## CERTIFICATE OF SERVICE

I, Deborah F. Schwartz, Esquire, hereby certify that on this 2nd day of March, 2005, I served the attached *First Request for Production of Documents of the Defendant, Ferguson & Shamamian Architects, LLP, to the Plaintiff, Great Northern Insurance Company* by mailing a copy thereof, postage pre-paid to:

Patrick J. Loftus, III, Esquire
Law Office of Patrick J. Loftus, III
9 Park Street, Suite 500
Boston, MA 02108
Counsel for Plaintiff

Robert M. Caplan, Esquire
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

W.B. Marden Company
2 Milk Street
Nantucket, Massachusetts 02554

Deborah F. Schwartz, Esquire

00897873

8

```
                        ******************************
                        ***   MULTI TX/RX REPORT   ***
                        ******************************

    TX/RX NO              2232
    PGS.                    2
    TX/RX INCOMPLETE      -----
    TRANSACTION OK        (1)   440#2500#1938#12157012491#
                          (2)   440#2500#1938#16175422241#
                          (3)   440#2500#1938#16172489752#
    ERROR INFORMATION    -----
```

# DONOVAN | HATEM LLP
*counselors at law*

## FACSIMILE TRANSMITTAL

Date:  July 18, 2005

Case/Matter:  2500.1938

Attorney No:  440

| To: | Facsimile Number: | Telephone Number: |
|---|---|---|
| Robert M. Caplan, Esq. | 215-701-2491 | |
| Cozen and O'Connor | | |
| Kathleen Brink, Esq. | 617-542-2241 | |
| Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C. | | |
| Patrick J. Loftus, III, Esq. | 617-248-9752 | |
| Law Office of Patrick J. Loftus, III, Esq. | | |

From:  D. Schwartz

Number of Pages (including cover):  2

Message:

00932188

**DONOVAN | HATEM LLP**

*counselors at law*

# FACSIMILE TRANSMITTAL

Date:  July 18, 2005 _____

Case/Matter: _____ 2500.1938

Attorney No: _____ 440

To:                    Facsimile Number:           Telephone Number:

 Robert M. Caplan, Esq. ____       215-701-2491 _____       _____

  Cozen and O'Connor _____

_____       _____       _____

  Kathleen Brink, Esq. _____       617-542-2241

 Mintz, Levin, Cohn, Ferris, Glovsky
 and Popeo P.C. _____       _____       _____

_____

                              617-248-
 Patrick J. Loftus, III, Esq. ____   9752 _____       _____

  Law Office of Patrick J. Loftus,
  III, Esq. _____

From:  D. Schwartz _____       Number of Pages (including cover): _____ 2

Message:

00932188

If you experience any problems with this transmission or do not receive all pages, please call 617-406-4545.

This facsimile is attorney-client privileged and contains confidential information intended only for the person(s) named above. Any other distribution, copying, or disclosure is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the original to us by mail without making a copy.

Operator:_____

World Trade Center East | 617 406 4500  main
Two Seaport Lane | 617 406 4501  fax
Boston, MA 02210 | www.donovanhatem.com

**DONOVAN | HATEM LLP**
*counselors at law*

Deborah F. Schwartz
617 406 4577 direct
dschwartz@donovanhatem.com

July 18, 2005

VIA FACSIMILE
Robert M. Caplan, Esquire
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

RE:    **Great Northern Insurance Company v. Ferguson & Shamamian**
       **Architects, LLP and W.B. Marden Company**
       **Civil Action No. 05-CV-10165-RGS**
       **DH File No:    2500.1938**

Dear Rob:

This letter is to follow up on the telephone conversation we had on Wednesday, July 13, 2005, regarding the plaintiff's responses to Ferguson & Shamamian's interrogatories and request for production of documents. Pursuant to the Joint Scheduling Conference Statement, discovery responses were due on June 30, 2005. To date, however, you have failed to provide your client's responses. Please provide the responses immediately as they are overdue.

