UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY )<br>As Subrogree of Jon and Abby Winkelreid )<br>200 S. 6th Street )<br>Suite 1000 )<br>Minneapolis, Minnesota 55402-1470 )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>FERGUSON & SHAMAMIAN ARCHITECTS, LLP )<br>270 Lafayette Street )<br>Suite 300 )<br>New York, New York 10012 )<br>)<br>and )<br>)<br>W.B. MARDEN COMPANY )<br>2 Milk Street )<br>Nantucket, Massachusetts 02554 )<br>)<br>    Defendants ) | CIVIL ACTION<br>NO. 05-CV-10165-RGS<br><br><br>JURY DEMAND |

### THIRD-PARTY COMPLAINT AND JURY DEMAND OF FERGUSON & SHAMAMIAN ARCHITECTS, LLP

Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, the defendant and third-party plaintiff, Ferguson & Shamamian Architects, LLP ("Ferguson & Shamamian"), hereby asserts the following claims against the third-party defendant, Thirty Acre Wood LLC ("Thirty Acre Wood").

### PARTIES

1.  Ferguson & Shamamian is an architecture firm with its principal place of business located at 270 Lafayette Street, Suite 300, New York, New York.

2.      Thirty Acre Wood is a construction company with its principal place of business located at 43 Nobadeer Farm Road, Nantucket, Massachusetts 02554.

## FACTS

3.      This matter arises from the construction of a new residence for Jon and Abby Winkelreid, located at 15 Cathcart Road, Nantucket, Massachusetts (the "Project").

4.      Ferguson & Shamamian provided architectural services in connection with the design and construction of the Project.

5.      Thirty Acre Wood was the general contractor on the Project and agreed to build the main house and other areas of the Project.

6.      Prior to January 19, 2004, Thirty Acre Wood shut down the water to the house and drained the domestic water system.

7.      Thirty Acre Wood turned off the humidifier, but failed to turn off the water supply to the humidifier above Bedroom #2.

8.      Thirty Acre Wood failed to supervise the construction sufficiently to ensure that all piping and roof insulation was installed properly.

9.      Thirty Acre Wood or its subcontractor failed to properly label the valves for the piping.

10.     Thirty Acre Wood or its subcontractor failed to properly install insulation around all piping.

11.     Thirty Acre Wood LLC or its subcontractor failed to install key water detection devices per the contract documents.

12.     On or about January 19, 2004, cold air became introduced into the attic space below the roof as a result of construction defects attributed to Thirty Acre Wood. As a result, a water pipe at the Project froze and burst.

13. The pipe burst as a result of Thirty Acre Wood LLC's defective work and failure to comply with the requirements of the construction documents for the Project.

14. The plaintiff, Great Northern Insurance Company, subrogree of Jon and Abby Winkelreid, commenced this action against Ferguson & Shamamian and W.B. Marden Company, alleging that its insureds suffered damages as a result of the January 19, 2004 pipe burst.

## COUNT I
### (Contribution)

15. Ferguson & Shamamian repeats and re-alleges the allegations contained in paragraphs 1 through 14 of this third-party complaint as if fully set forth herein.

16. If Ferguson & Shamamian is found liable to the plaintiff, which liability Ferguson & Shamamian expressly denies, then the plaintiff's damages were caused in whole or in part by Thirty Acre Wood's negligent acts and/or omissions for which Ferguson & Shamamian is not responsible.

17. If Ferguson & Shamamian is found liable to the plaintiff, which liability Ferguson & Shamamian expressly denies, and is obligated to pay the plaintiff an amount in excess of its fair contribution based upon its portion of relative fault as between Ferguson & Shamamian and Thirty Acre Wood, then Ferguson & Shamamian is entitled to judgment against Thirty Acre Wood for Thirty Acre Wood's share of that excess payment, together with Ferguson & Shamamian's costs of suit incurred.

WHEREFORE, Ferguson & Shamamian demands judgment against Thirty Acre Wood for Thirty Acre Wood's share of that excess payment, together with Ferguson & Shamamian's costs of suit incurred, and such other relief as this Court deems just.

## COUNT II
### (Contractual Indemnification)

18.     Ferguson & Shamamian repeats and re-alleges the allegations contained in paragraphs 1 through 17 of this third-party complaint as if fully set forth herein.

19.     Pursuant to the terms of Thirty Acre Wood's contract for the Project, Thirty Acre Wood must indemnify and hold Ferguson & Shamamian harmless from liability of any nature arising out of Thirty Acre Wood's services on the Project.

20.     If Ferguson & Shamamian is found to be liable to the plaintiff, which liability Ferguson & Shamamian expressly denies, Ferguson & Shamamian is entitled to contractual indemnification from Thirty Acre Wood.

WHEREFORE, Ferguson & Shamamian demands full indemnification from Thirty Acre Wood, together with Ferguson & Shamamian's costs of suit incurred, and such other relief as this Court deems just.

## COUNT III
### (Common Law Indemnification)

21.     Ferguson & Shamamian repeats and re-alleges the allegations contained in paragraphs 1 through 20 of this third-party complaint as if fully set forth herein.

22.     If the plaintiff has suffered any damages, which Ferguson & Shamamian expressly denies, any such damages are a result of Thirty Acre Wood's conduct or that of its agents.

23.     If Ferguson & Shamamian is found to be liable to the plaintiff, which liability Ferguson & Shamamian expressly denies, then the negligent conduct of Thirty Acre Wood was the sole and proximate cause of the damages.  Therefore, any liability of Ferguson & Shamamian is derivative and imposed solely by reason of the conduct of Thirty Acre Wood or that of its agents.

24. If Ferguson & Shamamian is found to be liable to the plaintiff, which liability Ferguson & Shamamian expressly denies, Ferguson & Shamamian is entitled to indemnification from Thirty Acre Wood.

WHEREFORE, Ferguson & Shamamian demands full indemnification from Thirty Acre Wood, together with Ferguson & Shamamian's costs of suit incurred, and such other relief as this Court deems just.

### JURY CLAIM

Ferguson & Shamamian hereby demands a trial by jury to the fullest extent permitted by law.

Respectfully submitted,
FERGUSON & SHAMAMIAN
ARCHITECTS, LLP,
By its attorneys,

_____
David J. Hatem, PC, B.B.O. #225700
Jay S. Gregory, Esquire, B.B.O. #546708
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
Tel: (617)406-4500

Dated: Sept. 1, 2005

5

## CERTIFICATE OF SERVICE

I, Deborah F. Schwartz, Esquire, hereby certify that on this 1st day of September, 2005, I served the attached *Third-Party Complaint and Jury Demand of Ferguson & Shamamian Architects, LLP* by mailing a copy thereof, postage pre-paid to:

Patrick J. Loftus, III, Esquire
Law Office of Patrick J. Loftus, III
9 Park Street, Suite 500
Boston, MA 02108
Counsel for Plaintiff

Robert M. Caplan, Esquire
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

Kathleen Brink
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111

Thirty Acre Wood LLC
43 Nobadeer Farm Road
Nantucket, MA 02554

_____
Deborah F. Schwartz, Esquire

00932951