## UNITED STATES DISTRICT COURT
## DISTRICT COURT MASSACHUSETTS

### CIVIL ACTION NUMBER:  1:05-CV-10165-RGS

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| FERGUSON & SHAMANIAN ARCHITECTS, LLP | ) |
| et al | ) |
| | ) |
| Defendant | ) |

## MOTION OF THE DEFENDANT, W.B. MARDEN COMPANY, FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT

The defendant and third-party plaintiff, W.B. Marden Company ("W.B. Marden"), respectfully moves this Court grant it leave to file and serve a third-party complaint against Ellis & Schneider. A copy of the proposed third-party complaint is attached hereto as Exhibit "A".

In support of this motion, W.B. Marden states as follows:

1.  This matter arises from the construction of a new residence for Jon and Abby Winkelreid, located at 15 Cathcart Road, Nantucket, Massachusetts (the "Project").

2.  Prior to January 19, 2004, the water to the house and drained the domestic water system. Subequent to the draining of the system, but prior to the incident, Ellis and Schneider turned on the humidifier water system. At the completion of their work, Ellis and Schneider failed to turn off the water supply to the humidifier.

3.  On or about January 19, 2004, cold air became introduced into the attic space below the roof as a result of design and construction defects. As a result, a water pipe at the Project froze and burst.

4.  The plaintiff, Great Northern Insurance Company, subrogee of Jon and Abby Winkelreid, has alleged that the roof and pipe insulation failed to meet the drain pipes and was insufficient for the weather.

5.  The plaintiff filed a complaint against W.B. Marden Company and Ferguson & Shamanian, the architect, alleging that its insureds suffered damages as a result of the January 19, 2004 pipe burst. W.B. Marden has denied all of the material allegations in the complaint.

6.  Ellis and Schneider failed to drain the water system after performing work on the humidifying system, and failed to notify W.B. Marden that the system was no longer drained.

7.    The plaintiff alleges that the pipe froze and burst as a result of the negligence of
      W.B.Marden, which liability W.B. Marden expressly denies, then Ellis and Schneider is
      liable to W.B. Marden for contribution and/or indemnification.

8.    There will be no prejudice to the plaintiff or any other party if this Court allows this
      motion. Discovery has just started, no depositions have been taken yet, and another third
      party plaintiff is being added by the Co-Defendant, Ferguson & Shamamian.

9.    W.B. Marden requests that this Court should allow this motion so that W.B. Marden can
      bring this action, rather than a separate action, against those who may be liable for all or
      part of the plaintiff's claims against W.B. Marden.

      WHEREFORE, W.B. Marden respectfully moves that this Court grant it leave to file the
      attached third party complaint, and for such additional relief as this Court deems just.


                        DEFENDANT,
                        W. B. MARDEN COMPANY,
                        By its attorneys,



                        Francis J. Lynch, III, BBO 308 740
                        John T. Cleavy, BBO 636 888
                        Lynch & Lynch
                        45 Bristol Drive
                        South Easton, MA 02375
                        (508) 230-2500