UNITED STATES DISTRICT COURT
DISTRICT COURT MASSACHUSETTS

CIVIL ACTION NUMBER: 1:05-CV-10165-RGS

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| FERGUSON & SHAMANIAN ARCHITECTS, LLP | ) |
| et al | ) |
| | ) |
| Defendant | ) |

## THIRD PARTY COMPLAINT OF W.B. MARDEN COMPANY

### PARTIES

1.  W.B. Marden Company is a plumbing company with its principal place of business located at 2 Milk Street, Nantucket, Massachusetts.

2.  Ellis and Schneider are an electrical contractor with a principal place of business located at 41 Nobadeer Farm Road, Nantucket, Massachusetts.

### FACTS

3.  This matter arises from the construction of a new residence for Jon and Abby Winkelreid, located at 15 Cathcart Road, Nantucket, Massachusetts (the "Project").

4.  W.B. Marden Company provided plumbing in connection with the construction of the Project.

5.  Ellis and Schneider was the electrician on the Project.

6.  Prior to January 19, 2004, the water was shut down to the house in the area where the incident occurred and the domestic water system was drained in this location.

7.  Prior to January 19, 2004, Ellis and Schneider turned on the water to the humidifier in order to conduct electrical work.

8.  Ellis and Schneider failed to notify W.B. Marden Company that the water was turned on to the humidifier.

9.  Ellis and Schneider failed to turn off the water the humidifier and failed to drain the pipe.

10. On or about January 19, 2004, cold air became introduced into the attic space below the roof as a result of the Ellis and Schneider's failure to turn off the water or drain the pipe. As a result, the plaintiff claims a water pipe at the Project froze and burst.

11. The pipe burst as a result of the defective work and negligence of Ellis and Schneider.

12. The plaintiff, Great Northern Insurance Company, subrogee of Jon and Abby Winkelreid, commenced this action against Ferguson & Shamanian and W.B. Marden Company, alleging that its insureds suffered damages as a result of the January 19, 2004 pipe burst.

### COUNT I
### (Contribution as to Ellis and Schneider)

13. W.B. Marden Company repeats and re-alleges the allegations contained in paragraphs 1 through 12 of this third-party complaint as if fully set forth herein.

14. If W.B. Marden Company is found liable to the plaintiff, which liability W.B. Marden Company expressly denies, then the plaintiff's damages were caused in whole or in part by Ellis and Schneider's negligent acts and/or omissions for which W.B. Marden Company is not responsible.

15. If W.B. Marden Company is found liable to the plaintiff, which liability W.B. Marden Company expressly denies, and is obligated to pay the plaintiff an amount in excess of its fair contribution based upon its portion of relative fault as between W.B. Marden Company and Ellis and Schneider, then W.B. Marden Company is entitled to judgment against Ellis and Schneider for Ellis and Schneider's share of that judgment, together with W.B. Marden Company's cost of suit incurred.

WHEREFORE, W.B. Marden Company demands judgment against Ellis and Schneider for Ellis and Schneider's share of that excess payment, together with W.B. Marden's costs of suit incurred, and such other relief as this Court deems just.

### COUNT II
### (Common Law Indemnification-Ellis and Schneider)

16. W.B. Marden Company repeats and re-alleges the allegations contained in paragraphs 1 through 15 of this third-party complaint as if fully set forth herein.

17. If the plaintiff has suffered any damages, which W.B. Marden Company expressly denies, any such damages are a result of Ellis and Schneider's conduct or that of its agents.

18. If W.B. Marden Company is found to be liable to the plaintiff, which liability W.B. Marden Company expressly denies, then the negligent conduct of Ellis and Schneider was the sole and proximate cause of the damages. Therefore, any liability of W.B. Marden Company is derivative and imposed solely by reason of the conduct of Ellis and Schneider or that of its agents.

19. If W.B. Marden Company is found to be liable to the plaintiff, which liability W.B. Marden Company expressly denies, W.B. Marden Company is entitled to indemnification from Ellis and Schneider.

WHEREFORE, W.B. Marden Company demands full indemnification from Ellis and Schneider, together with W.B. Marden Company's costs of suit incurred, and such other relief as this Court deems just.

## JURY CLAIM

W.B. Marden Company hereby demands a trial by jury to the fullest extent permitted by law.

>	DEFENDANT,
>	W. B. MARDEN COMPANY,
>	By its attorneys,
>
>	_/s/ Francis J. Lynch, III_
>	Francis J. Lynch, III, BBO 308 740
>	John F. Gleavy, BBO 636 888
>	Lynch & Lynch
>	45 Bristol Drive
>	South Easton, MA  02375
>	(508) 230-2500

Dated: October 11, 2005