UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY )<br>As Subrogree of Jon and Abby Winkelreid )<br>200 S. 6th Street )<br>Suite 1000 )<br>Minneapolis, Minnesota 55402-1470 )<br>                                   )<br>    Plaintiff                         )<br>                                   )<br>v.                                   )<br>                                   )<br>FERGUSON & SHAMAMIAN ARCHITECTS, LLP )<br>270 Lafayette Street )<br>Suite 300 )<br>New York, New York 10012 )<br>                                   )<br>and )<br>                                   )<br>W.B. MARDEN COMPANY )<br>2 Milk Street )<br>Nantucket, Massachusetts 02554 )<br>                                   )<br>    Defendants )<br>_____)<br>                                   )<br>FERGUSON & SHAMAMIAN ARCHITECTS, LLP )<br>270 Lafayette Street )<br>Suite 300 )<br>New York, New York 10012 )<br>                                   )<br>    Third Party Plaintiff )<br>                                   )<br>v. )<br>                                   )<br>THIRTY ACRE WOOD LLC )<br>7 Thirty Acres Lane )<br>Nantucket, MA 02554 )<br>                                   )<br>    Third Party Defendant )<br>_____) | CIVIL ACTION<br>NO. 05-CV-10165-RGS |

| | |
|---|---|
| W.B. MARDEN COMPANY<br>2 Milk Street<br>Nantucket, Massachusetts 02554<br><br>    Third Party Plaintiff<br><br>v.<br><br>ELLIS AND SCHNEIDER<br>41 Nobadeer Farm Road<br>Nantucket, MA 02554<br><br>    Third Party Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## THE DEFENDANT/THIRD-PARTY PLAINTIFF FERGUSON & SHAMAMIAN ARCHITECTS, LLP'S MOTION FOR LEAVE TO FILE REPLY

The defendant/third-party plaintiff, Ferguson & Shamamian Architects, LLP ("Ferguson & Shamamian"), respectfully requests that this Court grant it leave to file the attached brief in reply to the opposition of the plaintiff, Great Northern Insurance Company, as subrogee of Jon and Abby Winkelreid (the "plaintiff"), to Ferguson & Shamamian's motion for summary judgment and for the entry of separate and final judgment. As grounds for this motion, Ferguson & Shamamian states that the reply brief, attached hereto as Exhibit A, rebuts unsupported assertions set forth by the plaintiff's opposition and will assist the Court in rendering a fair decision on Ferguson & Shamamian's motion for summary judgment and for the entry of separate and final judgment.

WHEREFORE, Ferguson & Shamamian respectfully requests that the Court GRANT it leave to file its reply brief.

Respectfully submitted,
FERGUSON & SHAMAMIAN
ARCHITECTS, LLP,
By its attorneys,

_____
David J. Hatem, PC, BBO #225700
Jay S. Gregory, BBO #546708
Deborah F. Schwartz, BBO #658278
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
Tel: (617)406-4500

Dated: November 17, 2005

## CERTIFICATE OF SERVICE

I, Deborah F. Schwartz, Esquire, hereby certify that on this 17 day of November, 2005, I served the attached *The Defendant/Third-Party Plaintiff Ferguson & Shamamian Architects, LLP's Motion For Leave To File Reply* by mailing a copy thereof, postage pre-paid to:

Patrick J. Loftus, III, Esquire
Law Office of Patrick J. Loftus, III
9 Park Street, Suite 500
Boston, MA 02108
Counsel for Plaintiff

Francis J. Lynch, Esquire
John F. Gleavy, Esquire
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375

Martin S. Cosgrove
Cosgrove, Eisenberg and Kiley, P.C.
803 Hancock Street
P.O. Box 189
Quincy, MA 02170

