UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10165-RGS

GREAT NORTHERN INSURANCE COMPANY

v.

FERGUSON & SHAMAMIAN ARCHITECTS, LLP and
W.B. MARDEN COMPANY

v.

THIRTY ACRE WOOD, LLC

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

January 19, 2006

STEARNS, D.J.

On January 27, 2005, Great Northern Insurance Company (Great Northern) filed this Complaint, as the subrogee of its insureds, Jon and Abby Winkelreid, against the architects who designed the Winkelreid's Nantucket home, Ferguson & Shamamian Architects, LLP (FSA), and a plumbing subcontractor, W.B. Marden Company (Marden). On January 19, 2004, a water pipe installed by Marden in an unheated chimney chase froze and burst, causing over $800,000 of damage. FSA has since brought a third-party claim against the builder, Thirty Acre Wood, LLC (Thirty Acre), which commissioned Marden to do the plumbing work. On October 28, 2005, FSA moved for summary

judgment, arguing that the Winkelreids forfeited any claim against it by failing to report the incident to FSA in writing within thirty days of the occurrence.[1]

The facts are not in dispute. FSA's March 30, 1999 contract required "each party . . . [to] notify the other, in writing, of the substance of any claim against the other within 30 days after such claim has arisen. . . . [or the claim] shall be deemed waived." Contract, ¶ 12.13. The pipe burst on January 19, 2004. A caretaker employed by the Winkelreids discovered the damage and immediately notified the absent Winkelreids and John Trebly, an employee of Thirty Acre. Trebly in turn alerted Marden and FSA. By the end of January, FSA had engaged Consulting Engineering Services, Inc. (CES) to investigate the incident.[2] On February 16, 2004, CES gave FSA a detailed report of the results of its inspection of the damage to the property.

On February 2, 2004, an engineer hired by the Winkelreids identified the improper routing of the pipe in an uninsulated space as the cause of the burst. It also determined that the pipe was not installed in accordance with building codes. On March 1, 2004, the Winkelreids' attorney wrote to FSA notifying it of the damages caused by the bursting pipe.

FSA argues that it is entitled to judgment as a matter of law because it did not receive <u>written</u> notice of the incident until ten days after the thirty day notice period stipulated in the contract expired. Great Northern, standing in the Winkelreids' shoes, argues that it would be inequitable to allow FSA to escape liability on a technicality when

---

[1] FSA also argues for an entry of separate and final judgment under Fed. R. Civ. P. 54(b).

[2] CES inspected the damage in February and again in March.

FSA had actual notice of the incident immediately after its occurrence and had the opportunity to inspect the property (which it did through its agent) before the thirty day notice period had expired.  Great Northern also argues that the Winkelreids' March 1, 2004 written notice to FSA was not untimely because the Winkelreids did not discover their claim against FSA until the engineer reported after the February 2, 2004 investigation that the burst pipe was not installed in accordance with building code specifications.

FSA's arguments put form over substance.  "[T]here comes a point at which slavish insistence upon process for its own sake serves only to exalt the trappings of justice over its substance."  Smith v. F.W. Morse & Co., Inc., 76 F.3d 413 (1st Cir. 1996).  The notice provision in FSA's contract was intended to give FSA the opportunity to investigate a claim in a timely manner.  FSA had actual notice of the claim within hours of the incident and inspected the property immediately thereafter (before the Winkelreids were able to commission their own investigation). Consequently, FSA's motion for summary judgment should and will be DENIED.

                                       SO ORDERED.

                                       /s/ Richard G. Stearns

                                       _____
                                       UNITED STATES DISTRICT JUDGE