UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV10165-RGS

GREAT NORTHERN INSURANCE COMPANY,
As Subrogee of Jon and Abby Winkelreid
    Plaintiff(s)

VS.

FERGUSON & SHAMAMIAN ARCHITECTS, LLP
and W.B. MARDEN COMPANY
    Defendant(s) and Third Party Plaintiff(s)

VS.

THIRTY ACRE WOOD, LLC and
ELLIS AND SCHNEIDER
    Third Party Defendant(s)

## MOTION OF THE THIRD PARTY DEFENDANT, THIRTY ACRE WOOD, LLC, FOR LEAVE TO FILE FOURTH PARTY COMPLAINT

    Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, the Third Party Defendant and Fourth Party Plaintiff, Thirty Acre Wood, LLC ("Thirty Acre") respectfully moves that this Court grant it leave to file and serve a Fourth Party Complaint against Consulting Engineering Services, LLC ("CES"). A copy of the proposed Fourth Party Complaint is attached hereto as Exhibit "A".

    In support of this motion, Thirty Acre states as follows:

1.     This matter arises from the construction of a new residence for the Plaintiff's insured, Jon and Abby Winkelreid, located at 15 Cathcart Road, Nantucket, Massachusetts ("Project"). The Winkelreids retained Ferguson & Shamamian Architects, LLP ("Ferguson") to provide architectural services in connection with the Project. The Winkelreids and/or Ferguson retained CES to provide engineering and consulting services in connection with the Project. The Winkelreids retained Thirty Acre as the general contractor on the Project.

2.     CES and/or Ferguson were responsible for all designs and plans concerning plumbing, heating and other mechanical systems at the Project.

3.     A humidification system was installed in the Project pursuant to plans and specifications drawn by and/or approved by CES and/or Ferguson.

4.  On or about January 19, 2004 a water pipe at the Project froze and burst. Said water pipe was installed as part of the humidification system at the Project, pursuant to the plans, recommendations and/or directions of CES and/or Ferguson.

5.  The plans, specifications, recommendations and/or directions of CES and/or Ferguson regarding the humidification system and the piping relative thereto were defective and not in accordance with industry standards.

6.  The Plaintiff, Great Northern Insurance Company, Subrogee of Jon and Abby Winkelreid ("Great Northern"), filed a Complaint against Ferguson and the plumbing sub-contractor, W. B. Marden ("Marden"), alleging that its insureds suffered damages as a result of the January 19, 2004 pipe break.

7.  Ferguson brought a Third Party Complaint against Thirty Acre alleging that the loss was caused by Thirty Acre's negligence. Ferguson seeks contribution, contractual indemnification and/or common law indemnification from Thirty Acre.

8.  Plaintiff filed a Rule 14(a) Complaint against Thirty Acre, alleging that Thirty Acre is directly responsible for the loss and is directly responsible to the Plaintiff.

9.  If Ferguson proves that the pipe burst as the result of the negligence of Thirty Acre, which liability Thirty Acre expressly denies, CES may be liable to Thirty Acre for contribution and/or indemnification.

10. If Ferguson proves that Thirty Acre is liable to Ferguson for contribution and/or indemnification, which liability Thirty Acre expressly denies, CES may be liable to Thirty Acre for contribution and/or indemnification.

11. If facts are proven which would make Thirty Acre vicarioulsy liable to any party, which liability Thirty Acre expressly denies, CES may be liable to Thirty Acre for contribution and/or indemnification.

For all the foregoing reasons, the Third Party Defendant/Fourth Party Plaintiff, Thirty Acre Wood, LLC asks that this Court grant it leave to file a Fourth Party Complaint against Consulting Engineering Services, LLC.

**REQUEST FOR HEARING**

The third-part defendant,Thirty Acre, respectfully requests that this Court grant a hearing on the instant motion.

        Thirty Acre Wood, LLC
        By its Attorney,

        /s/   Frank S. Puccio, Jr.
        FRANK S. PUCCIO, JR./BBO# 407580
        Burns & Farrey
        446 Main Street, 22nd Floor
        Worcester, Massachusetts 01608
        Telephone 508-756-6288

Certificate of Compliance with Local Rule 15.1

I hereby certify that I served a copy of this motion on counsel for the proposed 4th party defendant, Consulting Engineering Services, LLC, more than ten (10) days before filing said motion with this Court.

