**DONOVAN | HATEM** LLP
*counselors at law*

Deborah F. Schwartz
617 406 4577  direct
dschwartz@donovanhatem.com

August 4, 2006

Civil Clerk
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, MA  02210

RE:    **Great Northern Insurance Company v. Ferguson & Shamamian**
        **Architects, LLP and W.B. Marden Company**
        **Civil Action No. 05-CV-10165-RGS**
        **DH File No:    2500.1938**

Dear Sir or Madam:

Enclosed for filing is the following document:

1.      Motion of the Defendant, Ferguson & Shamamian Architects, LLP, to Compel
        Further Responses to the First Set of Interrogatories and First Request for the
        Production of Documents from the Plaintiff, Great Northern Insurance Company,
        and for Sanctions against Great Northern Insurance Company

Thank you for your attention to this matter.

Very truly yours,

Deborah Schwartz

Enclosure
cc:    Jay S. Gregory, Esq.
        Patrick J. Loftus, III, Esq.
        James Cullen, Esq.
        Francis J. Lynch, Esq.
        John F. Gleavy, Esq.
        Thomas B. Farrey, III, Esq.
        Frank S. Puccio, Jr., Esq.
        Martin S. Cosgrove, Esq.
01023673

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GREAT NORTHERN INSURANCE COMPANY<br>As Subrogee of Jon and Abby Winkelreid<br>200 S. 6th Street<br>Suite 1000<br>Minneapolis, Minnesota 55402-1470<br><br>      Plaintiff<br><br>v.<br><br>FERGUSON & SHAMAMIAN ARCHITECTS, LLP<br>270 Lafayette Street<br>Suite 300<br>New York, New York 10012<br><br>and<br><br>W.B. MARDEN COMPANY<br>2 Milk Street<br>Nantucket, Massachusetts 02554<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 05-CV-10165-RGS |

**MOTION OF THE DEFENDANT, FERGUSON & SHAMAMIAN ARCHITECTS, LLP, TO COMPEL FURTHER RESPONSES TO THE FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS FROM THE PLAINTIFF, GREAT NORTHERN INSURANCE COMPANY, AND FOR SANCTIONS AGAINST GREAT NORTHERN INSURANCE COMPANY**

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), the defendant, Ferguson & Shamamian

Architects, LLP ("Ferguson & Shamamian"), hereby moves for an ORDER compelling the

plaintiff, Great Northern Insurance Company, (the "plaintiff"), to further respond to the first set

of interrogatories and document production request propounded by Ferguson & Shamamian.

## I.   BACKGROUND

This matter arises from a water loss that occurred on January 18, 2004 at the Winkelreid residence, located at 15 Cathcart Road, Nantucket, MA.  The plaintiff, the insurer of the Winkelreids, paid off this loss and is now seeking recovery from Ferguson & Shamamian, W.B. Marden Company, and Thirty Acre Wood.  The complaint was filed on January 27, 2005 and alleges negligence against Ferguson Shamamian and negligence and breach of warranty against W.B. Marden Company.  A 14(a) complaint was filed on September 12, 2005 against Thirty Acre Wood for negligence.  Ferguson & Shamamian filed a cross-claim against W.B. Marden and a third-party complaint against Thirty Acre Wood.  W.B. Marden filed a third-party complaint against Ellis & Schneider.

On March 14, 2005, Ferguson & Shamamian served its first set of interrogatories on the plaintiff, including Interrogatory Nos. 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, and 17, which state:

### INTERROGATORY 5.

For each item of damage you contend you have suffered as a result of conduct of Ferguson & Shamamian, identify the item and dollar amount of damage followed by the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for your contention that Ferguson & Shamamian caused such damage.

### INTERROGATORY 6.

To the extent not provided in your response to Interrogatory No. 5, if you contend that you have been damaged by Ferguson & Shamamian's conduct, identify the conduct by Ferguson & Shamamian you contend caused you to be damaged and the amount of the damage, followed by a description of what you contend Ferguson & Shamamian's conduct should have been and why the damage you have identified would not have been incurred if Ferguson & Shamamian would have done what you contend Ferguson & Shamamian was obligated to do.

### INTERROGATORY 7.

For each item of damage referenced in the Complaint which you contend you have suffered as a result of conduct of someone other than Ferguson & Shamamian, identify the individual(s) responsible, and following each individual identified, state the item and dollar amount of damage, the conduct giving rise to

such damage, the methodology used to calculate such item of damage and the basis for your contention that the individual caused such damage.

**INTERROGATORY 10.**

Describe all efforts you took to mitigate the subject loss including in your answer but not limiting it to attempts to salvage goods allegedly damaged.

**INTERROGATORY 11.**

State the basis for your allegation in paragraph thirteen (13) of the Complaint that the incident occurred because the domestic water pipe was improperly installed in an area exposed to foreseeably cold and freezing temperatures.

**INTERROGATORY 12.**

State the basis for your allegation in paragraph eighteen (18) of the Complaint that the damages sustained in this loss were the direct result of the negligence, carelessness and/or reckless conduct of the personnel and/or agents of Ferguson & Shamamian.

**INTERROGATORY 13.**

State the basis for your allegation in paragraph nineteen (19) of the Complaint that as a direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or omissions of Ferguson & Shamamian, the domestic water pipe froze and ruptured, resulting in substantial damages to the Winkelreids' real and personal property.

**INTERROGATORY 14.**

State the basis for your allegation in paragraph twenty-three (23) of the Complaint that the damages sustained in this loss were the direct result of the negligence, carelessness and/or reckless conduct of the personnel and/or agents of Marden.

**INTERROGATORY 15.**

State the basis for your allegation in paragraph twenty-four (24) of the Complaint that as a direct and proximate result of Marden's negligence, carelessness and/or negligent acts and/or omissions, the domestic water pipe froze and ruptured, resulting in substantial damages to the Winkelreids' real and personal property.

**INTERROGATORY 16.**

State the basis for your allegation in paragraph twenty-nine (29) of the Complaint that Marden breached its express and/or implied warranties that its construction work would be performed in a good, safe and workmanlike manner, free from defects and in accordance with all applicable codes and standards.

## INTERROGATORY 17.

State the basis for your allegation in paragraph thirty (30) of the Complaint that as a direct and proximate result of Marden's breach of express and/or implied warranties, the plaintiff's insured suffered substantial water damage to their real and personal property for which Great Northern paid its insured.

On March 14, 2005, Ferguson & Shamamian served its first request for production of documents on the plaintiff, including Request Nos. 5, 7, 8, 10, 12, 13, 14, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26.

### REQUEST NO. 5:

All documents that you have supplied or made available to each consultant and/or expert whom you have retained in this case.

### REQUEST NO. 7:

All contracts or agreements that your insureds entered into in connection with the Project.

### REQUEST NO. 8:

All contracts or agreements between you and your insureds involving the Project.

### REQUEST NO. 10:

All documents concerning communications between you and/or your insureds and Ferguson & Shamamian concerning the allegations in the Complaint.

### REQUEST NO. 12:

All documents concerning communications between you and/or your insureds and any contractor and/or subcontractor on the Project concerning the allegations in the Complaint.

### REQUEST NO. 13:

All documents concerning communications between you and your insureds concerning the allegations in the Complaint.

### REQUEST NO. 14:

All documents identifying and substantiating the damage you contend you have

suffered as a result of the conduct of Ferguson & Shamamian.

**REQUEST NO. 17:**

All documents showing errors and omissions by Ferguson & Shamamian for which recovery is sought.

**REQUEST NO. 18:**

All documents concerning your attempts to mitigate damages and/or to salvage the goods damaged in the incident.

**REQUEST NO. 19:**

All documents concerning your allegations in paragraph thirteen (13) of the Complaint that the incident occurred because the domestic water pipe was improperly installed in an area exposed to foreseeably cold and freezing temperatures.

**REQUEST NO. 20:**

All documents concerning your allegations in paragraph eighteen (18) of the Complaint that the damages sustained in this loss were the direct result of the negligence, carelessness and/or reckless conduct of the personnel and/or agents of Ferguson & Shamamian.

**REQUEST NO. 21:**

All documents concerning your allegations in paragraph nineteen (19) of the Complaint that as a direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or omissions of Ferguson & Shamamian, the domestic water pipe froze and ruptured, resulting in substantial damages to the Winkelreids' real and personal property.

**REQUEST NO. 22:**

All documents concerning the allegations paragraph twenty-three (23) of the Complaint that the damages sustained in this loss were the direct result of the negligence, carelessness and/or reckless conduct of the personnel and/or agents of Marden.

**REQUEST NO. 23:**

All documents concerning the allegations in paragraph twenty-four (24) of the Complaint that as a direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or omissions of Marden, the domestic water pipe froze and ruptured, resulting in substantial damages to the Winkelreids' real and personal property.

**REQUEST NO. 24:**

All documents concerning the allegations in paragraph twenty-nine (29) of the Complaint that Marden breached its expressed and/or implied warranties that its construction work would be performed in a good, safe and workmanlike manner, free from defects and in accordance with all applicable codes and standards.

**REQUEST NO. 25:**

All documents concerning the allegation in paragraph thirty (30) of the Complaint that as a direct and proximate result of Marden's breach of express and/or implied warranties, plaintiff's insured suffered substantial water damage to their real and personal property for which Great Northern paid its insured.

**REQUEST NO. 26:**

All documents related to this lawsuit relied on, given to or generated by any expert you intend to call as a witness at trial.

Over five months later, in August 2005, the plaintiff served Plaintiff's Answers to the

First Set of Interrogatories of the Defendant Ferguson & Shamamian Architects, LLP. *See*

Exhibit A. The plaintiff responded as follows:

**INTERROGATORY ANSWER 5:**

See supporting documentation supplied with Plaintiffs Rule 26 (a)(1) Disclosures as well as the previously supplied copy of plaintiff's claim file with accompanying privilege log.

**INTERROGATORY ANSWER 6:**

Plaintiff objects to this interrogatory as it is a contention interrogatory. Furthermore, to the extent this interrogatory calls for a legal conclusion, no response is required. By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

**INTERROGATORY ANSWER 7:**

Plaintiff objects to this interrogatory as it is a contention interrogatory. Furthermore, to the extent this interrogatory calls for a legal conclusion, no response is required. By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory.

**INTERROGATORY ANSWER 10:**

See copy of plaintiff's claim file previously produced to counsel.

**INTERROGATORY ANSWER 11:**

To the extent this interrogatory calls for a legal conclusion, no response is required. By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

**INTERROGATORY ANSWER 12:**

To the extent this interrogatory calls for a legal conclusion, no response is required. By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

**INTERROGATORY ANSWER 13:**

To the extent this interrogatory calls for a legal conclusion, no response is required. By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

**INTERROGATORY ANSWER 14:**

To the extent this interrogatory calls for a legal conclusion, no response is required. By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

**INTERROGATORY ANSWER 15:**

To the extent this interrogatory calls for a legal conclusion, no response is required. By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

**INTERROGATORY ANSWER 16:**

To the extent this interrogatory calls for a legal conclusion, no response is required. By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

**INTERROGATORY ANSWER 17:**

To the extent this interrogatory calls for a legal conclusion, no response is required. By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

On August 15, 2005, the plaintiff served Plaintiff's Responses to First Request for

Production of Documents of the Defendant Ferguson & Shamamian Architects, LLP.  *See*

Exhibit B.  The plaintiff responded as follows:

**RESPONSE 1:**

See documents attached to Plaintiffs Rule 26 (a)(l) Disclosures, as well as a copy
of the Chubb claim file with privilege log, and documents previously supplied to
counsel.

**RESPONSE 5:**

Plaintiff objects to this request as it calls for the production of documents that
would be protected by the attorney-client and attorney work product privileges.

**RESPONSE 7:**

Plaintiff objects to this request as being overly broad, burdensome vague and
ambiguous. Furthermore the term "Project" is undefined.

**RESPONSE 8:**

Plaintiff objects to this request as being overly broad, burdensome vague and
ambiguous. Furthermore the term "Project" is undefined. Without waiver of this
objection, plaintiff did not enter into any agreement or contract with its insured on
the construction of the subject property.

**RESPONSE 10:**

Defendant should be in possession of any such correspondence between itself and
plaintiff or plaintiff's counsel regarding this incident.

**RESPONSE 12:**

Plaintiff objects to this request as it is vague, ambiguous, overly broad and
burdensome. Further, this request is not calculated to lead to any discoverable
information.

**RESPONSE 13:**

Plaintiff objects to this request as it calls for documents protected by the attorney-
client privilege.

**RESPONSE 14 :**

See response to Request No. 1.

**RESPONSE 17:**

To the extent this request calls for a legal conclusion, no response is required. By way of further response, this request calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this request.

**RESPONSE 18:**

See response to Request No. 1.

**RESPONSE 19:**

To the extent this request calls for a legal conclusion, no response is required. By way of further response, this request calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this request.

**RESPONSE 20:**

To the extent this request calls for a legal conclusion, no response is required. By way of further response, this request calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this request.

**RESPONSE 21:**

To the extent this request calls for a legal conclusion, no response is required. By way of further response, this request calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this request.

**RESPONSE 22:**

To the extent this request calls for a legal conclusion, no response is required. By way of further response, this request calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this request.

**RESPONSE 23:**

To the extent this request calls for a legal conclusion, no response is required. By way of further response, this request calls for expert opinion that will be provided in

accordance with the deadlines established by the Court. Additionally, further
discovery from the defendants is necessary to fully and fairly respond to this request.