In addition, you stated that you retained Tom Eager of MIT as your metallurgical expert, even though we had agreed months ago to use him as our independent metallurgist. You also stated that Mr. Eager had taken photographs and done other things with the pipe. Please produce the photographs and documents immediately and explain what Mr. Eager has done.

Thank you for your attention to this matter.

Very truly yours,

Deborah Schwartz

cc:    Jay S. Gregory, Esq.
       Kathleen Brink, Esq.
       Patrick J. Loftus, III, Esq.
00931464

```
                        ******************************
                        ***   MULTI TX/RX REPORT   ***
                        ******************************

   TX/RX NO          2564
   PGS.                2
   TX/RX INCOMPLETE    -----
   TRANSACTION OK     (1)    440#2500#1938#12157012491#
                      (2)    440#2500#1938#16175422241#
                      (3)    440#2500#1938#16172489752#
   ERROR INFORMATION  -----
```

# DONOVAN | HATEM LLP
### counselors at law



## FACSIMILE TRANSMITTAL

Date:  August 3, 2005                          Case/Matter:        2500.1938

                                               Attorney No:         440

To:                            Facsimile Number:  ·     Telephone Number:

  Robert M. Caplan, Esq.         215-701-2491
    Cozen and O'Connor


    Kathleen Brink, Esq.         617-542-2241

  Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo P.C.


                                 617-248
  Patrick J. Loftus, III, Esq.   9752

    Law Office of Patrick J. Loftus,
    III, Esq


From:   D. Schwartz               Number of Pages (including cover):     2

Message:


00935951

# DONOVAN | HATEM LLP
### *counselors at law*

## FACSIMILE TRANSMITTAL

Date:  August 3, 2005

Case/Matter:  2500.1938

Attorney No:  440

| To: | Facsimile Number: | Telephone Number: |
|---|---|---|
| Robert M. Caplan, Esq. | 215-701-2491 | |
| Cozen and O'Connor | | |
| Kathleen Brink, Esq. | 617-542-2241 | |
| Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C. | | |
| Patrick J. Loftus, III, Esq. | 617-248 9752 | |
| Law Office of Patrick J. Loftus, III, Esq. | | |

From:  D. Schwartz

Number of Pages (including cover):  2

Message:

00935951

If you experience any problems with this transmission or do not receive all pages, please call 617-406-4545.

This facsimile is attorney-client privileged and contains confidential information intended only for the person(s) named above.  Any other distribution, copying, or disclosure is strictly prohibited.  If you have received this facsimile in error, please notify us immediately by telephone and return the original to us by mail without making a copy.

Operator:_____

World Trade Center East
Two Seaport Lane
Boston, MA 02210

617 406 4500  main
617 406 4501  fax
www.donovanhatem.com

**DONOVAN | HATEM LLP**

*counselors at law*

Deborah F. Schwartz
617 406 4577  direct
dschwartz@donovanhatem.com

August 3, 2005

<u>VIA FACSIMILE</u>
Robert M. Caplan, Esquire
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

RE:    **Great Northern Insurance Company v. Ferguson & Shamamian**
       **Architects, LLP and W.B. Marden Company**
       **Civil Action No. 05-CV-10165-RGS**
       <u>**DH File No:    2500.1938**</u>

Dear Rob:

This letter is to follow up on the plaintiff's failure to provide responses to Ferguson & Shamamian's interrogatories and request for production of documents. Pursuant to the Joint Scheduling Conference Statement, discovery responses were due on June 30, 2005. On July 13, 2005, you stated that you would provide the plaintiff's responses shortly. To date, however, you have failed to provide the plaintiff's responses.

Please provide the plaintiff's responses immediately as they are over 30 days overdue. If we do not receive the plaintiff's responses by August 10, 2005, we will file a motion with the court to compel the responses.

Thank you for your attention to this matter.

Very truly yours,

Deborah Schwartz

cc:    Jay S. Gregory, Esq.
       Kathleen Brink, Esq.
       Patrick J. Loftus, III, Esq.
00935903