Robert M. Caplan, Esquire
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

Thirty Acre Wood LLC
7 Thirty Acres Lane
Nantucket, MA 02554

_____
Deborah F. Schwartz, Esquire

00959131

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY )<br>As Subrogee of Jon and Abby Winkelreid )<br>200 S. 6th Street )<br>Suite 1000 )<br>Minneapolis, Minnesota 55402-1470 )<br>  )<br>    Plaintiff )<br>  )<br>v. )<br>  )<br>FERGUSON & SHAMAMIAN ARCHITECTS, LLP )<br>270 Lafayette Street )<br>Suite 300 )<br>New York, New York 10012 )<br>  )<br>and )<br>  )<br>W.B. MARDEN COMPANY )<br>2 Milk Street )<br>Nantucket, Massachusetts 02554 )<br>  )<br>    Defendants )<br>──────────────────────────── )<br>FERGUSON & SHAMAMIAN ARCHITECTS, LLP )<br>270 Lafayette Street )<br>Suite 300 )<br>New York, New York 10012 )<br>  )<br>    Third Party Plaintiff )<br>  )<br>v. )<br>  )<br>THIRTY ACRE WOOD LLC )<br>7 Thirty Acres Lane )<br>Nantucket, MA 02554 )<br>  )<br>    Third Party Defendant )<br>──────────────────────────── )<br>  )<br>  ) | CIVIL ACTION<br>NO. 05-CV-10165-RGS |

| | |
|---|---|
| W.B. MARDEN COMPANY<br>2 Milk Street<br>Nantucket, Massachusetts 02554<br><br>    Third Party Plaintiff<br><br>v.<br><br>ELLIS AND SCHNEIDER<br>41 Nobadeer Farm Road<br>Nantucket, MA 02554<br><br>    Third Party Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## THE DEFENDANT/THIRD-PARTY PLAINTIFF FERGUSON & SHAMAMIAN ARCHITECTS, LLP'S REPLY BRIEF

The defendant/third-party plaintiff, Ferguson & Shamamian Architects, LLP ("Ferguson & Shamamian"), respectfully submits this reply brief in further support of its motion for summary judgment and for entry of separate and final judgment.

### INTRODUCTION

This matter arises from the design and construction of a new residence for Jon and Abby Winkelreid, located at 15 Cathcart Road, Nantucket, Massachusetts (the "Project"). The plaintiff, Great Northern Insurance Company (the "plaintiff"), claims that an interior water pipe froze, burst and caused water damage to its insureds, the Winkelreids, as a result of the defendants' negligence. The plaintiff filed this action against Ferguson & Shamamian and Thirty Acre Wood LLC ("Thirty Acre") for negligence and W.B. Marden Company ("W.B. Marden") for negligence and breach of warranty.

On October 28, 2005, Ferguson & Shamamian filed a motion for summary judgment and for the entry of separate and final judgment. On November 4, 2005, the plaintiff filed an

2

opposition to Ferguson & Shamamian's motion for summary judgment and for the entry of separate and final judgment.

For the reasons discussed in detail below, the plaintiff's opposition to Ferguson & Shamamian's motion fails to adequately support its position that there are genuine issues of material fact and that summary judgment is inappropriate. Accordingly, the plaintiff's claims against Ferguson & Shamamian should be dismissed and the Court should enter separate and final judgment in Ferguson & Shamamian's favor.

## ARGUMENT

A.  **THE PLAINTIFF FAILS TO PROVIDE ANY SUPPORT FOR ITS OPPOSITION TO SUMMARY JUDGMENT BASED ON THE TERMS OF THE NOTICE PROVISION**

The plaintiff fails to provide any support for its opposition to Ferguson & Shamamian's motion for summary judgment based on the terms of the notice provision in the March 30, 1999 contract between Ferguson & Shamamian and the Winkelreids (the "contract"). The plaintiff cites no case law or statute for its proposition that the 30-day notice provision in the contract is only applicable to claims brought while Ferguson & Shamamian is still performing services under the contract. The plaintiff also fails to explain why the notice provision would be inapplicable. The notice provision, section 12.13 of the contract, entitled "Notice of Claims," states:

> "Each party hereto must notify the other, in writing, of the substance of any claim against the other within 30 days after such claim has arisen. In the event such notice of claim is not given, such claim shall be deemed waived by the owner of such claim."