        /s/   Frank S. Puccio, Jr.
        FRANK S. PUCCIO, JR./BBO# 407580
        Burns & Farrey
        446 Main Street, 22nd Floor
        Worcester, Massachusetts 01608
        Telephone 508-756-6288

*CERTIFICATE OF SERVICE*

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 18, 2006.

        /s/   Frank S. Puccio, Jr.
        FRANK S. PUCCIO, JR./BBO# 407580

DATED:  July 18, 2006

MRS/nmk
(0000WW-0588 cp#136)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV10165-RGS

GREAT NORTHERN INSURANCE COMPANY,
As Subrogee of Jon and Abby Winkelreid
    Plaintiff(s)

VS.

FERGUSON & SHAMAMIAN ARCHITECTS, LLP
and W.B. MARDEN COMPANY
    Defendant(s) and Third Party Plaintiff(s)

VS.

THIRTY ACRE WOOD, LLC and
ELLIS AND SCHNEIDER
    Third Party Defendant(s)

AND

THIRTY ACRE WOOD, LLC
    Fourth Party Plaintiff(s)

VS.

CONSULTING ENGINEERING SERVICES, LLC
    Fourth Party Defendant(s)

## FOURTH PARTY COMPLAINT

## PARTIES

1. The Third Party Defendant and Fourth Party Plaintiff, Thirty Acre Wood, LLC ("Thirty Acre") is a Delaware limited liability company with a principal place of business at 7 Thirty Acre Lane, Nantucket, Massachusetts.

2. The Fourth Party Defendant, Consulting Engineering Services, LLC ("CES") is a Massachusetts limited liability company with a principal place of business at 110 Cedar Street, Wellesley, Massachusetts. At all times material hereto CES was engaged in the business of, *inter alia*, providing consulting engineering services for residential building projects.

**FACTUAL ALLEGATIONS**

3. Plaintiff, Great Northern Insurance Company ("Great Northern") is a Minnesota Corporation, with a principal place of business located at 200 South 6th Street, Suite 1000, Minneapolis, Minnesota 55402-1470.

4. At all times material hereto, Great Northern insured' Jon and Abby Winkelreid ("insured" or "Winkelreids") were individuals and owners of the property located at 15 Cathcart Road, Nantucket, Massachusetts ("subject premises").

5. At all times material hereto, Great Northern provided property insurance coverage to the Winkelreids insuring their real and personal property at the subject premises.

6. Defendant and Third Party Plaintiff, Ferguson & Shamamian Architects, LLP ("Ferguson") is a New York Corporation with its principal place business located 270 Lafayette Street, Suite 300, New York, New York, and at all times material hereto was engaged in the business of, *inter alia*, customized building design.

7. Prior to January 19, 2004, the Winkelreids contracted with the Defendant, Ferguson, to design the subject property.

8. Prior to January 19, 2004, the Defendant, Ferguson, contracted with Fourth Party Defendant, CES, for consulting services to be provided by CES regarding engineering design services for the subject premises.

9. Prior to January 19, 2004, the Winkelreids contracted with the Fourth Party Defendant, CES, for CES to provide consulting services relative to engineering design services for the subject premises.

10. On or about January 19, 2004, a domestic water pipe located at the subject property burst, causing the loss in question.

11. Plaintiff sued Defendant/Third Party Plaintiff, Ferguson, and Defendant/Third Party Plaintiff, Marden, alleging that the negligence of either or both parties caused the loss.

12. On or about September 1, 2005 Defendant/Third Party Plaintiff, Ferguson, filed a Third Party Complaint against Thirty Acre.

13. In its Third Party Complaint, Defendant/Third Party Plaintiff, Ferguson, alleged that the damages and loss resulted from the negligence of Thirty Acre. Ferguson's Complaint seeks contribution, contractual and common law indemnity from Thirty Acre.