**RESPONSE 24:**

To the extent this request calls for a legal conclusion, no response is required. By way
of further response, this request calls for expert opinion that will be provided in
accordance with the deadlines established by the Court. Additionally, further
discovery from the defendants is necessary to fully and fairly respond to this request.
**RESPONSE 25:**

To the extent this request calls for a legal conclusion, no response is required. By way
of further response, this request calls for expert opinion that will be provided in
accordance with the deadlines established by the Court. Additionally, further
discovery from the defendants is necessary to fully and fairly respond to this request.

**RESPONSE 26:**

Plaintiff has not determined whom it will call as an expert witness at time of trial and
will supplement this request at the appropriate time set forth by the court.
Furthermore, this request calls for the production of documents protected by the
attorney-client and work product privileges.

On August 19, 2005, counsel for Ferguson & Shamamian informed the plaintiff that it

had failed to provide much of the information requested in Ferguson & Shamamian's first set of

interrogatories and document production requests. Counsel for Ferguson & Shamamian

identified specific deficiencies with the plaintiff's answers to Interrogatory Nos. 5, 6, 7, 10, 11,

12, 13, 14, 15, 16, and 17 and Request Nos. 5, 7, 8, 10, 12, 13, 14, 17, 18, 19, 20, 21, 22, 23, 24,

25, and 26. *See* Exhibit C. Counsel for Ferguson & Shamamian also explained that a number of

the documents the plaintiff claimed were privileged were not privileged. *See id.* In addition,

counsel for Ferguson & Shamamian explained that the plaintiff failed to produce a number of

documents, including, but not limited to, measurements of what happened, salvage information,

stick-by-stick take off, finalized beck bid, report by Industrial Services & Engineering, and Mr.

Larges' spreadsheet. *See id.*

On August 25, 2005, counsel for the plaintiff supplemented the plaintiff's interrogatory

and document production responses. *See* Exhibit D. Counsel for the plaintiff supplemented the

responses as follows:

> Interrogatories # 5,6,7 & 10 requested information regarding the damages in this
> case. Plaintiff has produced its entire claim file . . . Moreover, you will have an
> opportunity to depose plaintiff's insureds and adjusters to get further details
> regarding the adjustment process. . . .

> Interrogatories #11-16 request further information regarding plaintiff's allegations
> in the Complaint. The factual basis for plaintiff's claim is the improper design of
> the house with regard to the piping system. Specifically, FSA designed the house
> such t hat a water pipe was placed in an unheated void space where it was
> susceptible to freezing. To the extent your interrogatories request more detailed
> information, these interrogatories are contention interrogatories. Plaintiff asserts
> that it must complete discovery before it can provide more detailed answers to
> these interrogatories. Rule 33 (c) of the Federal Rules of Civil Procedure
> recognizes that an interrogatory that involves an opinion or contention that relates
> to fact or the application of law to fact may not have to be answered until after
> designated discovery has been completed. Plaintiff will supplement its answers to
> these contention interrogatories after the close of discovery. In addition,
> plaintiff's expert reports, which will be produced in accordance with the Court's
> Scheduling Order, will supplement these answers.

> Document requests #7, 8, 10 & 12 seek documentation relating to the project,
> including contracts and communications with contractors. Plaintiff is attempting
> to get this information from its insured and will produce any such information
> which is still in the insured's possession.

> Document request #13 seeks the production of any correspondence between
> plaintiff and plaintiff's insured. Any such documents were already produced as
> part of the claim file.

> Your objection to plaintiff's response to request #14 is that plaintiff's disclosures
> do not differentiate between damages caused by FSA and other defendants. As
> discussed above, plaintiff alleges that all damages from this incident are
> potentially attributable to FSA's acts or omissions.

> Document requests #17, 19, 20, 21, 22, 23, 24, 25 and 26 request documents
> supporting contentions in plaintiff's complaint. Plaintiff has produced any such
> documents currently in its possession as part of its Rule 26 disclosures. Plaintiff
> expects that additional documents supporting its contentions will be produced by
> other parties during the course of discovery. Plaintiff will supplement its
> response to these requests at the close of discovery.

Finally, you object to plaintiff's assertion of privilege with regard to certain documents from plaintiff's claim file. You assert that various Chubb file memos and subrogation analysis are not protected because they are mental impressions of the client. Within a few days of this loss, counsel was involved for plaintiff. Any internal Chubb memos regarding subrogation memorialize conversations with counsel and therefore protected by the attorney client privilege.

On August 30, 2005, counsel for Ferguson & Shamamian repeated that the plaintiff had failed to provide much of the information requested in Ferguson & Shamamian's interrogatories and document requests. Counsel for Ferguson & Shamamian identified the specific deficiencies with the plaintiff's answers to Interrogatory Nos. 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, and 17 and Request Nos. 5, 7, 8, 10, 12, 18, 19, 20, 21, 22, 23, 24, 25, and 26, explained why a number of the documents the plaintiff claimed were privileged were not privileged, and reiterated the documents the plaintiff had failed to produce. *See* Exhibit E. Specifically, counsel for Ferguson & Shamamian stated:

> Interrogatory No. 5 requests that the plaintiff identify the item and dollar amount of damage followed by the conduct giving rise to such damage, the methodology used to calculate such damage and the basis for the plaintiff's contention that Ferguson & Shamamian caused such damage. Although the supplemental response refers Ferguson & Shamamian to documents it has produced and states the basis for plaintiff's contention that Ferguson & Shamamian caused such damage, the plaintiff's answer is insufficient because it does not state the amount of damage or the methodology used to calculate such damage.
>
> Interrogatory No. 6 requests that to the extent not provided in the plaintiff's answer to Interrogatory No. 5, the plaintiff identify the conduct by Ferguson & Shamamian that the plaintiff contends caused the plaintiff to be damaged and the amount of the damage, followed by a description of what the plaintiff contends Ferguson & Shamamian's conduct should have been and why the damage the plaintiff identified would not have been incurred if Ferguson & Shamamian would have done what the plaintiff contends Ferguson & Shamamian was obligated to do. Although the supplemental response refers Ferguson & Shamamian to documents it has produced and states the basis for plaintiff's contention that Ferguson & Shamamian caused such damage, the plaintiff's answer is insufficient because it does not provide a response "to the extent not provided in the plaintiff's answer to Interrogatory No. 5." In addition, the plaintiff's answer is insufficient because the plaintiff's answer does not identify the amount of damage, what the plaintiff contends Ferguson & Shamamian's conduct should have been and why the damage the plaintiff identified would not

13

have been incurred if Ferguson & Shamamian would have done what the plaintiff contends Ferguson & Shamamian was obligated to do.

Interrogatory No. 7 requests that the plaintiff identify individuals other than Ferguson & Shamamian that caused the plaintiff damage and state the item and dollar amount of damage, the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for the plaintiff's contention that the individual caused such damage. The plaintiff has failed to provide this information. Although the supplemental response refers Ferguson & Shamamian to documents it has produced and states the basis for plaintiff's contention that Ferguson & Shamamian caused such damage, the plaintiff's answer fails to identify individuals other than Ferguson & Shamamian that caused the plaintiff damage and state the item and dollar amount of damage, the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for the plaintiff's contention that the individual caused such damage.

Interrogatory 10 requests a description of all efforts the plaintiff took to mitigate the subject loss, including, but not limited to, attempts to salvage goods allegedly damaged. The plaintiff has still failed to provide this information. The plaintiff's answer to see the copy of the plaintiff's claim file previously produced is misleading because the plaintiff has failed to produce any documents on salvage or mitigation of the loss.

Interrogatory Nos. 11-16 request that the plaintiff state the basis for specific allegations in the Complaint. Interrogatory No. 11 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 13 of the Complaint, Interrogatory No. 12 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 18 of the Complaint, Interrogatory No. 13 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 19 of the Complaint, Interrogatory No. 14 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 23 of the Complaint, Interrogatory No. 15 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 24 of the Complaint, and Interrogatory No. 16 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 29 of the Complaint. The plaintiff has still failed to provide any of this information. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's interrogatories. The plaintiff's answers incorrectly states Interrogatory Nos. 11-16 are contention interrogatories and that Rule 33(c) of the Federal Rules of Civil Procedure recognizes that an interrogatory that involves an opinion or contention that relates to fact or the application of law to fact need not be answered until after discovery has been completed. In reality, Rule 33(c) states that interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), which includes any matter, not privileged, that is relevant to the claim of any party, and that the court may order that an interrogatory involving an opinion or contention that relates to fact or the application of law to fact need not be answered until after designated discovery has been completed or until a pre-trial conference or other later discovery. In this case, Interrogatory Nos. 11-16 relate to claims of the plaintiff

and the Court has not ordered that the interrogatories need not be answered yet. In addition, the plaintiff's answers fail to "state the basis" for the plaintiff's allegation in paragraphs 13, 18, 19, 23, 24, and 29 respectively in the Complaint, as defined in the Definitions and Instructions section of Ferguson & Shamamian's interrogatories, namely,(a) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; (b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; (c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and (d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

Interrogatory No. 17 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 30 of the Complaint. Your response fails to supplement the plaintiff's answer to Interrogatory No. 17 and accordingly the answer to Interrogatory No. 17 is still insufficient. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's interrogatories. The plaintiff's answer also incorrectly states that the interrogatory calls for an expert opinion because the interrogatory is asking the plaintiff for the basis of an allegation in the Complaint, which the plaintiff should be able to provide. In addition, the plaintiff's answer is insufficient because it does not "state the basis" for the plaintiff's allegation in paragraph 30 of the Complaint, as defined in the Definitions and Instructions section of Ferguson & Shamamian's interrogatories.

Request No. 5 requests all documents that the plaintiff has supplied or made available to each consultant and/or expert whom the plaintiff has retained in this case. Your response fails to supplement the plaintiff's answer to Request No. 5 and accordingly the answer to Interrogatory No. 5 is still insufficient. The plaintiff's objections are inappropriate because the requested documents are not attorney-client documents since the plaintiff's expert is not the attorney or the client and the documents are not attorney work product documents since the plaintiff's expert is not the plaintiff's attorney. In addition, the plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents.

Request Nos. 7, 8, 10 and 12 seek documents relating to the project. Request No. 7 requests all contracts or agreements that the plaintiff's insureds entered into in connection with the Project, Request No. 8 requests all contracts or agreements between the plaintiff and the plaintiff's insureds involving the Project, Request No. 10 requests all documents concerning communications between the plaintiff and/or the plaintiff's insureds and Ferguson & Shamamian concerning the allegations in the Complaint, and Request No. 12 requests all documents

concerning communications between the plaintiff and/or the plaintiff's insured and any contractor and/or subcontractor on the Project concerning the allegations in the Complaint. Your response that the plaintiff is "attempting to get this information from its insured and will produce any such information which is still in the insured's possession" is unacceptable. The plaintiff has had over 5.5 months, since the Rule 34 Request was served on March 14, 2005, to obtain this information. Please produce this information immediately.

Request No. 18 requests all documents concerning the plaintiff's attempts to mitigate damages and/or to salvage the goods damaged in the incident. Your response fails to supplement the plaintiff's answer to Request No. 18 and accordingly the answer to Interrogatory No. 18 is still insufficient. The plaintiff has failed to produce any documents responsive to this request.

In addition, a number of the documents the plaintiff claims are privileged are not. Specifically, the following documents should be produced.

WINK00042- 00043 is claimed privileged under the attorney-client privilege and mental impressions. Your response states that "[a]ny internal Chubb memos regarding subrogation memorialize conversations with counsel and are therefore protected by the attorney client privilege. A subrogation analysis worksheet discussing subrogation, however, would not memorialize conversations with counsel and therefore would not fall under the attorney-client privilege. Mental impressions of a client are also not privileged information.

WINK00106 is claimed privileged under the attorney-client privilege. A letter from plaintiff's counsel to J. Trebby, an employee of the general contractor does not fall under the attorney-client privilege because Mr. Trebby is not the client of the plaintiff's counsel in this matter. Your response fails to address this document and WINK00106 should be produced immediately.

WINK00110- 00112 is claimed privileged under the attorney-client privilege and work product privilege. A letter from John Certuse, the plaintiff's expert, however, does not fall under the attorney-client privilege because the communication was not between an attorney and client. The letter does not fall under the attorney work product privilege because Mr. Certuse is not an attorney in this matter. Your response fails to address this document and WINK00110- 00112 should be produced immediately.

Furthermore, the plaintiff's document production failed to provide a number of documents, including, but not limited to, measurements of what happened, salvage information, stick-by-stick take off, finalized beck bid, report by Industrial Services & Engineering, and Mr. Larges' spreadsheet. Your response fails to address these documents and they should be produced immediately.

To date, counsel for the plaintiff has failed to further respond to either Ferguson & Shamamian's first set of interrogatories or its first request for production of documents.

## II.    ARGUMENT

Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure provides in relevant part that if "a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer . . . or an order compelling inspection in accordance with the request." Rule 37(a)(3) provides that "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Rule 33(b)(4) provides that in response to interrogatories "[a]ny ground not stated in a timely objection is waived . . ."

To date, Ferguson & Shamamian has not received further responses to its first set of interrogatories or its first document production request served on the plaintiff, even though it has been over sixteen months since Ferguson & Shamamian served these interrogatories and document production requests on the plaintiff and over eleven months since counsel for Ferguson & Shamamian requested that the plaintiff provide further responses to these interrogatories and document production requests. The incomplete answers of the plaintiff are treated as a failure to answer. In addition, the plaintiff's objections are untimely because the plaintiff responded to Ferguson & Shamamian's interrogatories and document production requests over five months later, on or about August 25, 2005, and therefore the plaintiff waived its objections. Accordingly, this Court is warranted in issuing an order compelling the plaintiff to further respond, without objection, to the first set of interrogatories and the first request for production of documents propounded by Ferguson & Shamamian.