This provision does not state that the notice requirement is only applicable while Ferguson & Shamamian is performing services under the contract. Rather, the plain meaning of the terms in this provision state that written notice must be provided within 30 days of a claim arising. *See*

3

*Freelander v. G. & K. Realty Corp.*, 357 Mass. 512, 515-16 (1970) (stating that where the language of a contract is unambiguous, the court must enforce the contract in accordance with the plain meaning of its terms). Accordingly, the plaintiff's opposition based on the terms of the notice provision in the contract fails and this Court should grant Ferguson & Shamamian's motion for summary judgment and for entry of separate and final judgment.

**B.    THE PLAINTIFF FAILS TO PROVIDE ANY SUPPORT FOR ITS OPPOSITION TO SUMMARY JUDGMENT BASED ON PROVIDING NOTICE TO FERGUSON & SHAMAMIAN**

In its opposition, the plaintiff argues that the notice provision is of no import given that Ferguson & Shamamian received actual notice of the incident within 30 days of the claim arising from the Winkelreids' agent, Mr. Trebby. This argument lacks merit. The plaintiff cites no case law or statute for this proposition. The plaintiff's sole argument, without any legal support, is that it would be inequitable to deny the plaintiff's claims because the plaintiff or its insured did not provide notice under the terms of the contract.

The case law in Massachusetts is clear that the plaintiff's claims against Ferguson & Shamamian are barred because the plaintiff failed to provide the contractually-required written notice. In *Pennsylvania Iron Works Co. v. Hygeian Ice and Cold Storage Co.*, 185 Mass. 366 (1903), the Court found that "[i]f the defendant was dissatisfied with the apparatus, it was bound, under the contract, to notify the plaintiff within a month after the delivery and request its removal . . . [but] [t]here was nothing to show that [the defendant] did so, or that those provisions of the contract were waived by the plaintiff, or that anything occurred to excuse the defendant from complying with them. *Id.* at 371. The Court understood that the defendant had "expressed dissatisfaction [with the apparatus], and that efforts were made to improve the apparatus . . . but [the Court found that] this fell far short of the notice and request required by

4

the contract, or of establishing a waiver on the part of the plaintiff, or of furnishing a valid excuse on the part of the defendant for not complying with the provisions of the contract." *Id.*

In this case, the contract explicitly required the plaintiff to provide written notice to Ferguson & Shamamian within 30 days of a claim arising, but the plaintiff failed to do so. There is no evidence that Ferguson & Shamamian waived the notice provision of the contract, or that anything occurred to excuse the plaintiff from complying with the notice provision. In fact, Article 9.6 of the contract states that the contract "may be amended only by written instrument signed by both Owner and Architect." Ferguson & Shamamian never signed a written instrument waiving the notice provision or excusing the plaintiff from complying with this provision. The fact that Ferguson & Shamamian was orally told of the pipe burst and that Ferguson & Shamamian investigated the burst does not: (1) satisfy the written notice requirement of the contract; (2) establish a waiver by Ferguson & Shamamian; or (3) furnish a valid excuse for the plaintiff not complying with the provisions of the contract. Accordingly, the plaintiff's equity argument fails and this Court should grant Ferguson & Shamamian's motion for summary judgment and for entry of separate and final judgment.