14. On or about September 12, 2005, Plaintiff filed a Rule 14A Complaint against Thirty Acre, seeking to recover damages from Thirty Acre in the event that it is determined that the damages were caused by Thirty Acre jointly or severally.

15. The burst pipe was the result of a design error or engineering error by CES or by CES in conjunction with Ferguson.

## COUNT I

### Contribution

16. Thirty Acre repeats and realleges the allegations contained in paragraph one (1) through fifteen (15) of this Fourth Party Complaint as if fully set forth herein.

17. If Thirty Acre is found liable to Ferguson, which liability Thirty Acre expressly denies, then the Plaintiff's damages were caused in whole or in part by CES' negligent acts and/or omissions for which Thirty Acre is not responsible.

18. If Thirty Acre is found liable to Ferguson, which liability Thirty Acre expressly denies, the CES is liable to Thirty Acre for contribution.

WHEREFORE, Thirty Acre demands Judgment against CES for CES' share of that excess payment, together with Thirty Acre's cost of suit incurred and such other relief as this Court deems just.

## COUNT II

### Common Law Indemnification

19. Thirty Acre repeats and realleges the allegations contained in paragraph one (1) through eighteen (18) of this Fourth Party Complaint as if fully set forth herein.

20. If Ferguson has suffered any damages, which liability Thirty Acre expressly denies, any such damages are a result of CES' conduct or that of its agents.

21. If Thirty Acre is found liable to Ferguson, which liability Thirty Acre expressly denies, then the negligent conduct of CES was the sole and proximate cause of the damages. Therefore, any liability of Thirty Acre is derivative and imposed solely by reason of the conduct of CES or that of its agents.

22. If Thirty Acre is found to be liable to Ferguson, which liability Thirty Acre expressly denies, Thirty Acre is entitled to indemnification from CES.

WHEREFORE, Thirty Acre demands full indemnification from CES, together with Thirty Acre's cost of suit incurred and such other relief as this Court deems just.

## COUNT III

### Contribution

23. Thirty Acre repeats and realleges the allegations contained in paragraph one (1) through twenty-two (22) of this Fourth Party Complaint as if fully set forth herein.

24. If Thirty Acre is found liable to the Plaintiff, which liability Thirty Acre expressly denies, then the Plaintiff's damages were caused in whole or in part by CES' negligence acts or omissions for which Thirty Acre is not responsible.

25. If Thirty Acre is found liable to the Plaintiff, which liability Thirty Acre expressly denies, the CES is liable to Thirty Acre for contribution.

    WHEREFORE, Thirty Acre demands Judgment against CES for CES' share of that excess payment, together with Thirty Acre's cost of suit incurred and such other relief as this Court deems just.

## COUNT IV

### Common Law Indemnification

26. Thirty Acre repeats and realleges the allegations contained in paragraph one (1) through twenty-five (25) of this Fourth Party Complaint as if fully set forth herein.

27. If the Plaintiff has suffered any damages, which liability Thirty Acre expressly denies, any such damages are a result of CES' conduct or that of its agents.

28. If Thirty Acre is found liable to the Plaintiff, which liability Thirty Acre expressly denies, then the negligent conduct of CES was the sole and proximate cause of the damages. Therefore, any liability of Thirty Acre is derivative and imposed solely by reason of the conduct of CES or that of its agents.

29. If Thirty Acre is found to be liable to the Plaintiff, which liability Thirty Acre expressly denies, Thirty Acre is entitled to indemnification from CES.

    WHEREFORE, Thirty Acre demands full indemnification from CES, together with Thirty Acre's cost of suit incurred and such other relief as this Court deems just.

THE THIRD PARTY DEFENDANT/FOURTH PARTY PLAINTIFF, THIRTY ACRE WOOD, LLC, DEMANDS A TRIAL BY JURY ON ALL ISSUES AND COUNTS

                Thirty Acre Wood, LLC
                By its Attorney,

                /s/    Frank S. Puccio, Jr.
                FRANK S. PUCCIO, JR./BBO# 407580
                Burns & Farrey
                446 Main Street, 22nd Floor
                Worcester, Massachusetts 01608
                Telephone 508-756-6288

DATED: July 18, 2006

MRS/nmk
(0000WW-0588 cp#135)