## III.    <u>LOCAL RULE 7.1 CERTIFICATION</u>

I, Deborah F. Schwartz, hereby certify that I have made a good faith but unsuccessful attempt to resolve the issues in this motion. To wit, on July 13, 2005, I spoke with counsel for the plaintiff, Robert M. Caplan of Cozen and O'Connor, about the plaintiff's failure to provide discovery responses and he stated that he knew the plaintiff's discovery responses were overdue and that he would provide the responses shortly. On July 18, 2005, I faxed a letter to Attorney Caplan to follow up on the telephone conversation we had regarding the plaintiff's discovery failures and demanding that the plaintiff provide responses immediately. *See* Exhibit F. On August 3, 2005, I faxed a letter to Attorney Caplan to follow up on the plaintiff's failure to provide discovery responses to Ferguson & Shamamian and demanded a response by August 10, 2005 to avoid Ferguson & Shamamian filing a motion with the court to compel the responses. *See* Exhibit G. After receiving the plaintiff's interrogatory and document production responses, on August 19, 2005, I faxed a letter to Attorney Caplan regarding the deficiencies in the plaintiffs' responses. *See* Exhibit C. After receiving the plaintiff counsel's supplement to the plaintiff's interrogatory and document production responses, on August 30, 2005, I sent a letter to Attorney Luccaro at Cozen & O'Connor, regarding the deficiencies in the responses. On January 23, 2006, I spoke with James Cullen of Cozen & O'Connor and informed him of the outstanding deficiencies in the plaintiff's discovery responses. *See* Exhibit E. On July 31, 2006, I faxed a letter to Attorney Cullen of Cozen & O'Connor reiterating the plaintiff's failure to further respond to Ferguson & Shamamian's first set of interrogatories and document requests and demanding a response by August 3, 2006. *See* Exhibit H. On August 3, 2006, I left a telephone message for Attorney Cullen of Cozen & O'Connor regarding the plaintiff's failure to further respond to Ferguson & Shamamian's first set of interrogatories and document requests and requested that he call me. To date, I have not received further responses from the plaintiff to

Ferguson & Shamamian's first set of interrogatories or first request for production of documents or a response from Attorney Cullen of Cozen & O'Connor.

_Deborah F. Schwartz_

Deborah F. Schwartz, Esq.

## IV.     REQUEST FOR RELIEF

Based on the foregoing, Ferguson & Shamamian respectfully requests that this Court GRANT its motion to compel the plaintiff to further respond, without objection, to Ferguson & Shamamian's first set of interrogatories and first request for production of documents.

## V.     REQUEST FOR SANCTIONS

Since the plaintiff has failed to supplement its deficient responses to Ferguson & Shamamian's first set of interrogatories and first request for production of documents, despite repeated requests and a good faith effort to obtain the responses by Ferguson & Shamamian, Ferguson & Shamamian requests that the Court sanction the plaintiff by ordering the plaintiff to pay Ferguson & Shamamian the reasonable expenses it has incurred in making this motion, including attorney's fees.

Respectfully submitted,
FERGUSON & SHAMAMIAN
ARCHITECTS, LLP,
By its attorneys,

_Jay S. Gregory_

David J. Hatem, PC, B.B.O. #225700
Jay S. Gregory, Esquire, B.B.O. #546708
Deborah F. Schwartz, Esquire, B.B.O. ##658278
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
Tel: (617)406-4500

Dated: _August 4, 2006_

## CERTIFICATE OF SERVICE

I, Deborah F. Schwartz, Esquire, hereby certify that on this _4th_ day of August, 2006, I served the attached ***Motion of the Defendant, Ferguson & Shamamian Architects, LLP, to Compel Further Responses to the First Set of Interrogatories and First Request for the Production of Documents from the Plaintiff, Great Northern Insurance Company, and for Sanctions against Great Northern Insurance Company*** by mailing a copy thereof, postage pre-paid to:

Patrick J. Loftus, III
Law Office of Patrick J. Loftus, III
9 Park Street, Suite 500
Boston, MA 02108

Francis J. Lynch
John F. Gleavy
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375

Martin S. Cosgrove
Cosgrove, Eisenberg and Kiley, P.C.
803 Hancock Street
P.O. Box 189
Quincy, MA 02170

James Cullen
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

Thomas B. Farrey, III
Frank S. Puccio, Jr.
Margaret Reardon Suuberg
Burns & Farrey
446 Main Street
Worcester, MA 01608

Deborah F. Schwartz, Esquire

01021022

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

GREAT NORTHERN INSURANCE COMPANY )
As Subrogree of Jon and Abby Winkelreid )
200 S. 6th Street )
Suite 1000 )
Minneapolis, Minnesota 55402-1470 )      CIVIL ACTION
                                               )      NO. 05-CV-10165-RGS
     Plaintiff )

v. )

FERGUSON & SHAMAMIAN ARCHITECTS, LLP )
270 Lafayette Street )
Suite 300 )
New York, New York 10012 )

and )

W.B. MARDEN COMPANY )
2 Milk Street )
Nantucket, Massachusetts 02554 )

     Defendants )
                                               )

## PLAINTIFF'S ANSWERS TO FIRST SET OF INTERROGATORIES OF THE DEFENDANT, FERGUSON & SHAMAMIAN ARCHITECTS, LLP

### INTERROGATORIES

## INTERROGATORY 1.

Identify the individual(s) signing the answers to these interrogatories.

**ANSWER:**    James Rogers, Property Claims Specialist, Chubb Group.


## INTERROGATORY 2.

For each individual(s) who assisted in preparing the answers to these interrogatories,

identify each individual and following the identity of each individual, list the number of each

interrogatory for which that individual provided assistance.

**ANSWER:**

Mr. Rogers' assistance was provided for the responses to any interrogatories relating to damages incurred by plaintiff's insureds. Plaintiff's counsel assisted Mr. Rogers in the drafting of these responses as well.

## INTERROGATORY 3.

Identify each person whom you expect to call as an expert witness at trial; following the identity of such expert witness with the subject matter in which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**    Plaintiff has not determined whom it will call as an expert witness at trial. Plaintiff will supplement this response at the appropriate time as set forth by the court.

## INTERROGATORY 4.

Please identify each person whom you intend to call as a witness at trial.

**ANSWER:**    Plaintiff has not determined whom it will call as a witness at trial. Plaintiff will supplement this response as the appropriate time as set forth by the court.

## INTERROGATORY 5.

For each item of damage you contend you have suffered as a result of conduct of Ferguson & Shamamian, identify the item and dollar amount of damage followed by the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for your contention that Ferguson & Shamamian caused such damage.

**ANSWER:**    See supporting documentation supplied with Plaintiff's Rule 26 (a)(1) Disclosures as well as the previously supplied copy of plaintiff's claim file with accompanying privilege log.

## INTERROGATORY 6.

To the extent not provided in your response to Interrogatory No. 5, if you contend that you have been damaged by Ferguson & Shamamian's conduct, identify the conduct by Ferguson & Shamamian you contend caused you to be damaged and the amount of the damage, followed by a description of what you contend Ferguson & Shamamian's conduct should have been and why the damage you have identified would not have been incurred if Ferguson & Shamamian would have done what you contend Ferguson & Shamamian was obligated to do.

**ANSWER:**    Plaintiff objects to this interrogatory as it is a contention interrogatory. Furthermore, to the extent this interrogatory calls for a legal conclusion, no response is required. By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

## INTERROGATORY 7.

For each item of damage referenced in the Complaint which you contend you have suffered as a result of conduct of someone other than Ferguson & Shamamian, identify the individual(s) responsible, and following each individual identified, state the item and dollar amount of damage, the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for your contention that the individual caused such damage.

**ANSWER:**    Plaintiff objects to this interrogatory as it is a contention interrogatory. Furthermore, to the extent this interrogatory calls for a legal conclusion, no response is required. By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory.

**INTERROGATORY 8.**

Identify each document that reflects, references or evidences the damages referred to in the Complaint.

**ANSWER:**   See supporting documentation supplied with Plaintiff's Rule 26 (a)(1) Disclosures as well as the previously supplied copy of plaintiff's claim file with accompanying privilege log.


**INTERROGATORY 9.**

Identify each document you intend to introduce as an exhibit at the trial of this matter.

**ANSWER:**   Plaintiff has not determined what documents it will introduce at time of trial. Plaintiff will supply a comprehensive exhibit list at the appropriate time as set forth by the court.


**INTERROGATORY 10.**

Describe all efforts you took to mitigate the subject loss including in your answer but not limiting it to attempts to salvage goods allegedly damaged.

**ANSWER:**   See copy of plaintiff's claim file previously produced to counsel.


**INTERROGATORY 11.**

State the basis for your allegation in paragraph thirteen (13) of the Complaint that the incident occurred because the domestic water pipe was improperly installed in an area exposed to foreseeably cold and freezing temperatures.

**ANSWER:**   To the extent this interrogatory calls for a legal conclusion, no response is required.  By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

4

**INTERROGATORY 12.**

State the basis for your allegation in paragraph eighteen (18) of the Complaint that the

damages sustained in this loss were the direct result of the negligence, carelessness and/or

reckless conduct of the personnel and/or agents of Ferguson & Shamamian.

**ANSWER:**    To the extent this interrogatory calls for a legal conclusion, no response is
required.  By way of further response, this interrogatory calls for expert opinion that will be
provided in accordance with the deadlines established by the Court. Additionally, further
discovery from the defendants is necessary to fully and fairly respond to this interrogatory.
Without waiver of this objection, the piping system that failed was installed in an area that was
prone to freezing and was not properly designed. Further, the piping system was inadequately
insulated, all of which are violations of the Massachusetts and International Plumbing Codes
which require piping in locations prone to freezing to be adequately protected from freezing.

**INTERROGATORY 13.**

State the basis for your allegation in paragraph nineteen (19) of the Complaint that as a

direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or

omissions of Ferguson & Shamamian, the domestic water pipe froze and ruptured, resulting in

substantial damages to the Winkelreids' real and personal property.

**ANSWER:**    To the extent this interrogatory calls for a legal conclusion, no response is
required.  By way of further response, this interrogatory calls for expert opinion that will be
provided in accordance with the deadlines established by the Court. Additionally, further
discovery from the defendants is necessary to fully and fairly respond to this interrogatory.
Without waiver of this objection, the piping system that failed was installed in an area that was
prone to freezing and was not properly designed. Further, the piping system was inadequately
insulated, all of which are violations of the Massachusetts and International Plumbing Codes
which require piping in locations prone to freezing to be adequately protected from freezing.

**INTERROGATORY 14.**

State the basis for your allegation in paragraph twenty-three (23) of the Complaint that

the damages sustained in this loss were the direct result of the negligence, carelessness and/or

reckless conduct of the personnel and/or agents of Marden.

5

**ANSWER:**    To the extent this interrogatory calls for a legal conclusion, no response is required.  By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

**INTERROGATORY 15.**

State the basis for your allegation in paragraph twenty-four (24) of the Complaint that as a direct and proximate result of Marden's negligence, carelessness and/or negligent acts and/or omissions, the domestic water pipe froze and ruptured, resulting in substantial damages to the Winkelreids' real and personal property.

**ANSWER:**    To the extent this interrogatory calls for a legal conclusion, no response is required.  By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

**INTERROGATORY 16.**

State the basis for your allegation in paragraph twenty-nine (29) of the Complaint that Marden breached its express and/or implied warranties that its construction work would be performed in a good, safe and workmanlike manner, free from defects and in accordance with all applicable codes and standards.

**ANSWER:**    To the extent this interrogatory calls for a legal conclusion, no response is required.  By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately

insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

## INTERROGATORY 17.

State the basis for your allegation in paragraph thirty (30) of the Complaint that as a direct and proximate result of Marden's breach of express and/or implied warranties, the plaintiffs insured suffered substantial water damage to their real and personal property for which Great Northern paid its insured.

**ANSWER:** To the extent this interrogatory calls for a legal conclusion, no response is required. By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

## INTERROGATORY 18.

If any document or other tangible thing exists that has been identified in the Document Request, but which you have withheld for any reason, including privilege, work product doctrine, or other reason, please identify each such document by listing for each its date; the author (if known); each addressee; other recipients of the document; the general subject matter of the document (in a way that will not disclose information sought to be protected); the grounds on which you are withholding it, including an explanation, if applicable, of why a privilege or other legal basis for withholding the document exists.

**ANSWER:** See the previously produced Privilege Log to plaintiff's claim file.

## INTERROGATORY 19.

Have you personally searched or caused others to search all files, both in your own possession and in the possession of all current and former employees and others from whom you could reasonably expect would return documents to you if asked them to do so (for example, contractors, consultants, accountants, and attorneys), in order to assemble documents and other tangible things responsive to the Document Request, and included in your search all computer files, discs, e-mail records, and other sources of electronically stored data? If you have not done so, state what sources or information referenced that have not been searched and why you have not searched them.

**ANSWER:**    Yes.

Respectfully submitted,

BY:

ROBERT M. CAPLAN, ESQUIRE
COZEN AND O'CONNOR
1900 Market Street, 3rd Floor
Philadelphia, PA 19103
(215) 665-2000
Attorney for Plaintiff, Great Northern
Insurance Company a/s/o Jon and Abby
Winkelried

Local Counsel:
Patrick J. Loftus, III, Esquire
9 Park Street
Suite 500
Boston, Massachusetts  02108
(617) 723-7770

8

## <u>PLAINTIFF'S VERIFICATION</u>

I, James Rogers, hereby verify that I have reviewed the above Interrogatories of Defendant Ferguson & Shamamian Architects, LLP to Plaintiff and responses thereto and that they are true and accurate to the best of my knowledge and belief.