C. **THE PLAINTIFF INCORRECTLY ALLEGES WHEN ITS CAUSE OF ACTION AROSE**

The plaintiff incorrectly alleges that it provided written notice of its claims to Ferguson & Shamamian within 30 days of the cause of action arising. Under the Massachusetts discovery rule, a cause of action accrues when "an event or events have occurred that were reasonably likely to put the plaintiff on notice that someone may have caused her injury." *See Bowen v. Eli Lilly & Co.*, 408 Mass. 204, 557 N.E.2d 739, 741 (Mass. 1990). In other words, a cause of action accrues at the point at which a reasonably prudent person in the plaintiff's position, "reacting to any suspicious circumstances of which he might have been aware," would have

discovered that another party might be liable for her injury. *Malapanis v. Shirazi*, 21 Mass. App. Ct. 378, 487 N.E.2d 533, 537 (Mass. App. Ct. 1986). The plaintiff must be put on notice such that it has a "duty to discover from the legal, scientific, and medical communities whether the theory of causation is supportable and whether it supports a legal claim." *Fidler v. Eastman Kodak Co.*, 714 F.2d 192, 199 (1983).

In this case, the claim arose on or about January 18, 2004, the date the pipe burst, because the pipe burst was reasonably likely to put the plaintiff's insureds, the Winkelreids, on notice that someone may have caused them injury. The plaintiff then had a duty to investigate, but ignored their duty to investigate the relationship between the pipe burst and their injuries until two weeks after the incident and failed to send a notice of claim to Ferguson & Shamamian until six weeks after the incident. As a result of the plaintiff's failure to timely investigate, the plaintiff's claim is barred by the 30-day notice provision of the contract and this Court should grant Ferguson & Shamamian's motion for summary judgment and for entry of separate and final judgment.

### D.   SUMMARY JUDGMENT IS PROCEDURALLY PROPER AT THIS TIME

Summary judgment is procedurally proper at this time. Ferguson & Shamamian's motion for summary judgment and for entry of separate and final judgment is based on the terms of the contract. No discovery is needed to interpret the unambiguous language of the notice provision in the contract. *See Freelander v. G. & K. Realty Corp.*, 357 Mass. 512, 515-16 (1970) (stating that where the language of a contract is unambiguous, the court must enforce the contract in accordance with the plain meaning of its terms). No discovery is needed to determine how Mr. Trebby allegedly put Ferguson & Shamamian on notice of the claim because there is no evidence that such notice was written or that Mr. Trebby was the plaintiff's agent. In addition, no discovery is needed to know when the claim arose because the plaintiff's insured was aware of

the injury on the date the pipe burst. Accordingly, summary judgment is procedurally proper at this time and this Court should grant Ferguson & Shamamian's motion for summary judgment and for entry of separate and final judgment.

## CONCLUSION

For the foregoing reasons, Ferguson & Shamamian respectfully requests that this Court grant its motion for summary judgment. Ferguson & Shamamian also respectfully requests that, as there is no just cause for delay, this Court direct the clerk to enter separate and final judgment in Ferguson & Shamamian's favor.

Respectfully submitted,
FERGUSON & SHAMAMIAN
ARCHITECTS, LLP,
By its attorneys,

_____
David J. Hatem, PC, BBO #225700
Jay S. Gregory, BBO #546708
Deborah F. Schwartz, BBO #658278
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
Tel: (617)406-4500

Dated: November 17, 2005

## CERTIFICATE OF SERVICE

I, Deborah F. Schwartz, Esquire, hereby certify that on this 17 day of November, 2005, I served the attached *The Defendant/Third-Party Plaintiff Ferguson & Shamamian Architects, LLP's Reply Brief* by mailing a copy thereof, postage pre-paid to:

Patrick J. Loftus, III, Esquire
Law Office of Patrick J. Loftus, III
9 Park Street, Suite 500
Boston, MA 02108
Counsel for Plaintiff

Francis J. Lynch, Esquire
John F. Gleavy, Esquire
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375

Martin S. Cosgrove
Cosgrove, Eisenberg and Kiley, P.C.
803 Hancock Street
P.O. Box 189
Qincy, MA 02170

Robert M. Caplan, Esquire
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

Thirty Acre Wood LLC
7 Thirty Acres Lane
Nantucket, MA 02554

_____
Deborah F. Schwartz, Esquire

00959181