_____
JAMES ROGERS
**Chubb Group of Insurance Companies**

Subscribed and sworn to
me this ____th day of _August_, 2005.

_____
Notary Public

My Commission Expires: 8/25/2011

**LISA M. SHANAHAN, Notary Public**
**My Commission Expires August 25, 2011**

9

## CERTIFICATE OF MAILING

The undersigned states that he served a copy of Plaintiff's Answers to Defendant

Ferguson & Shamamian Architect, LLP's Interrogatories Addressed to Plaintiff on the    day of

August, 2005 to:

Jay S. Gregory, Esquire
World Trade Center East
Two Seaport Lane
Boston, MA 02210


Kathleen Tulloh Brink, Esquire
Mintz, Levin, Cohn, Ferris,
Glovsky & Popeo, P.C.
One Financial Center
Boston, MA 02111


via First Class U.S. Mail.


ROBERT M. CAPLAN, ESQUIRE


PHILA1\2273491\1 147881.000

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY<br>As Subrogee of Jon and Abby Winkelreid<br>200 S. 6th Street<br>Suite 1000<br>Minneapolis, Minnesota 55402-1470<br><br>      Plaintiff<br><br>v.<br><br>FERGUSON & SHAMAMIAN ARCHITECTS, LLP<br>270 Lafayette Street<br>Suite 300<br>New York, New York 10012<br><br>and<br><br>W.B. MARDEN COMPANY<br>2 Milk Street<br>Nantucket, Massachusetts 02554<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     CIVIL ACTION<br>    NO. 05-CV-10165-RGS |

## PLAINTIFF'S RESPONSES TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OF THE DEFENDANT, FERGUSON & SHAMAMIAN ARCHITECTS, LLP

## REQUESTS

**REQUEST NO. 1:**

All documents concerning the incident(s) giving rise to this lawsuit or any damages sustained by you related thereto, including any demands or responses thereto.

**RESPONSE:**

See documents attached to Plaintiff's Rule 26 (a)(1) Disclosures, as well as a copy of the Chubb claim file with privilege log, and documents previously supplied to counsel.

**REQUEST NO. 2:**

All documents describing or referring to the pipe that is identified in the Complaint.

**RESPONSE:**

See response to Request No. 1.

**REQUEST NO. 3:**

All documents you intend to introduce as evidence at trial.

**RESPONSE:**

Plaintiff has not determined what documents will be used as evidence at trial. Plaintiff will supplement this response at the appropriate time set forth by the court.

**REQUEST NO. 4:**

The resume or curriculum vitae of each expert witness that you intend to call at the trial of this matter.

**RESPONSE:**

Plaintiff has not determined whom it will call as an expert witness at time of trial. Plaintiff will supplement this response at the appropriate time set forth by the court.

**REQUEST NO. 5:**

All documents that you have supplied or made available to each consultant and/or expert whom you have retained in this case.

**RESPONSE:**

Plaintiff objects to this request as it calls for the production of documents that would be protected by the attorney-client and attorney work product privileges.

**REQUEST NO. 6:**

All documents concerning any contract between your insureds and Ferguson & Shamamian as alleged in the Complaint.

**RESPONSE:**

To be supplied if such documents exist.

**REQUEST NO. 7:**

All contracts or agreements that your insureds entered into in connection with the Project.

**RESPONSE:**

Plaintiff objects to this request as being overly broad, burdensome vague and ambiguous. Furthermore the term "Project" is undefined.

**REQUEST NO. 8:**

All contracts or agreements between you and your insureds involving the Project.

**RESPONSE:**

Plaintiff objects to this request as being overly broad, burdensome vague and ambiguous. Furthermore the term "Project" is undefined. Without waiver of this objection, plaintiff did not enter into any agreement or contract with its insured on the construction of the subject property.

**REQUEST NO. 9:**

Policy no. 11574766-08 issued to the plaintiffs insureds.

**RESPONSE:**

Copy is attached hereto.

**REQUEST NO. 10:**

All documents concerning communications between you and/or your insureds and Ferguson & Shamamian concerning the allegations in the Complaint.

**RESPONSE:**

Defendant should be in possession of any such correspondence between itself and plaintiff or plaintiff's counsel regarding this incident.

**REQUEST NO. 11:**

All documents concerning communications between you and/or your insureds and Marden concerning the allegations in the Complaint.

**RESPONSE:**

See documents previously supplied to counsel.

**REQUEST NO. 12:**

All documents concerning communications between you and/or your insureds and any contractor and/or subcontractor on the Project concerning the allegations in the Complaint.

**RESPONSE:**

Plaintiff objects to this request as it is vague, ambiguous, overly broad and burdensome. Further, this request is not calculated to lead to any discoverable information.

**REQUEST NO. 13:**

All documents concerning communications between you and your insureds concerning the allegations in the Complaint.

**RESPONSE:**

Plaintiff objects to this request as it calls for documents protected by the attorney-client privilege.

**REQUEST NO. 14:**

All documents identifying and substantiating the damage you contend you have suffered as a result of the conduct of Ferguson & Shamamian.

**RESPONSE:**

See response to Request No. 1.

**REQUEST NO. 15:**

All documents that you allege constitute statements by or on behalf of a party to this action regarding the Project and/or the incident(s) that is the subject of this lawsuit.

**RESPONSE:**

Plaintiff is not in possession of any statements.

**REQUEST NO. 16:**

All documents referred to in your answers to interrogatories propounded by Ferguson & Shamamian.

**RESPONSE:**

Documents have been previously supplied or attached to these responses.

**REQUEST NO. 17:**

All documents showing errors and omissions by Ferguson & Shamamian for which recovery is sought.

**RESPONSE:**

To the extent this request calls for a legal conclusion, no response is required. By way of further response, this request calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this request.

**REQUEST NO. 18:**

All documents concerning your attempts to mitigate damages and/or to salvage the goods damaged in the incident.

**RESPONSE:**

See response to Request No. 1.

**REQUEST NO. 19:**

All documents concerning your allegations in paragraph thirteen (13) of the Complaint that the incident occurred because the domestic water pipe was improperly installed in an area exposed to foreseeably cold and freezing temperatures.

**RESPONSE:**

To the extent this request calls for a legal conclusion, no response is required. By way of further response, this request calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this request.

**REQUEST NO. 20:**

All documents concerning your allegations in paragraph eighteen (18) of the Complaint that the damages sustained in this loss were the direct result of the negligence, carelessness and/or reckless conduct of the personnel and/or agents of Ferguson & Shamamian.

**RESPONSE:**

To the extent this request calls for a legal conclusion, no response is required. By way of further response, this request calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this request.

**REQUEST NO. 21:**

All documents concerning your allegations in paragraph nineteen (19) of the Complaint that as a direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or omissions of Ferguson & Shamamian, the domestic water pipe froze and ruptured, resulting in substantial damages to the Winkelreids' real and personal property.

**RESPONSE:**

To the extent this request calls for a legal conclusion, no response is required. By way of further response, this request calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this request.

**REQUEST NO. 22:**

All documents concerning the allegations paragraph twenty-three (23) of the Complaint that the damages sustained in this loss were the direct result of the negligence, carelessness and/or reckless conduct of the personnel and/or agents of Marden.

**RESPONSE:**

To the extent this request calls for a legal conclusion, no response is required. By way of further response, this request calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this request.

**REQUEST NO. 23:**

All documents concerning the allegations in paragraph twenty-four (24) of the Complaint that as a direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or omissions of Marden, the domestic water pipe froze and ruptured, resulting in substantial damages to the Winkelreids' real and personal property.

**RESPONSE:**

To the extent this request calls for a legal conclusion, no response is required. By way of further response, this request calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this request.

**REQUEST NO. 24:**

All documents concerning the allegations in paragraph twenty-nine (29) of the Complaint that Marden breached its expressed and/or implied warranties that its construction work would be performed in a good, safe and workmanlike manner, free from defects and in accordance with all applicable codes and standards.

**RESPONSE:**

To the extent this request calls for a legal conclusion, no response is required. By way of further response, this request calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this request.

**REQUEST NO. 25:**

All documents concerning the allegation in paragraph thirty (30) of the Complaint that as a direct and proximate result of Marden's breach of express and/or implied warranties, plaintiffs insured suffered substantial water damage to their real and personal property for which Great Northern paid its insured.

**RESPONSE:**

To the extent this request calls for a legal conclusion, no response is required. By way of further response, this request calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this request.

**REQUEST NO. 26:**

All documents related to this lawsuit relied on, given to or generated by any expert you intend to call as a witness at trial.

**RESPONSE:**

Plaintiff has not determined whom it will call as an expert witness at time of trial and will supplement this request at the appropriate time set forth by the court. Furthermore, this request calls for the production of documents protected by the attorney-client and work product privileges.

**REQUEST NO. 27:**

The internal files of the adjuster and firm that adjusted your insureds' loss.

**RESPONSE:**

The discoverable portions of the adjusters' claim file along with an accompanying

Privilege Log has been previously produced to counsel.


COZEN O'CONNOR


BY: _____
ROBERT M. CAPLAN, ESQUIRE
Attorneys for Plaintiff
1900 Market Street
Philadelphia, PA 19103
(215) 665-2000

Dated: 8/16/15

### PLAINTIFF'S VERIFICATION

       I, James Rogers, hereby verify that I have reviewed the above Request to Produce Documents of Defendant Ferguson & Shamamian Architects, LLP to Plaintiff and responses thereto and that they are true and accurate to the best of my knowledge and belief.

JAMES ROGERS
**Chubb Group of Insurance Companies**

Subscribed and sworn to
me this 5ᵗʰ day of August , 2005.

Notary Public

My Commission Expires: 8/25/2011

LISA M. SHANAHAN, Notary
My Commission Expires August 25, 2011

11

## CERTIFICATE OF MAILING

The undersigned states that he served a copy of Plaintiff's Answers to Defendant

Ferguson & Shamamian Architect, LLP's  Request to Produce Documents Addressed to Plaintiff

on the 15 day  of August, 2005 to:

Jay S. Gregory, Esquire
World Trade Center East
Two Seaport Lane
Boston, MA 02210


Kathleen Tulloh Brink, Esquire
Mintz, Levin, Cohn, Ferris,
Glovsky & Popeo, P.C.
One Financial Center
Boston, MA 02111


via First Class U.S. Mail.

ROBERT M. CAPLAN, ESQUIRE

PHILA1\2273486\1 147881.000

# EXHIBIT C

# DONOVAN | HATEM LLP

*counselors at law*

**Deborah F. Schwartz**
617 406 4577 direct
dschwartz@donovanhatem.com

August 19, 2005

VIA FACSIMILE
Robert M. Caplan, Esquire
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

**RE:    Great Northern Insurance Company v. Ferguson & Shamamian**
**Architects, LLP and W.B. Marden Company**
**Civil Action No. 05-CV-10165-RGS**
**DH File No:    2500.1938**

Dear Rob:

We are in receipt of the plaintiff's answers to the first set of interrogatories of Ferguson & Shamamian Architects, LLP ("Ferguson & Shamamian") and Rule 34 answer. The plaintiff's answers, however, fail to provide much of the information requested, as explained below. Accordingly, we request that the plaintiff provide supplemental answers providing all of the information requested by Ferguson & Shamamian.

The following are the specific deficiencies with the plaintiff's answers.

Interrogatory No. 5 requests that the plaintiff identify the item and dollar amount of damage followed by the conduct giving rise to such damage, the methodology used to calculate such damage and the basis for the plaintiff's contention that Ferguson & Shamamian caused such damage. Although the plaintiff's answer refers Ferguson & Shamamian to documents it has produced, the plaintiff's answer is insufficient because it does not state conduct giving rise to such damage, the methodology used to calculate such damage and the basis for the plaintiff's contention that Ferguson & Shamamian caused such damage.

Interrogatory No. 6 requests that to the extent not provided in the plaintiff's answer to Interrogatory No. 5, the plaintiff identify the conduct by Ferguson & Shamamian that the plaintiff contends caused the plaintiff to be damaged and the amount of the damage, followed by a description of what the plaintiff contends Ferguson & Shamamian's conduct should have been and why the damage the plaintiff identified would not have been incurred if Ferguson & Shamamian would have done what the plaintiff contends Ferguson & Shamamian was obligated to do. The plaintiff has failed to provide this information. The plaintiff's objection that "it is a contention interrogatory" is an inappropriate objection under the Federal Rules of Civil Procedure because Ferguson & Shamamian is allowed to ask interrogatories about the plaintiff's contentions. The

Robert M. Caplan, Esquire
August 19, 2005
Page 2

plaintiff has also waived its right to object by not timely answering Ferguson &
Shamamian's interrogatories. The plaintiff's answer also incorrectly states that the
interrogatory calls for an expert opinion because the interrogatory is asking the plaintiff
for the basis of its claims against Ferguson & Shamamian, which the plaintiff should be
able to provide. In addition, the plaintiff's answer is not responsive because the
plaintiff's answer does not identify the conduct by Ferguson & Shamamian that caused
the plaintiff to be damaged and the amount of the damage, what the plaintiff contends
Ferguson & Shamamian's conduct should have been and why the damage the plaintiff
identified would not have been incurred if Ferguson & Shamamian would have done
what the plaintiff contends Ferguson & Shamamian was obligated to do.

Interrogatory No. 7 requests that the plaintiff identify individuals other than Ferguson &
Shamamian that caused the plaintiff damage and state the item and dollar amount of
damage, the conduct giving rise to such damage, the methodology used to calculate
such item of damage and the basis for the plaintiff's contention that the individual
caused such damage. The plaintiff has failed to provide this information. The plaintiff's
objection that "it is a contention interrogatory" is an inappropriate objection under the
Federal Rules of Civil Procedure because Ferguson & Shamamian is allowed to ask
interrogatories about the plaintiff's contentions. The plaintiff has also waived its right to
object by not timely answering Ferguson & Shamamian's interrogatories. The plaintiff's
answer also incorrectly states that the interrogatory calls for an expert opinion because
the interrogatory is asking the plaintiff for the basis of its claims against individuals other
than Ferguson & Shamamian, such as the defendant W.B. Marden Company, which the
plaintiff should be able to provide.

Interrogatory 10 requests a description of all efforts the plaintiff took to mitigate the
subject loss, including, but not limited to, attempts to salvage goods allegedly damaged.
The plaintiff has failed to provide this information. The plaintiff's answer to see the copy
of the plaintiff's claim file previously produced is misleading because the plaintiff has
failed to produce any documents on salvage or mitigation of the loss.

Interrogatory No. 11 requests that the plaintiff state the basis for the plaintiff's allegation
in paragraph 13 of the Complaint. The plaintiff has waived its right to object by not
timely answering Ferguson & Shamamian's interrogatories. The plaintiff's answer also
incorrectly states that the interrogatory calls for an expert opinion because the
interrogatory is asking the plaintiff for the basis of an allegation in the Complaint, which
the plaintiff should be able to provide. In addition, the plaintiff's answer is insufficient
because it does not "state the basis" for the plaintiff's allegation in paragraph 13 of the
Complaint, as defined in the Definitions and Instructions section of Ferguson &
Shamamian's interrogatories.

Interrogatory No. 12 requests that the plaintiff state the basis for the plaintiff's allegation
in paragraph 18 of the Complaint. The plaintiff has waived its right to object by not
timely answering Ferguson & Shamamian's interrogatories. The plaintiff's answer also
incorrectly states that the interrogatory calls for an expert opinion because the
interrogatory is asking the plaintiff for the basis of an allegation in the Complaint, which
the plaintiff should be able to provide. In addition, the plaintiff's answer is insufficient

Robert M. Caplan, Esquire
August 19, 2005
Page 3

because it does not "state the basis" for the plaintiff's allegation in paragraph 18 of the
Complaint, as defined in the Definitions and Instructions section of Ferguson &
Shamamian's interrogatories.

Interrogatory No. 13 requests that the plaintiff state the basis for the plaintiff's allegation
in paragraph 19 of the Complaint. The plaintiff has waived its right to object by not
timely answering Ferguson & Shamamian's interrogatories. The plaintiff's answer also
incorrectly states that the interrogatory calls for an expert opinion because the
interrogatory is asking the plaintiff for the basis of an allegation in the Complaint, which
the plaintiff should be able to provide. In addition, the plaintiff's answer is insufficient
because it does not "state the basis" for the plaintiff's allegation in paragraph 19 of the
Complaint, as defined in the Definitions and Instructions section of Ferguson &
Shamamian's interrogatories.

Interrogatory No. 14 requests that the plaintiff state the basis for the plaintiff's allegation
in paragraph 23 of the Complaint. The plaintiff has waived its right to object by not
timely answering Ferguson & Shamamian's interrogatories. The plaintiff's answer also
incorrectly states that the interrogatory calls for an expert opinion because the
interrogatory is asking the plaintiff for the basis of an allegation in the Complaint, which
the plaintiff should be able to provide. In addition, the plaintiff's answer is insufficient
because it does not "state the basis" for the plaintiff's allegation in paragraph 23 of the
Complaint, as defined in the Definitions and Instructions section of Ferguson &
Shamamian's interrogatories.

Interrogatory No. 15 requests that the plaintiff state the basis for the plaintiff's allegation
in paragraph 24 of the Complaint. The plaintiff has waived its right to object by not
timely answering Ferguson & Shamamian's interrogatories. The plaintiff's answer also
incorrectly states that the interrogatory calls for an expert opinion because the
interrogatory is asking the plaintiff for the basis of an allegation in the Complaint, which
the plaintiff should be able to provide. In addition, the plaintiff's answer is insufficient
because it does not "state the basis" for the plaintiff's allegation in paragraph 24 of the
Complaint, as defined in the Definitions and Instructions section of Ferguson &
Shamamian's interrogatories.

Interrogatory No. 16 requests that the plaintiff state the basis for the plaintiff's allegation
in paragraph 29 of the Complaint. The plaintiff has waived its right to object by not
timely answering Ferguson & Shamamian's interrogatories. The plaintiff's answer also
incorrectly states that the interrogatory calls for an expert opinion because the
interrogatory is asking the plaintiff for the basis of an allegation in the Complaint, which
the plaintiff should be able to provide. In addition, the plaintiff's answer is insufficient
because it does not "state the basis" for the plaintiff's allegation in paragraph 29 of the
Complaint, as defined in the Definitions and Instructions section of Ferguson &
Shamamian's interrogatories.

Interrogatory No. 17 requests that the plaintiff state the basis for the plaintiff's allegation
in paragraph 30 of the Complaint. The plaintiff has waived its right to object by not
timely answering Ferguson & Shamamian's interrogatories. The plaintiff's answer also

Robert M. Caplan, Esquire
August 19, 2005
Page 4

incorrectly states that the interrogatory calls for an expert opinion because the interrogatory is asking the plaintiff for the basis of an allegation in the Complaint, which the plaintiff should be able to provide. In addition, the plaintiff's answer is insufficient because it does not "state the basis" for the plaintiff's allegation in paragraph 30 of the Complaint, as defined in the Definitions and Instructions section of Ferguson & Shamamian's interrogatories.

Request No. 5 requests all documents that the plaintiff has supplied or made available to each consultant and/or expert whom the plaintiff has retained in this case. The plaintiff's objections are inappropriate because the requested documents are not attorney-client documents since the plaintiff's expert is not the attorney or the client and the documents are not attorney work product documents since the plaintiff's expert is not the plaintiff's attorney. In addition, the plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents.

Request No. 7 requests all contracts or agreements that the plaintiff's insureds entered into in connection with the Project. The plaintiff's objection that the request is overly broad, burdensome vague and ambiguous is inappropriate because the request has been narrowly tailored and the terms in the request have been defined. The plaintiff's objection that the term "Project" is undefined is incorrect because it is defined in the Definitions and Instructions section of Ferguson & Shamamian's request for production of documents. In addition, the plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents.

Request No. 8 requests all contracts or agreements between the plaintiff and the plaintiff's insureds involving the Project. The plaintiff's objection that the request is overly broad, burdensome vague and ambiguous is inappropriate because the request has been narrowly tailored and the terms in the request have been defined. The plaintiff's objection that the term "Project" is undefined is incorrect because it is defined in the Definitions and Instructions section of Ferguson & Shamamian's request for production of documents. In addition, the plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents. In addition, the plaintiff's answer is not responsive because the request asks for all contracts or agreements involving the Project and the plaintiff's answer is limited to the construction.

Request No. 10 requests all documents concerning communications between the plaintiff and/or the plaintiff's insureds and Ferguson & Shamamian concerning the allegations in the Complaint. The plaintiff's answer that Ferguson & Shamamian "should be in possession of any such correspondence between itself and the plaintiff or plaintiff's counsel regarding this incident" is inappropriate. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents. The plaintiff's answer is also not responsive because the request asks for all documents concerning communications between the plaintiff and/or the plaintiff's insureds and Ferguson & Shamamian and the plaintiff's answer is limited to correspondence between Ferguson & Shamamian and the plaintiff or plaintiff's counsel.

Robert M. Caplan, Esquire
August 19, 2005
Page 5

Request No. 12 requests all documents concerning communications between the plaintiff and/or the plaintiff's insured and any contractor and/or subcontractor on the Project concerning the allegations in the Complaint. The plaintiff's objection that the request is overly broad, burdensome vague and ambiguous and that the request is not calculated to lead to any discoverable information is inappropriate because the request has been narrowly tailored to the allegations in the Complaint and the terms in the request have been defined. In addition, the plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents.

Request No. 13 requests all documents concerning communications between the plaintiff and the plaintiff's insureds concerning the allegations in the Complaint. The plaintiff's objection that the request calls for documents protected by the attorney-client privilege is inappropriate because the plaintiff's insured is neither an attorney nor a client. In addition, the plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents.

Request No. 14 requests all documents identifying and substantiating the damage the plaintiff contends that it has suffered as a result of the conduct of Ferguson & Shamamian. The plaintiff's answer to see the plaintiff's Rule 26(a)(1) disclosures is insufficient because the disclosures do not differentiate the damages allegedly caused by Ferguson & Shamamian as opposed to the other defendant.

Request No. 17 requests all documents showing errors and omissions by Ferguson & Shamamian for which recovery is sought. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents. In addition, the plaintiff's answer incorrectly states that the request calls for an expert opinion because the request is asking the plaintiff for documents to support its claim that Ferguson & Shamamian did something wrong on the Project, which the plaintiff should be able to provide.

Request No. 18 requests all documents concerning the plaintiff's attempts to mitigate damages and/or to salvage the goods damaged in the incident. The plaintiff has failed to produce any documents responsive to this request.

Request No. 19 requests all documents concerning the plaintiff's allegation in paragraph 13 of the Complaint. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents. The plaintiff's answer also incorrectly states that the request calls for an expert opinion because the request is asking the plaintiff to provide documentary support for an allegation in the Complaint, which the plaintiff should be able to provide.

Request No. 20 requests all documents concerning the plaintiff's allegation in paragraph 18 of the Complaint. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents. The plaintiff's answer also incorrectly states that the request calls for an expert opinion because the request is asking the plaintiff to provide documentary support for an allegation in the Complaint, which the plaintiff should be able to provide.

Robert M. Caplan, Esquire
August 19, 2005
Page 6

Request No. 21 requests all documents concerning the plaintiff's allegation in paragraph 19 of the Complaint. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents. The plaintiff's answer also incorrectly states that the request calls for an expert opinion because the request is asking the plaintiff to provide documentary support for an allegation in the Complaint, which the plaintiff should be able to provide.

Request No. 22 requests all documents concerning the plaintiff's allegation in paragraph 23 of the Complaint. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents. The plaintiff's answer also incorrectly states that the request calls for an expert opinion because the request is asking the plaintiff to provide documentary support for an allegation in the Complaint, which the plaintiff should be able to provide.

Request No. 23 requests all documents concerning the plaintiff's allegation in paragraph 24 of the Complaint. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents. The plaintiff's answer also incorrectly states that the request calls for an expert opinion because the request is asking the plaintiff to provide documentary support for an allegation in the Complaint, which the plaintiff should be able to provide.

Request No. 24 requests all documents concerning the plaintiff's allegation in paragraph 29 of the Complaint. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents. The plaintiff's answer also incorrectly states that the request calls for an expert opinion because the request is asking the plaintiff to provide documentary support for an allegation in the Complaint, which the plaintiff should be able to provide.

Request No. 25 requests all documents concerning the plaintiff's allegation in paragraph 30 of the Complaint. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents. The plaintiff's answer also incorrectly states that the request calls for an expert opinion because the request is asking the plaintiff to provide documentary support for an allegation in the Complaint, which the plaintiff should be able to provide.

Request No. 26 requests all documents related to this lawsuit relied on, given to or generated by any expert the plaintiff intends to call as a witness at trial. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents. The plaintiff's objections are inappropriate because the requested documents are not attorney-client documents since the plaintiff's expert is not the attorney or the client and the documents are not attorney work product documents since the plaintiff's expert is not the plaintiff's attorney.

In addition, a number of the documents the plaintiff claims are privileged are not. Specifically, the following documents should be produced.

Robert M. Caplan, Esquire
August 19, 2005
Page 7

WINK00003 is claimed privileged under the attorney-client privilege and mental impressions. An internal Chubb e-mail discussing subrogation, however, does not fall under the attorney-client privilege because the communication was internal, not between an attorney and client. Mental impressions of a client are also not privileged information.

WINK00033 is claimed privileged under the attorney-client privilege and mental impressions. An internal Chubb e-mail discussing subrogation, however, does not fall under the attorney-client privilege because the communication was internal, not between an attorney and client. Mental impressions of a client are also not privileged information.

WINK00040 is claimed privileged under the attorney-client privilege and mental impressions. An internal Chubb e-mail discussing subrogation, however, does not fall under the attorney-client privilege because the communication was internal, not between an attorney and client. Mental impressions of a client are also not privileged information.

WINK00042- 00043 is claimed privileged under the attorney-client privilege and mental impressions. A subrogation analysis worksheet discussing subrogation, however, does not fall under the attorney-client privilege because the communication was internal, not between an attorney and client. Mental impressions of a client are also not privileged information.

WINK00051 is claimed privileged under the attorney-client privilege and mental impressions. An internal Chubb file memo by J. Rogers discussing subrogation, however, does not fall under the attorney-client privilege because the communication was internal, not between an attorney and client. Mental impressions of a client are also not privileged information.

WINK00059 is claimed privileged under the attorney-client privilege and mental impressions. An internal Chubb file memo by J. Rogers discussing subrogation recovery, however, does not fall under the attorney-client privilege because the communication was internal, not between an attorney and client. Mental impressions of a client are also not privileged information.

WINK00063 is claimed privileged under the attorney-client privilege and mental impressions. An internal Chubb file memo by J. Rogers discussing claim status, however, does not fall under the attorney-client privilege because the communication was internal, not between an attorney and client. Mental impressions of a client are also not privileged information.

WINK00065 is claimed privileged under the attorney-client privilege and mental impressions. An internal Chubb file memo by J. Rogers discussing subrogation recovery, however, does not fall under the attorney-client privilege because the communication was internal, not between an attorney and client. Mental impressions of a client are also not privileged information.

Robert M. Caplan, Esquire
August 19, 2005
Page 8

WINK00079 is claimed privileged under the attorney-client privilege and mental impressions. An internal Chubb file memo by J. Rogers discussing subrogation recovery, however, does not fall under the attorney-client privilege because the communication was internal, not between an attorney and client. Mental impressions of a client are also not privileged information.

WINK00098 is claimed privileged under the attorney-client privilege and mental impressions. An internal Chubb file memo by J. Rogers discussing subrogation recovery, however, does not fall under the attorney-client privilege because the communication was internal, not between an attorney and client. Mental impressions of a client are also not privileged information.

WINK00101 is claimed privileged under the attorney-client privilege and mental impressions. An internal Chubb file memo by J. Rogers discussing case strategy, however, does not fall under the attorney-client privilege because the communication was internal, not between an attorney and client. Mental impressions of a client are also not privileged information.

WINK00103 is claimed privileged under the attorney-client privilege and mental impressions. An internal Chubb file memo by J. Rogers discussing subrogation recovery, however, does not fall under the attorney-client privilege because the communication was internal, not between an attorney and client. Mental impressions of a client are also not privileged information.

WINK00106 is claimed privileged under the attorney-client privilege. A letter from plaintiff's counsel to J. Trebby, an employee of the general contractor does not fall under the attorney-client privilege because Mr. Trebby is not the client of the plaintiff's counsel in this matter.

WINK00110- 00112 is claimed privileged under the attorney-client privilege and work product privilege. A letter from John Certuse, the plaintiff's expert, however, does not fall under the attorney-client privilege because the communication was not between an attorney and client. The letter does not fall under the attorney work product privilege because Mr. Certuse is not an attorney in this matter.

Furthermore, the plaintiff's document production failed to provide a number of documents, including, but not limited to, measurements of what happened, salvage information, stick-by-stick take off, finalized beck bid, report by Industrial Services & Engineering, and Mr. Larges' spreadsheet.

The information requested in Ferguson & Shamamian's First Set of Interrogatories and Rule 34 Request and described in detail above is discoverable and Ferguson & Shamamian is entitled to it under the Rules of Civil Procedure. At this time, we request that you provide to us supplemental answers in order to avoid motion practice. If you disagree with the foregoing, please consider this a request for a Local Rule 7.1 Conference and contact me as soon as possible.

Robert M. Caplan, Esquire
August 19, 2005
Page 9


Thank you for your attention to this matter.


Very truly yours,

Deborah Schwartz

cc:     Jay S. Gregory, Esq.
        Kathleen Brink, Esq.
        Patrick J. Loftus, III, Esq.
00939106

# EXHIBIT D



PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES

## COZEN
## O'CONNOR
ATTORNEYS

A PROFESSIONAL CORPORATION

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

August 25, 2005

**Daniel J. Luccaro**
Direct Phone 215.665.6968
Direct Fax    215.701.2368
dluccaro@cozen.com

**VIA FACSIMILE**

Deborah F. Schwartz, Esquire
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Re:    **Great Northern Insurance Company a/s/o**
       **Jon & Abby Winkelried v. Ferguson & Shamamian Architects, et al**
       **Our File No:  147881**

Dear Ms. Schwartz:

This is in response to your letter of August 19, 2005 regarding the alleged deficiencies in plaintiff's discovery responses. Please consider this letter a supplement to plaintiff's reponses.

Interrogatories # 5,6,7 & 10 requested information regarding the damages in this case. Plaintiff has produced its entire claim file which details the amount paid, breaks down the damages and provides estimates for the cost of repairing and/or replacing the damaged real and personal property. Plaintiff's answers referring to documents produced is an appropriate response. Moreover, you will have an opportunity to depose plaintiff's insureds and adjusters to get further details regarding the adjustment process.

With regard to the specific damages attributable to defendant Ferguson & Shamamian Architects (hereinafter "FSA"), plaintiff's position is that any damages resulting from the incident are attributable to FSA's conduct in designing the house such that a water pipe was placed in an unheated void space where it was susceptible to freezing.

Interrogatories #11-16 request further information regarding plaintiff's allegations in the Complaint. The factual basis for plaintiff's claim is the improper design of the house with regard to the piping system. Specifically, FSA designed the house such that a water pipe was placed in an unheated void space where it was susceptible to freezing. To the extent your interrogatories request more detailed information, these interrogatories are contention interrogatories. Plaintiff asserts that it must complete discovery before it can provide more detailed answers to these interrogatories. Rule 33 (c) of the Federal Rules of Civil Procedure recognizes that an interrogatory that involves an opinion or contention that relates to fact or the application of law to fact may not have to be answered until after designated discovery has been completed.

Deborah F. Schwartz, Esquire
August 25, 2005
Page 2

Plaintiff will supplement its answers to these contention interrogatories after the close of discovery. In addition, plaintiff's expert reports, which will be produced in accordance with the Court's Scheduling Order, will supplement these answers.

Document requests #7, 8, 10 & 12 seek documentation relating to the project, including contracts and communications with contractors. Plaintiff is attempting to get this information from its insured and will produce any such information which is still in the insured's possession.

Document request #13 seeks the production of any correspondence between plaintiff and plaintiff's insured. Any such documents were already produced as part of the claim file.

Your objection to plaintiff's response to request #14 is that plaintiff's disclosures do not differentiate between damages caused by FSA and other defendants. As discussed above, plaintiff alleges that all damages from this incident are potentially attributable to FSA's acts or omissions.

Document requests #17, 19, 20, 21, 22, 23, 24, 25 and 26 request documents supporting contentions in plaintiff's complaint. Plaintiff has produced any such documents currently in its possession as part of its Rule 26 disclosures. Plaintiff expects that additional documents supporting its contentions will be produced by other parties during the course of discovery. Plaintiff will supplement its response to these requests at the close of discovery.

Finally, you object to plaintiff's assertion of privilege with regard to certain documents from plaintiff's claim file. You assert that various Chubb file memos and subrogation analysis are not protected because they are mental impressions of the client. Within a few days of this loss, counsel was involved for plaintiff. Any internal Chubb memos regarding subrogation memorialize conversations with counsel and are therefore protected by the attorney client privilege.

I hope that this letter addresses your concerns regarding plaintiff's discovery responses and that you will not find it necessary to involve the Court in this minor discovery dispute. However, should you chose to do so, we believe our discovery responses as amended by this letter are appropriate.

Very truly yours,

COZEN O'CONNOR

By:    Daniel J. Luccaro

cc:    Kathleen Tulloh Brink, Esquire
       Patrick Loftus, Esquire



2500·1938

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES

**COZEN**
**O'CONNOR**
ATTORNEYS

A PROFESSIONAL CORPORATION

NEWARK
NEW YORK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

## FACSIMILE

FROM:  Daniel J. Luccaro

SENDER'S PHONE:   215.665.6968

# OF PAGES (INCLUDING COVER):   3

DATE:   August 25, 2005

TIMEKEEPER NO.:    2059

SENDER'S FAX:   215.701.2368

FILE NAME:    WINKELREID

FILE #:    147881

| RECIPIENT(S) | PHONE | FAX |
|---|---|---|
| Kathleen Tulloh Brink, Esquire Mintz, Levin, Cohn, Ferris, Glovsly & Popeo, P.C. | 617-348-1877 | 617-542-2241 |
| Deborah Schwartz, Esquire Donovan Hatem, LLP | 617-406-4500 | 617-406-4501 |
| Patrick Loftus | (617) 723-7770 | (617) 248-9752 |

MESSAGE:

AUG 25 '05 PM3:23

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL 215.665.2000 or 800.523.2900 IMMEDIATELY.

THIS TRANSMISSION IS ALSO BEING SENT VIA:

☐ Regular Mail
☐ Certified Mail
☐ Hand Delivery
☐ Overnight Mail
☐ Federal Express
☐ E-Mail

FAXED BY _____
CONFIRMED BY _____
PACKAGED BY _____

NOTICE
The information contained in this transmission is privileged and confidential. It is intended for the use of the individual or entity named above. If the reader of this message is not the intended addressee, the reader is hereby notified that any consideration, dissemination or duplication of this communication is strictly prohibited. If the addressee has received this communication in error, please return this transmission to us at the above address by mail. We will reimburse you for postage. In addition, if this communication was received in the U.S., please notify us immediately by phoning and asking for the Fax Center.

# EXHIBIT E

# DONOVAN | HATEM LLP
*counselors at law*

**Deborah F. Schwartz**
617 406 4577  direct
dschwartz@donovanhatem.com

August 30, 2005

<u>VIA FACSIMILE</u>
Daniel J. Luccaro
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

**RE:** **Great Northern Insurance Company v. Ferguson & Shamamian**
**Architects, LLP and W.B. Marden Company**
**Civil Action No. 05-CV-10165-RGS**
**DH File No:    2500.1938**

Dear Dan:

Thank you for your August 25, 2005 response to my August 19, 2005 letter which requests that the plaintiff provide supplemental answers to the first set of interrogatories of Ferguson & Shamamian and Rule 34 answer. Your response, however, still fails to provide much of the information requested, as explained below. Accordingly, we again request that the plaintiff provide supplemental answers providing all of the information requested by Ferguson & Shamamian.

The following are the specific deficiencies with the plaintiff's answers.

<u>INTERROGATORIES</u>

Interrogatory No. 5 requests that the plaintiff identify the item and dollar amount of damage followed by the conduct giving rise to such damage, the methodology used to calculate such damage and the basis for the plaintiff's contention that Ferguson & Shamamian caused such damage. Although the supplemental response refers Ferguson & Shamamian to documents it has produced and states the basis for plaintiff's contention that Ferguson & Shamamian caused such damage, the plaintiff's answer is insufficient because it does not state the amount of damage or the methodology used to calculate such damage.

Interrogatory No. 6 requests that to the extent not provided in the plaintiff's answer to Interrogatory No. 5, the plaintiff identify the conduct by Ferguson & Shamamian that the plaintiff contends caused the plaintiff to be damaged and the amount of the damage, followed by a description of what the plaintiff contends Ferguson & Shamamian's conduct should have been and why the damage the plaintiff identified would not have been incurred if Ferguson & Shamamian would have done what the plaintiff contends Ferguson & Shamamian was obligated to do. Although the supplemental response

Daniel J. Luccaro
August 30, 2005
Page 2

refers Ferguson & Shamamian to documents it has produced and states the basis for plaintiff's contention that Ferguson & Shamamian caused such damage, the plaintiff's answer is insufficient because it does not provide a response "to the extent not provided in the plaintiff's answer to Interrogatory No. 5." In addition, the plaintiff's answer is insufficient because the plaintiff's answer does not identify the amount of damage, what the plaintiff contends Ferguson & Shamamian's conduct should have been and why the damage the plaintiff identified would not have been incurred if Ferguson & Shamamian would have done what the plaintiff contends Ferguson & Shamamian was obligated to do.

Interrogatory No. 7 requests that the plaintiff identify individuals other than Ferguson & Shamamian that caused the plaintiff damage and state the item and dollar amount of damage, the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for the plaintiff's contention that the individual caused such damage. The plaintiff has failed to provide this information. Although the supplemental response refers Ferguson & Shamamian to documents it has produced and states the basis for plaintiff's contention that Ferguson & Shamamian caused such damage, the plaintiff's answer fails to identify individuals other than Ferguson & Shamamian that caused the plaintiff damage and state the item and dollar amount of damage, the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for the plaintiff's contention that the individual caused such damage.

Interrogatory 10 requests a description of all efforts the plaintiff took to mitigate the subject loss, including, but not limited to, attempts to salvage goods allegedly damaged. The plaintiff has still failed to provide this information. The plaintiff's answer to see the copy of the plaintiff's claim file previously produced is misleading because the plaintiff has failed to produce any documents on salvage or mitigation of the loss.

Interrogatory Nos. 11-16 request that the plaintiff state the basis for specific allegations in the Complaint. Interrogatory No. 11 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 13 of the Complaint, Interrogatory No. 12 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 18 of the Complaint, Interrogatory No. 13 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 19 of the Complaint, Interrogatory No. 14 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 23 of the Complaint, Interrogatory No. 15 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 24 of the Complaint, and Interrogatory No. 16 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 29 of the Complaint. The plaintiff has still failed to provide any of this information. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's interrogatories. The plaintiff's answers incorrectly states Interrogatory Nos. 11-16 are contention interrogatories and that Rule 33(c) of the Federal Rules of Civil Procedure recognizes that an interrogatory that involves an opinion or contention that relates to fact or the application of law to fact need not be answered until after discovery has been completed. In reality, Rule 33(c) states that interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), which includes any matter, not privileged, that is relevant to the claim of any party, and

Daniel J. Luccaro
August 30, 2005
Page 3

that the court may order that an interrogatory involving an opinion or contention that relates to fact or the application of law to fact need not be answered until after designated discovery has been completed or until a pre-trial conference or other later discovery. In this case, Interrogatory Nos. 11-16 relate to claims of the plaintiff and the Court has not ordered that the interrogatories need not be answered yet. In addition, the plaintiff's answers fail to "state the basis" for the plaintiff's allegation in paragraphs 13, 18, 19, 23, 24, and 29 respectively in the Complaint, as defined in the Definitions and Instructions section of Ferguson & Shamamian's interrogatories, namely,(a) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; (b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; (c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and (d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

Interrogatory No. 17 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 30 of the Complaint. Your response fails to supplement the plaintiff's answer to Interrogatory No. 17 and accordingly the answer to Interrogatory No. 17 is still insufficient. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's interrogatories. The plaintiff's answer also incorrectly states that the interrogatory calls for an expert opinion because the interrogatory is asking the plaintiff for the basis of an allegation in the Complaint, which the plaintiff should be able to provide. In addition, the plaintiff's answer is insufficient because it does not "state the basis" for the plaintiff's allegation in paragraph 30 of the Complaint, as defined in the Definitions and Instructions section of Ferguson & Shamamian's interrogatories.

REQUEST FOR DOCUMENTS

Request No. 5 requests all documents that the plaintiff has supplied or made available to each consultant and/or expert whom the plaintiff has retained in this case. Your response fails to supplement the plaintiff's answer to Request No. 5 and accordingly the answer to Interrogatory No. 5 is still insufficient. The plaintiff's objections are inappropriate because the requested documents are not attorney-client documents since the plaintiff's expert is not the attorney or the client and the documents are not attorney work product documents since the plaintiff's expert is not the plaintiff's attorney. In addition, the plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents.

Request Nos. 7, 8, 10 and 12 seek documents relating to the project. Request No. 7 requests all contracts or agreements that the plaintiff's insureds entered into in connection with the Project, Request No. 8 requests all contracts or agreements between the plaintiff and the plaintiff's insureds involving the Project, Request No. 10

Daniel J. Luccaro
August 30, 2005
Page 4

requests all documents concerning communications between the plaintiff and/or the plaintiff's insureds and Ferguson & Shamamian concerning the allegations in the Complaint, and Request No. 12 requests all documents concerning communications between the plaintiff and/or the plaintiff's insured and any contractor and/or subcontractor on the Project concerning the allegations in the Complaint. Your response that the plaintiff is "attempting to get this information from its insured and will produce any such information which is still in the insured's possession" is unacceptable. The plaintiff has had over 5.5 months, since the Rule 34 Request was served on March 14, 2005, to obtain this information. Please produce this information immediately.

Request No. 18 requests all documents concerning the plaintiff's attempts to mitigate damages and/or to salvage the goods damaged in the incident. Your response fails to supplement the plaintiff's answer to Request No. 18 and accordingly the answer to Interrogatory No. 18 is still insufficient. The plaintiff has failed to produce any documents responsive to this request.

In addition, a number of the documents the plaintiff claims are privileged are not. Specifically, the following documents should be produced.

WINK00042- 00043 is claimed privileged under the attorney-client privilege and mental impressions. Your response states that "[a]ny internal Chubb memos regarding subrogation memorialize conversations with counsel and are therefore protected by the attorney client privilege. A subrogation analysis worksheet discussing subrogation, however, would not memorialize conversations with counsel and therefore would not fall under the attorney-client privilege. Mental impressions of a client are also not privileged information.

WINK00106 is claimed privileged under the attorney-client privilege. A letter from plaintiff's counsel to J. Trebby, an employee of the general contractor does not fall under the attorney-client privilege because Mr. Trebby is not the client of the plaintiff's counsel in this matter. Your response fails to address this document and WINK00106 should be produced immediately.

WINK00110- 00112 is claimed privileged under the attorney-client privilege and work product privilege. A letter from John Certuse, the plaintiff's expert, however, does not fall under the attorney-client privilege because the communication was not between an attorney and client. The letter does not fall under the attorney work product privilege because Mr. Certuse is not an attorney in this matter. Your response fails to address this document and WINK00110- 00112 should be produced immediately.

Furthermore, the plaintiff's document production failed to provide a number of documents, including, but not limited to, measurements of what happened, salvage information, stick-by-stick take off, finalized beck bid, report by Industrial Services & Engineering, and Mr. Larges' spreadsheet. Your response fails to address these documents and they should be produced immediately.

Daniel J. Luccaro
August 30, 2005
Page 5

The information requested in Ferguson & Shamamian's First Set of Interrogatories and Rule 34 Request and described in detail above is discoverable and Ferguson & Shamamian is entitled to it under the Rules of Civil Procedure. At this time, we again request that you provide to us supplemental answers in order to avoid motion practice. If you disagree with the foregoing, please consider this a request for a Local Rule 7.1 Conference and contact me as soon as possible.

Thank you for your attention to this matter.


Very truly yours,

Deborah Schwartz

cc:    Jay S. Gregory, Esq.
       Kathleen Brink, Esq.
       Patrick J. Loftus, III, Esq.
       Robert M. Caplan, Esq.

00941401

```
***********************
***   TX REPORT   ***
***********************

TRANSMISSION OK

TX/RX NO              3027
CONNECTION TEL       0#2500#1938#12157012491#
CONNECTION ID
ST. TIME             08/30 10:33
USAGE T              02'13
PGS. SENT                6
RESULT               OK
```

# DONOVAN | HATEM LLP

*counselors at law*

# FACSIMILE TRANSMITTAL

Date:  Augu st 30, 2005                    Case/Matter:  2500.1938

                                           Attorney No:      440

To:                     Facsimile Number:        Telephone Number:

Daniel J. Luccaro, Esq.    215-701-
                           2491
  Cozen and O'Connor

From:  D. Schwartz        Number of Pages (including cover):    6

Message:

00941728

# DONOVAN | HATEM LLP

*counselors at law*

## FACSIMILE TRANSMITTAL

Date: __August 30, 2005__

Case/Matter: __2500.1938__
Attorney No: __440__

To:

Daniel J. Luccaro, Esq.

Cozen and O'Connor

Facsimile Number:

215-701-2491

Telephone Number:

From: __D. Schwartz__

Number of Pages (including cover): __6__

Message:

00941728

If you experience any problems with this transmission or do not receive all pages, please call 617-406-4545.

This facsimile is attorney-client privileged and contains confidential information intended only for the person(s) named above. Any other distribution, copying, or disclosure is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the original to us by mail without making a copy.

Operator:_____

World Trade Center East
Two Seaport Lane
Boston, MA 02210

617 406 4500 main
617 406 4501 fax
www.donovanhatem.com

# EXHIBIT F

```
                    *******************************
                    ***   MULTI TX/RX REPORT   ***
                    *******************************

TX/RX NO              2232
PGS.                  2
TX/RX INCOMPLETE      -----
TRANSACTION OK        (1)   440#2500#1938#12157012491#
                      (2)   440#2500#1938#16175422241#
                      (3)   440#2500#1938#16172489752#

ERROR INFORMATION     -----
```

# DONOVAN | HATEM LLP

*counselors at law*

# FACSIMILE TRANSMITTAL

Date:  July 18, 2005 _____          Case/Matter: _____ 2500.1938
                                               Attorney No: _____ 440

To:                          Facsimile Number:       Telephone Number:

   Robert M. Caplan, Esq. _____        215-701-2491 _____       _____

     Cozen and O'Connor _____                                     _____


     Kathleen Brink, Esq. _____        617-542-2241       _____

   Mintz, Levin, Cohn, Ferris, Glovsky
   and Popeo P.C. _____                 _____    _____


   _____                        617-248-
   Patrick J. Loftus, III, Esq. _____   9752 _____       _____

     Law Office of Patrick J. Loftus,
     III, Esq. _____

From:  D. Schwartz _____       Number of Pages (including cover): _____ 2

Message:

00932188

**DONOVAN | HATEM LLP**

*counselors at law*

# FACSIMILE TRANSMITTAL

Date:  July 18, 2005              Case/Matter: _____ 2500.1938

                                                Attorney No: _____ 440

To:                          Facsimile Number:          Telephone Number:

   Robert M. Caplan, Esq.            215-701-2491

      Cozen and O'Connor

      Kathleen Brink, Esq.            617-542-2241

   Mintz, Levin, Cohn, Ferris, Glovsky
   and Popeo P.C.

                                            617-248-9752

   Patrick J. Loftus, III, Esq.

      Law Office of Patrick J. Loftus,
      III, Esq.

From:  D. Schwartz              Number of Pages (including cover): _____ 2

Message:

00932188

If you experience any problems with this transmission or do not receive all pages, please call 617-406-4545.

This facsimile is attorney-client privileged and contains confidential information intended only for the person(s) named above.  Any other distribution, copying, or disclosure is strictly prohibited.  If you have received this facsimile in error, please notify us immediately by telephone and return the original to us by mail without making a copy.

Operator:_____

World Trade Center East
Two Seaport Lane
Boston, MA 02210

617 406 4500 main
617 406 4501 fax
www.donovanhatem.com

# DONOVAN | HATEM LLP

**counselors at law**

**Deborah F. Schwartz**
617 406 4577  direct
dschwartz@donovanhatem.com

July 18, 2005

<u>VIA FACSIMILE</u>
Robert M. Caplan, Esquire
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

**RE:**    **Great Northern Insurance Company v. Ferguson & Shamamian**
**Architects, LLP and W.B. Marden Company**
**Civil Action No. 05-CV-10165-RGS**
**DH File No:    2500.1938**

Dear Rob:

This letter is to follow up on the telephone conversation we had on Wednesday, July 13, 2005, regarding the plaintiff's responses to Ferguson & Shamamian's interrogatories and request for production of documents.  Pursuant to the Joint Scheduling Conference Statement, discovery responses were due on June 30, 2005.  To date, however, you have failed to provide your client's responses.  Please provide the responses immediately as they are overdue.

In addition, you stated that you retained Tom Eager of MIT as your metallurgical expert, even though we had agreed months ago to use him as our independent metallurgist.  You also stated that Mr. Eager had taken photographs and done other things with the pipe.  Please produce the photographs and documents immediately and explain what Mr. Eager has done.

Thank you for your attention to this matter.

Very truly yours,

*Deborah F Schwartz*

Deborah Schwartz

cc:    Jay S. Gregory, Esq.
       Kathleen Brink, Esq.
       Patrick J. Loftus, III, Esq.
00931464

World Trade Center East      617 406 4500  main
Two Seaport Lane      617 406 4501  fax
Boston, MA 02210      www.donovanhatem.com

# EXHIBIT G

```
**********************************
***   MULTI TX/RX REPORT   ***
**********************************
```

| | | |
|---|---|---|
| TX/RX NO | 2564 | |
| PGS. | 2 | |
| TX/RX INCOMPLETE | ----- | |
| TRANSACTION OK | (1) | 440#2500#1938#12157012491# |
| | (2) | 440#2500#1938#16175422241# |
| | (3) | 440#2500#1938#16172489752# |
| ERROR INFORMATION | ----- | |

# DONOVAN | HATEM LLP
### counselors at law

## FACSIMILE TRANSMITTAL

Date: August 3, 2005                    Case/Matter: 2500.1938

                                        Attorney No: 440

To:                         Facsimile Number:         Telephone Number:

  Robert M. Caplan, Esq.      215-701-2491

    Cozen and O'Connor


  Kathleen Brink, Esq.        617-542-2241

  Mintz, Levin, Cohn, Ferris, Glovsky
  and Popeo P.C.


  Patrick J. Loftus, III, Esq.    617-248-
                                 9752
    Law Office of Patrick J. Loftus,
    III, Esq

From:  D. Schwartz              Number of Pages (including cover):    2

Message:

00935951

**DONOVAN | HATEM LLP**

| *counselors at law*

# FACSIMILE TRANSMITTAL

Date: __August 3, 2005_____

Case/Matter: _____2500.1938__

Attorney No: _____440_____

To:                                    Facsimile Number:              Telephone Number:

__Robert M. Caplan, Esq._____    __215-701-2491___    _____

__Cozen and O'Connor_____

_____    _____    _____

__Kathleen Brink, Esq._____    617-542-2241

Mintz, Levin, Cohn, Ferris, Glovsky
and Popeo P.C._____     _____    _____

_____

                                    617-248
__Patrick J. Loftus, III, Esq.____    9752_____    _____

__Law Office of Patrick J. Loftus,
III, Esq._____

From: __D. Schwartz_____    Number of Pages (including cover): _____2____

Message:

00935951

If you experience any problems with this transmission or do not receive all pages, please call 617-406-4545.

This facsimile is attorney-client privileged and contains confidential information intended only for the person(s) named above. Any other distribution, copying, or disclosure is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the original to us by mail without making a copy.

Operator:_____

**World Trade Center East**
**Two Seaport Lane**
**Boston, MA 02210**

**617 406 4500** main
**617 406 4501** fax
www.donovanhatem.com

# DONOVAN | HATEM LLP

## counselors at law

**Deborah F. Schwartz**
617 406 4577 direct
dschwartz@donovanhatem.com

August 3, 2005

<u>VIA FACSIMILE</u>
Robert M. Caplan, Esquire
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

**RE:    Great Northern Insurance Company v. Ferguson & Shamamian
Architects, LLP and W.B. Marden Company
Civil Action No. 05-CV-10165-RGS
DH File No:    2500.1938**

Dear Rob:

This letter is to follow up on the plaintiff's failure to provide responses to Ferguson & Shamamian's interrogatories and request for production of documents. Pursuant to the Joint Scheduling Conference Statement, discovery responses were due on June 30, 2005. On July 13, 2005, you stated that you would provide the plaintiff's responses shortly. To date, however, you have failed to provide the plaintiff's responses.

Please provide the plaintiff's responses immediately as they are over 30 days overdue. If we do not receive the plaintiff's responses by August 10, 2005, we will file a motion with the court to compel the responses.

Thank you for your attention to this matter.

Very truly yours,

Deborah Schwartz

cc:    Jay S. Gregory, Esq.
Kathleen Brink, Esq.
Patrick J. Loftus, III, Esq.
00935903

World Trade Center East    617 406 4500 main
Two Seaport Lane    617 406 4501 fax
Boston, MA 02210    www.donovanhatem.com

# EXHIBIT H

```
                        **********************
                  ***     TX REPORT    ***
                        **********************

        TRANSMISSION OK

        TX/RX NO              2852
        CONNECTION TEL        40#2500#1938#2157012491#
        CONNECTION ID
        ST. TIME              07/31 15:59
        USAGE T               02'29
        PGS. SENT                7
        RESULT                OK
```

# DONOVAN | HATEM LLP

*counselors at law*

# FACSIMILE TRANSMITTAL

Date: __July 31, 2006__                  Case/Matter: ___2500.1938___

                                         Attorney No: _____440_____

To:                    Facsimile Number:          Telephone Number:

James Cullen, Esq.       215-701-2491

    Cozen and O'Connor

From: __Deborah Schwartz__        Number of Pages (including cover): ____7____

Message:

00925818

# DONOVAN | HATEM LLP
## counselors at law

# FACSIMILE TRANSMITTAL

Date: __July 31, 2006_____          Case/Matter: _____2500.1938____

                                                 Attorney No: _____440_____

To:                          Facsimile Number:          Telephone Number:

__James Cullen, Esq._____    __215-701-2491_____    _____

____Cozen and O'Connor_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____    _____    _____

_____

From: __Deborah Schwartz_____    Number of Pages (including cover): _____7____

Message:

00925818

If you experience any problems with this transmission or do not receive all pages, please call 617-406-4545.

This facsimile is attorney-client privileged and contains confidential information intended only for the person(s) named above.  Any other distribution, copying, or disclosure is strictly prohibited.  If you have received this facsimile in error, please notify us immediately by telephone and return the original to us by mail without making a copy.

Operator:_____

World Trade Center East
Two Seaport Lane
Boston, MA 02210

617 406 4500 main
617 406 4501 fax
www.donovanhatem.com

# DONOVAN | HATEM LLP

*counselors at law*

**Deborah F. Schwartz**
617 406 4577  direct
dschwartz@donovanhatem.com

August 3, 2005

VIA FACSIMILE
James Cullen
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

RE:    **Great Northern Insurance Company v. Ferguson & Shamamian**
       **Architects, LLP and W.B. Marden Company**
       **Civil Action No. 05-CV-10165-RGS**
       **DH File No:    2500.1938**

Dear Attorney Cullen:

This letter is to follow up on the plaintiff's failure to provide further responses to Ferguson & Shamamian's first set of interrogatories and document production requests. Over eleven months ago, on August 30, 2005, we fax to your associate, Daniel J. Luccaro, the enclosed letter, wherein we informed Attorney Luccaro that the plaintiff had failed to provide much of the information requested in Ferguson & Shamamian's first set of interrogatories and document production requests and we requested that the plaintiff provide further responses. On January 23, 2006, I reiterated to you, via telephone, that the plaintiff owed further interrogatory and document production responses to Ferguson & Shamamian. To date, we have received no further response from the plaintiff.

Please provide the plaintiff's further responses to Ferguson & Shamamian's first set of interrogatories and document production requests by Thursday, August 3, 2006. If we do not receive the plaintiff's responses by August 3, 2005, we will file a motion with the court to compel further responses.

Thank you for your attention to this matter.

Very truly yours,

Deborah Schwartz

Enclosure
cc:    Jay S. Gregory, Esq.
01022715

World Trade Center East
Two Seaport Lane
Boston, MA 02210

617 406 4500  main
617 406 4501  fax
www.donovanhatem.com

# DONOVAN | HATEM LLP

*counselors at law*

**Deborah F. Schwartz**
617 406 4577 direct
dschwartz@donovanhatem.com

August 30, 2005

<u>VIA FACSIMILE</u>
Daniel J. Luccaro
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

RE:    **Great Northern Insurance Company v. Ferguson & Shamamian**
       **Architects, LLP and W.B. Marden Company**
       **Civil Action No. 05-CV-10165-RGS**
       <u>**DH File No:    2500.1938**</u>

Dear Dan:

Thank you for your August 25, 2005 response to my August 19, 2005 letter which requests that the plaintiff provide supplemental answers to the first set of interrogatories of Ferguson & Shamamian and Rule 34 answer. Your response, however, still fails to provide much of the information requested, as explained below. Accordingly, we again request that the plaintiff provide supplemental answers providing all of the information requested by Ferguson & Shamamian.

The following are the specific deficiencies with the plaintiff's answers.

<u>INTERROGATORIES</u>

Interrogatory No. 5 requests that the plaintiff identify the item and dollar amount of damage followed by the conduct giving rise to such damage, the methodology used to calculate such damage and the basis for the plaintiff's contention that Ferguson & Shamamian caused such damage. Although the supplemental response refers Ferguson & Shamamian to documents it has produced and states the basis for plaintiff's contention that Ferguson & Shamamian caused such damage, the plaintiff's answer is insufficient because it does not state the amount of damage or the methodology used to calculate such damage.

Interrogatory No. 6 requests that to the extent not provided in the plaintiff's answer to Interrogatory No. 5, the plaintiff identify the conduct by Ferguson & Shamamian that the plaintiff contends caused the plaintiff to be damaged and the amount of the damage, followed by a description of what the plaintiff contends Ferguson & Shamamian's conduct should have been and why the damage the plaintiff identified would not have been incurred if Ferguson & Shamamian would have done what the plaintiff contends Ferguson & Shamamian was obligated to do. Although the supplemental response

World Trade Center East    617 406 4500 main
Two Seaport Lane    617 406 4501 fax
Boston, MA 02210    www.donovanhatem.com

Daniel J. Luccaro
August 30, 2005
Page 2

refers Ferguson & Shamamian to documents it has produced and states the basis for plaintiff's contention that Ferguson & Shamamian caused such damage, the plaintiff's answer is insufficient because it does not provide a response "to the extent not provided in the plaintiff's answer to Interrogatory No. 5." In addition, the plaintiff's answer is insufficient because the plaintiff's answer does not identify the amount of damage, what the plaintiff contends Ferguson & Shamamian's conduct should have been and why the damage the plaintiff identified would not have been incurred if Ferguson & Shamamian would have done what the plaintiff contends Ferguson & Shamamian was obligated to do.

Interrogatory No. 7 requests that the plaintiff identify individuals other than Ferguson & Shamamian that caused the plaintiff damage and state the item and dollar amount of damage, the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for the plaintiff's contention that the individual caused such damage. The plaintiff has failed to provide this information. Although the supplemental response refers Ferguson & Shamamian to documents it has produced and states the basis for plaintiff's contention that Ferguson & Shamamian caused such damage, the plaintiff's answer fails to identify individuals other than Ferguson & Shamamian that caused the plaintiff damage and state the item and dollar amount of damage, the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for the plaintiff's contention that the individual caused such damage.

Interrogatory 10 requests a description of all efforts the plaintiff took to mitigate the subject loss, including, but not limited to, attempts to salvage goods allegedly damaged. The plaintiff has still failed to provide this information. The plaintiff's answer to see the copy of the plaintiff's claim file previously produced is misleading because the plaintiff has failed to produce any documents on salvage or mitigation of the loss.

Interrogatory Nos. 11-16 request that the plaintiff state the basis for specific allegations in the Complaint. Interrogatory No. 11 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 13 of the Complaint, Interrogatory No. 12 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 18 of the Complaint, Interrogatory No. 13 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 19 of the Complaint, Interrogatory No. 14 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 23 of the Complaint, Interrogatory No. 15 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 24 of the Complaint, and Interrogatory No. 16 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 29 of the Complaint. The plaintiff has still failed to provide any of this information. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's interrogatories. The plaintiff's answers incorrectly states Interrogatory Nos. 11-16 are contention interrogatories and that Rule 33(c) of the Federal Rules of Civil Procedure recognizes that an interrogatory that involves an opinion or contention that relates to fact or the application of law to fact need not be answered until after discovery has been completed. In reality, Rule 33(c) states that interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), which includes any matter, not privileged, that is relevant to the claim of any party, and

Daniel J. Luccaro
August 30, 2005
Page 3

that the court may order that an interrogatory involving an opinion or contention that relates to fact or the application of law to fact need not be answered until after designated discovery has been completed or until a pre-trial conference or other later discovery. In this case, Interrogatory Nos. 11-16 relate to claims of the plaintiff and the Court has not ordered that the interrogatories need not be answered yet. In addition, the plaintiff's answers fail to "state the basis" for the plaintiff's allegation in paragraphs 13, 18, 19, 23, 24, and 29 respectively in the Complaint, as defined in the Definitions and Instructions section of Ferguson & Shamamian's interrogatories, namely,(a) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; (b) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory; (c) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and (d) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

Interrogatory No. 17 requests that the plaintiff state the basis for the plaintiff's allegation in paragraph 30 of the Complaint. Your response fails to supplement the plaintiff's answer to Interrogatory No. 17 and accordingly the answer to Interrogatory No. 17 is still insufficient. The plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's interrogatories. The plaintiff's answer also incorrectly states that the interrogatory calls for an expert opinion because the interrogatory is asking the plaintiff for the basis of an allegation in the Complaint, which the plaintiff should be able to provide. In addition, the plaintiff's answer is insufficient because it does not "state the basis" for the plaintiff's allegation in paragraph 30 of the Complaint, as defined in the Definitions and Instructions section of Ferguson & Shamamian's interrogatories.

REQUEST FOR DOCUMENTS

Request No. 5 requests all documents that the plaintiff has supplied or made available to each consultant and/or expert whom the plaintiff has retained in this case. Your response fails to supplement the plaintiff's answer to Request No. 5 and accordingly the answer to Interrogatory No. 5 is still insufficient. The plaintiff's objections are inappropriate because the requested documents are not attorney-client documents since the plaintiff's expert is not the attorney or the client and the documents are not attorney work product documents since the plaintiff's expert is not the plaintiff's attorney. In addition, the plaintiff has waived its right to object by not timely answering Ferguson & Shamamian's request for production of documents.

Request Nos. 7, 8, 10 and 12 seek documents relating to the project. Request No. 7 requests all contracts or agreements that the plaintiff's insureds entered into in connection with the Project, Request No. 8 requests all contracts or agreements between the plaintiff and the plaintiff's insureds involving the Project, Request No. 10

Daniel J. Luccaro
August 30, 2005
Page 4

requests all documents concerning communications between the plaintiff and/or the plaintiff's insureds and Ferguson & Shamamian concerning the allegations in the Complaint, and Request No. 12 requests all documents concerning communications between the plaintiff and/or the plaintiff's insured and any contractor and/or subcontractor on the Project concerning the allegations in the Complaint. Your response that the plaintiff is "attempting to get this information from its insured and will produce any such information which is still in the insured's possession" is unacceptable. The plaintiff has had over 5.5 months, since the Rule 34 Request was served on March 14, 2005, to obtain this information. Please produce this information immediately.

Request No. 18 requests all documents concerning the plaintiff's attempts to mitigate damages and/or to salvage the goods damaged in the incident. Your response fails to supplement the plaintiff's answer to Request No. 18 and accordingly the answer to Interrogatory No. 18 is still insufficient. The plaintiff has failed to produce any documents responsive to this request.

In addition, a number of the documents the plaintiff claims are privileged are not. Specifically, the following documents should be produced.

WINK00042- 00043 is claimed privileged under the attorney-client privilege and mental impressions. Your response states that "[a]ny internal Chubb memos regarding subrogation memorialize conversations with counsel and are therefore protected by the attorney client privilege. A subrogation analysis worksheet discussing subrogation, however, would not memorialize conversations with counsel and therefore would not fall under the attorney-client privilege. Mental impressions of a client are also not privileged information.

WINK00106 is claimed privileged under the attorney-client privilege. A letter from plaintiff's counsel to J. Trebby, an employee of the general contractor does not fall under the attorney-client privilege because Mr. Trebby is not the client of the plaintiff's counsel in this matter. Your response fails to address this document and WINK00106 should be produced immediately.

WINK00110- 00112 is claimed privileged under the attorney-client privilege and work product privilege. A letter from John Certuse, the plaintiff's expert, however, does not fall under the attorney-client privilege because the communication was not between an attorney and client. The letter does not fall under the attorney work product privilege because Mr. Certuse is not an attorney in this matter. Your response fails to address this document and WINK00110- 00112 should be produced immediately.

Furthermore, the plaintiff's document production failed to provide a number of documents, including, but not limited to, measurements of what happened, salvage information, stick-by-stick take off, finalized beck bid, report by Industrial Services & Engineering, and Mr. Larges' spreadsheet. Your response fails to address these documents and they should be produced immediately.

Daniel J. Luccaro
August 30, 2005
Page 5

The information requested in Ferguson & Shamamian's First Set of Interrogatories and
Rule 34 Request and described in detail above is discoverable and Ferguson &
Shamamian is entitled to it under the Rules of Civil Procedure.  At this time, we again
request that you provide to us supplemental answers in order to avoid motion practice.
If you disagree with the foregoing, please consider this a request for a Local Rule 7.1
Conference and contact me as soon as possible.

Thank you for your attention to this matter.


Very truly yours,


Deborah Schwartz

cc:    Jay S. Gregory, Esq.
       Kathleen Brink, Esq.
       Patrick J. Loftus, III, Esq.
       Robert M. Caplan, Esq.

00941401