## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

GREAT NORTHERN INSURANCE )
COMPANY AS SUBROGEE OF )
JON AND ABBY WINKELREID, )
      Plaintiffs, )
  )
Vs. )      DOCKET NUMBER 2005CV10165-RGS
  )
FERGUSON & SHAMAMIAN )
ARCHITECTS, LLP, AND )
W.B. MARDEN COMPANY, )
      Defendants, )
  )
      AND )
  )
FERGUSON & SHAMAMIAN )
ARCHITECTS, LLP, )
      Third Party Plaintiff, )
  )
Vs. )
  )
THIRTY ACRE WOOD, LLC, )
      Third Party Defendant. )

### PLAINTIFF'S OPPOSITION TO DEFENDANT FERGUSON & SHAMAMIAN ARCHITECTS, LLP'S MOTION TO COMPEL AND FOR SANCTIONS

Plaintiff, Great Northern Insurance Company ("Great Northern"), as subrogee of Jon and

Abby Winkelreid, respectfully submits this Memorandum in Opposition to the Motion to

Compel and for Sanction submitted by Defendant, Ferguson & Shamamian Architects, LLP

("Ferguson").

## I.    ARGUMENT

At the outset, Plaintiff notes that it has supplied Defendant Ferguson with all of the

documentation, excluding privileged materials and work-product, that is responsive to Defendant

Ferguson's requests, as well as a privilege log.[1]  Plaintiff also provided Defendant Ferguson with

---

[1] On December 7, 2004, Plaintiff provided Defendant Ferguson's counsel, Donovan Hattem, LLP, with an initial subrogation package of documentation regarding the loss in this matter. [See Plaintiff's letter to Defendant Ferguson's counsel, 12/07/04, attached hereto as "Exhibit

a copy of its expert report, which answers and responds to several of Defendant's interrogatories and requests for documents, on November 28, 2005. Finally, Plaintiff notes that Defendant Ferguson's counsel sent a fax to Plaintiff's counsel dated August 3, 2006, explaining that if Plaintiff did not provide further responses to interrogatories and document requests "by Thursday, August 3, 2006, we will file a motion with the court to compel further responses." [See Defendant Ferguson's counsel's letter, 08/03/06, attached hereto as "Exhibit G"]. Plaintiff's counsel, however, was unable to respond within the timeframe set forth by Defendant Ferguson's counsel and Defendant Ferguson then filed this Motion to Compel on Friday, August 4, 2006. On Saturday, August 5, 2006, Plaintiff's counsel received the correspondence and sought to avoid the motion, via an email reply. [See Plaintiff's counsel's email to Defendant Ferguson's counsel, 08/05/06, attached hereto as "Exhibit H"]. No response was received from Defendant Ferguson's counsel and the motion thereafter arrived.

### A. Fed. R. Civ. P. 33(d) allows a party to provide business records in response to interrogatories

Federal Rule of Civil Procedure 33(d) allows a party to respond to interrogatories by supplying business records where answers to interrogatories may be derived form those records and the burden of deriving the answers from those records is the same for each party:

---

A"]. On March 22, 2005, Plaintiff sent to Defendant Ferguson's counsel its Rule 26(a)(1) disclosures with supporting documentation. [See Plaintiff's letter to Defendant Ferguson's counsel, 03/22/05, attached hereto as "Exhibit B"]. On May 27, 2005, Plaintiff provided Defendant Ferguson's counsel with a copy of its claim file with privilege log as its document production in this matter. [See Plaintiff's letter to Defendant Ferguson's counsel, 05/27/05, attached hereto as "Exhibit C"]. On July 14, 2005, Plaintiff provided Defendant Ferguson's counsel with a copy of a CD-ROM containing photographs taken by Dr. Thomas W. Eagar regarding the damaged water pipe. [See Plaintiff's letter to Defendant Ferguson's counsel, 07/14/05, attached hereto as "Exhibit D"]. On August 15, 2005, Plaintiff provided its responses to Defendant Ferguson's First Set of Interrogatories and first request for Production of Documents, including a copy of the insurance policy for its insureds. [See Plaintiff's letters to Defendant Ferguson's counsel, 08/15/05, attached hereto as "Exhibit E"]. On November 28, 2005, Plaintiff provided Defendant Ferguson with a copy of its expert report. [See Plaintiff's Letter to Defendant Ferguson, dated 11/28/05, attached hereto as "Exhibit F"].

> *Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served* or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and *the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained* and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained. [emphasis added].

In responding to several of Defendant Ferguson's interrogatories relating to damages, causation, investigation, and the project, Plaintiff directed Defendant Ferguson to Plaintiff's initial disclosures and entire claim file with privilege log.[2]  This was an appropriate answer to Defendant Ferguson's interrogatories, because the whole of Plaintiff's claim file and initial disclosures are relevant and necessary to answer the interrogatories submitted by Defendant Ferguson and the burden of ascertaining specific answers to those interrogatories is substantially the same for Plaintiff and Defendant Ferguson.  See Atlanta Fixture & Sales Co. v. Bituminous Fire & Marine Ins. Co., 51 F.R.D. 311, 312 (N.D. Ga. 1970) (finding that "[i]f the only source of the answers to the interrogatories is the raw materials specified by plaintiff and which defendants may examine, audit or inspect, then the requirements of [the Rule] appear now to be satisfied.").

Given the broadly worded nature of Defendant Ferguson's interrogatories and Defendant's capability of reviewing the claim file and initial disclosures, Defendant is able to ascertain the information it is seeking and cannot place the burden on Plaintiff.  See United States v. Rachel, 289 F. Supp. 2d 688, 693 (D. Md. 2003) (finding that, where "interrogatories were extremely broadly worded," Rule 33(d) allows a party "the option to produce the records

---

[2] What is more, Plaintiff has produced the claim file as it is kept in the usual course of business, as is allowed by Fed. R. Civ. P. 34(b).

3

when the requesting party is as capable of reviewing documents and formulating a response to the interrogatory as the answering party"); Webb v. Westinghouse Elect. Corp., 81 F.R.D. 431, 435-36 (E.D. Pa. 1978) (a party is not required to compile information from business records that have been produced where it is no greater burden for the party submitting the interrogatories to compile such information). Because there is an equal burden on Plaintiff and Defendant Ferguson in ascertaining the answers to Defendant's interrogatories, Plaintiff should not have to bear the burden of developing the Defendant's case. See Webb, 81 F.R.D. at 436 (refusing to shift the cost of preparing the case to defendant where the information requested by the plaintiffs could be obtained from the records that defendant made available). Therefore, Plaintiff's responses directing Defendant Ferguson to its initial disclosures and its claim file were sufficient to permit Defendant to locate the records from which the answers may be ascertained. Indeed, the claim file documents the history and basis for the resolution of this property damage subrogation case. Likewise, the expert report provided by Plaintiff explains the cause of loss determination.

**B.     Plaintiff has supplemented its answers to Defendant Ferguson's interrogatories by providing its expert report**

In responding to Defendant's interrogatories, Plaintiff initially objected to those interrogatories that called for exert opinion and stated that this information would be provided in accordance with the deadlines established by the Court.[3] Plaintiff has now provided Defendant

---

[3] Plaintiff did explain in its answers and subsequent correspondence between Plaintiff's counsel and Defendant Ferguson's counsel, without waiving any objection, that the piping system that failed was installed in an area that was prone to freezing, that it was not properly designed, and that the piping system was inadequately insulated. [See Plaintiff Answers to Defendant Ferguson's First Set of Interrogatories, attached hereto as "Exhibit I," and August 25, 2005 letter, attached hereto as "Exhibit J"]. Plaintiff also explained that the installation and insulation of the piping system violated the Massachusetts and International Plumbing Codes, which require piping in locations prone to freezing to be adequately protected from freezing. [See Exhibit I]. What is more, in the August 25, 2005 letter from Plaintiff's counsel to Defendant Ferguson's counsel, Plaintiff's counsel explained that "plaintiff's expert reports, which will be produced in accordance with the Court's Scheduling Order, will supplement these answers." [See Exhibit J].

4

Ferguson with a copy of its expert report in accordance with the scheduling orders.[4]  Therefore, to the extent that Defendant Ferguson is continuing to request supplemental answers to its interrogatories calling for expert opinion, there is no basis for such requests.  Plaintiff has supplemented its answers to Defendant's interrogatories by providing its expert report.  As the deposition of the involved persons, including Defendant Ferguson's designees, are set for September and October 2006, no additional information exists at this juncture.

C.     **Plaintiff has provided all documentation to Defendant in response to Defendant Ferguson's requests for documents**

All of the documentation that Plaintiff has in regard to this incident, excluding material that is protected by the attorney-client privilege and work-product immunity, has been provided to Defendant Ferguson.  Consequently, Plaintiff should not be compelled to produce documents which it does not have and/or that have already been produced by other parties.  See Hagemeyer North Am., Inc. v. Gateway Data Sciences Corp., 222 F.R.D. 594, 598 (E.D. Wisc. 2004) ("A party need not produce documents or tangible things that are not in existence or within its control.").

D.     **Rule 34(b) allowed Plaintiff to produce documents as they are kept in the usual course of business**

"[A]ccording to the plain language of Rule 34, a responding party has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business." Hagemeyer, 222 F.R.D. at 598.  Federal Rule of Civil Procedure 34(b) provides that "[a] party who produces documents for inspection shall produce them as they are kept in the usual course

---

[4] The original Joint Scheduling Conference Statement, which was filed on May 16, 2005, provided that Plaintiff's expert reports will be served no later than November 30, 2005. [See Joint Scheduling Conference Statement, attached hereto as "Exhibit K"].  The Amended Joint Scheduling Conference Statement, which was filed with the Court on March 8, 2006, provides that Plaintiff's expert reports will be served no later than July 15, 2006, on which date the report was served. [See Amended Joint Scheduling Conference Statement, attached hereto as "Exhibit L"].

of business . . . ." Plaintiff has produced its entire claim file as it is kept in the usual course of business, which is a proper response to Defendant Ferguson's requests for documents. Therefore, any challenge by Defendant Ferguson that Plaintiff's response is inadequate and without merit.

     **E.**    **<u>Defendant does not have a right to documents protected by the attorney-client privilege and work-product immunity</u>**

Defendant asserts that various file memoranda and subrogation analyses are not protected by the attorney-client privilege and/or as work-product. Within a few days of the loss at issue in this case, counsel was involved for the Plaintiff and thereafter notification of claim was made to the interested parties as such. The documents that Defendant seeks are therefore protected by the attorney-client privilege or as work-product. That is, any internal memoranda regarding subrogation memorialize conversations with Plaintiff's counsel and represent work-product. Plaintiff's descriptions in the privilege log provided to Defendant clearly and sufficiently explain the nature of the privilege and/or immunity asserted. [See Privilege Log for Great Northern Insurance Company Claim File, attached hereto as "Exhibit M"]. In its motion to compel, Defendant Ferguson has not asserted a particular objection to any privilege assertion or shown a substantial need for Plaintiff's work-product.

**II.**    **<u>CONCLUSION</u>**

Based on the foregoing, Plaintiff, Great Northern Insurance Company, respectfully requests that this Court deny the motion to compel and for sanctions of Defendant, Ferguson & Shamamian Architects, LLP, in its entirety.

                    Respectfully submitted,

                    Plaintiff, Great Northern Insurance Company, as subrogee of Jon and Abby Winkelreid
                    By Its Attorneys,

    /S/                       
JAMES P. CULLEN, JR., ESQUIRE
COZEN O'CONNOR
1900 Market Street
The Atrium - Third Floor
Philadelphia, PA  19103
(215) 665-4102

CO-COUNSEL:
PATRICK J. LOFTUS, III, ESQUIRE
BBO #303310
No. 9 Park Street
Suite 500
Boston, MA  02108
(617) 723-7770

## CERTIFICATE OF SERVICE

I, James P. Cullen, hereby certify that a true and correct copy of the foregoing Opposition

to Defendant Ferguson & Shamamian, LLP's Motion to Compel and for Sanctions was served

this the 23 day of August, 2006, by electronic filing upon the following parties:

Jay S. Gregory, Esquire
Deborah F. Schwartz, Esquire
Donovan Hatem, LLP
World Trade Center East
Two Seaport Lane
Boston, MA  02210

Francis J. Lynch, Esquire
John F. Gleavy, Jr., Esquire
Lynch & Lynch
45 Bristol Drive
South Easton, MA  02375

Thomas B. Farrey, III, Esquire
Frank S. Puccio, Jr., Esquire
Burns & Farrey
446 Main Street
Worcester, MA  01608

Martin S. Cosgrove, Esquire
Cosgrove, Eisenberg & Kiley, P.C.
803 Hancock Street
Quincy, MA  02170

_/S/_____
JAMES P. CULLEN, JR., ESQUIRE

# EXHIBIT A



PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
LAS VEGAS
LONDON
LOS ANGELES

**COZEN O'CONNOR**
ATTORNEYS

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

December 7, 2004

**Henry A. Siarczynski**
Senior Paralegal
Direct Phone 215.665.2062
Direct Fax    215.701.2262
hsiarczynski@cozen.com

Jay S. Gregory, Esquire
Donovan Hattem, LLP
Two Seaport Lane
Boston, MA  02210

Re:    Our Insured: Jon and Abbey Winkelreid
       Your Client:  W.B. Marden Co.
       Date of Loss: 1/19/04
       Our File No:  147881

Dear Mr. Gregory:

       Per your recent e-mail to Robert Caplan, enclosed please find a copy of our Initial Subrogation Package with supporting documentation.

Very truly yours,

COZEN O'CONNOR

By:    Henry A. Siarczynski

HAS
Enclosure

**EXHIBIT B**

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES



**COZEN**
**O'CONNOR**
ATTORNEYS

A PROFESSIONAL CORPORATION

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

March 22, 2005

**Robert M. Caplan**
Direct Phone 215.665.4191
Direct Fax    215.701.2491
rcaplan@cozen.com

Deborah F. Schwartz, Esquire
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Kathleen C. Tulloh Brink, Esquire
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
One Financial Center
Boston, MA 02111

**Re:    Great Northern Insurance Company as Subrogee of Jon & Abbey Winkelreid v.**
**Ferguson & Shamamian Architects, LLP, et al**
**Civil Action No:  05cv10165 RGS**
**Our File No:  147881**

Dear Counsel:

Enclosed please find copies of Plaintiff, Federal Insurance Company as Subrogee of Jon and Abbey Winkelreid's Rule 26(a)(1) Disclosures with supporting documentation.

Very truly yours,

COZEN O'CONNOR

By:    Robert M. Caplan

RMC/brs
Enclosures

PHILA1\2239341\1 147881.000

**EXHIBIT C**

PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES



**COZEN**
_____
**O'CONNOR**
ATTORNEYS

A PROFESSIONAL CORPORATION

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

1900 MARKET STREET   PHILADELPHIA, PA 19103-3508   215.665.2000   800.523.2900   215.665.2013 FAX   www.cozen.com

May 27, 2005

**Henry A. Siarczynski**
Senior Paralegal
Direct Phone 215.665.2062
Direct Fax   215.701.2262
hsiarczynski@cozen.com

Deborah F. Schwartz, Esquire
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Kathleen Tulloh Brink, Esquire
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
One Financial Center
Boston, MA 02111

Re:   Great Northern Insurance Company a/s/o
       Jon & Abby Winkelried v. Ferguson & Shamamian Architects, et al
       <u>Our File No: 147881</u>

Dear Counsel:

       Enclosed please find a copy of Great Northern's claim file with privilege log as plaintiff's supplemental document production in the captioned matter.

Very truly yours,

COZEN O'CONNOR

By:   Henry A. Siarczynski
       Senior Paralegal

HAS
Enclosure

**EXHIBIT D**



PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES

**COZEN**
**O'CONNOR**
ATTORNEYS

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

A PROFESSIONAL CORPORATION

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

July 14, 2005

**Robert M. Caplan**
Direct Phone 215.665.4191
Direct Fax    215.701.2491
rcaplan@cozen.com

Deborah F. Schwartz, Esquire
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Kathleen Tulloh Brink, Esquire
Mintz, Levin, Cohn, Ferris, Glovsky & Poeo, PC
One Financial Center
Boston, MA 02111

Re:    Great Northern Insurance Company a/s/o
       Jon & Abby Winkelried v. Ferguson & Shamamian Architects, et al
       Our File No:  147881

Dear Counsel:

    Enclosed please find a copy of a CD-ROM containing photographs taken by Dr. Thomas W. Eagar at MIT of the damaged water pipe. Dr. Eagar does not believe any metallurgical or microscopic examination is necessary. Therefore he has not developed a protocol for any further testing as had been originally contemplated. However, if you or your experts are of the opinion that further tests are called for, I will make the damaged pipe available to you for such testing, provided that a protocol is developed by your experts and forwarded to me prior to any testing. I will then release the pipe along with an evidentiary chain of custody form to you. Any proposed testing can be accomplished at Dr. Eagar's MIT testing facility if you so desire.

    Please advise me at your earliest opportunity should you wish to pursue any testing of the pipe, along with the identity of your experts.

Very truly yours,

COZEN O'CONNOR

By:    Robert M. Caplan

RMC/has
Enclosure

**EXHIBIT E**



PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES

**COZEN**
**O'CONNOR**
ATTORNEYS

A PROFESSIONAL CORPORATION

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

August 15, 2005

**Robert M. Caplan**
Direct Phone 215.665.4191
Direct Fax    215.701.2491
rcaplan@cozen.com

Deborah F. Schwartz, Esquire
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

Kathleen Tulloh Brink, Esquire
Mintz, Levin, Cohn, Ferris, Glovsky & Poeo, PC
One Financial Center
Boston, MA 02111

Re:    Great Northern Insurance Company a/s/o
       Jon & Abby Winkelried v. Ferguson & Shamamian Architects, et al
       Our File No:  147881

Dear Counsel:

     Enclosed please find a true and accurate copy of Chubb & Son's insurance policy that was inadvertently left out of plaintiff's responses to your respective Document Requests.

     Very truly yours,

     COZEN O'CONNOR

By:    Robert M. Caplan

RMC/brs
Enclosure



PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES

**COZEN
O'CONNOR**
ATTORNEYS

A PROFESSIONAL CORPORATION

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

August 15, 2005

**Robert M. Caplan**
Direct Phone 215.665.4191
Direct Fax    215.701.2491
rcaplan@cozen.com

Jay S. Gregory, Esquire
Deborah F. Schwartz, Esquire
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

**Re:    Great Northern Insurance Company a/s/o**
**Jon & Abby Winkelried v. Ferguson & Shamamian Architects, et al**
**Our File No: 147881**

Dear Counsel:

Enclosed please find Plaintiff's Answers to First Set of Interrogatories and Responses to First Request for Production of Documents of the Defendant, Ferguson & Shamamian Architects, LLP.

Very truly yours,

COZEN O'CONNOR

By:    Robert M. Caplan

RMC/brs
Enclosures
cc:    Kathleen Tulloh Brink, Esquire (w/encls.)

**EXHIBIT F**



PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

**COZEN**
**O'CONNOR**
ATTORNEYS

A PROFESSIONAL CORPORATION

1900 MARKET STREET     PHILADELPHIA, PA 19103-3508     215.665.2000     800.523.2900     215.665.2013 FAX     www.cozen.com

November 28, 2005

**Robert M. Caplan**
Direct Phone 215.665.4191
Direct Fax     215.701.2491
rcaplan@cozen.com

Jay Gregory, Esquire
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210

John F Gleavy, Jr., Esquire
Lynch & Lynch
45 Bristol Drive
So.Easton, MA 02375

William A. Worth, Esquire
Prince, Lobel, Glovsky & Tye LLP
575 Commercial Street
Boston, MA 02109-1024

Martin S. Cosgrove, Esquire
Cosgrove, Eisenberg & Kiley, PC
803 Hancock Street
Quincy, MA 02170

Re:     **Great Northern Insurance Company a/s/o**
        **Jon & Abby Winkelried v. Ferguson & Shamamian Architects, et al**
        <u>**Our File No: 147881**</u>

Dear Counsel:

I had previously submitted my expert's report in this matter, however, in full compliance with Rule 26(a), enclosed please find another copy of Mr. Certuse's report, his most current curriculum vitae and his trial and deposition testimony in the past four (4) years. Please also note, Mr. Certuse's hourly rate is $165.00 per hour.

Please note, to the extent the addition of other parties in this case and subsequent discovery yields any new facts, plaintiff hereby reserves the right to have Mr. Certuse supplement the opinions and findings contained in this report.

November 28, 2005
Page 2

_____

Should you have any questions, please do not hesitate to contact me directly.

Very truly yours,

COZEN O'CONNOR

By:    Robert M. Caplan

RMC/brs
Enclosures

**EXHIBIT G**

# DONOVAN | HATEM LLP

*counselors at law*

Deborah F. Schwartz
617 406 4577 direct
dschwartz@donovanhatem.com

August 3, 2005

<u>VIA FACSIMILE</u>
James Cullen
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

RE:   **Great Northern Insurance Company v. Ferguson & Shamamian
      Architects, LLP and W.B. Marden Company
      Civil Action No. 05-CV-10165-RGS
      DH File No:   2500.1938**

Dear Attorney Cullen:

This letter is to follow up on the plaintiff's failure to provide further responses to Ferguson & Shamamian's first set of interrogatories and document production requests. Over eleven months ago, on August 30, 2005, we fax to your associate, Daniel J. Luccaro, the enclosed letter, wherein we informed Attorney Luccaro that the plaintiff had failed to provide much of the information requested in Ferguson & Shamamian's first set of interrogatories and document production requests and we requested that the plaintiff provide further responses. On January 23, 2006, I reiterated to you, via telephone, that the plaintiff owed further interrogatory and document production responses to Ferguson & Shamamian. To date, we have received no further response from the plaintiff.

Please provide the plaintiff's further responses to Ferguson & Shamamian's first set of interrogatories and document production requests by Thursday, August 3, 2006. If we do not receive the plaintiff's responses by August 3, 2005, we will file a motion with the court to compel further responses.

Thank you for your attention to this matter.

Very truly yours,

Deborah Schwartz

Enclosure
cc:    Jay S. Gregory, Esq.
01022715

World Trade Center East     617 406 4500 main
Two Seaport Lane      617 406 4501 fax
Boston, MA 02210      www.donovanhatem.com

**EXHIBIT H**

**Austin, Terri**

| | |
|---|---|
| **From:** | Cullen,Jr., James |
| **Sent:** | Saturday, August 05, 2006 2:34 PM |
| **To:** | Deborah Schwartz |
| **Subject:** | Great northern aso wilkiried |

Deborah --

    I note from your 7/25/06 correspondence that you have two folders of documents from CES, which are available for review -- as I will be in boston the week of the 28th on a trial, with the Court working 1/2 days, and would appreciate your confirming availability for the afternoon of the 29th or 30th, for my review.

    I also have just seen you fax of 8/3/06 -- as we would all prefer to avoid a motion, we will address your requests by the end of next week.  If that is acceptable, please advise.


    Regards

    Jim Cullen

1

**EXHIBIT I**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GREAT NORTHERN INSURANCE COMPANY | ) | |
| As Subrogree of Jon and Abby Winkelreid | ) | |
| 200 S. 6th Street | ) | |
| Suite 1000 | ) | |
| Minneapolis, Minnesota 55402-1470 | ) | CIVIL ACTION |
| | ) | NO. 05-CV-10165-RGS |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FERGUSON & SHAMAMIAN ARCHITECTS, LLP | ) | |
| 270 Lafayette Street | ) | |
| Suite 300 | ) | |
| New York, New York 10012 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| W.B. MARDEN COMPANY | ) | |
| 2 Milk Street | ) | |
| Nantucket, Massachusetts 02554 | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S ANSWERS TO FIRST SET OF INTERROGATORIES OF THE DEFENDANT, FERGUSON & SHAMAMIAN ARCHITECTS, LLP

### INTERROGATORIES

### INTERROGATORY 1.

Identify the individual(s) signing the answers to these interrogatories.

**ANSWER:**    James Rogers, Property Claims Specialist, Chubb Group.


### INTERROGATORY 2.

For each individual(s) who assisted in preparing the answers to these interrogatories,

identify each individual and following the identity of each individual, list the number of each

interrogatory for which that individual provided assistance.

**ANSWER:**

Mr. Rogers' assistance was provided for the responses to any interrogatories relating to damages incurred by plaintiff's insureds. Plaintiff's counsel assisted Mr. Rogers in the drafting of these responses as well.

## INTERROGATORY 3.

Identify each person whom you expect to call as an expert witness at trial; following the identity of such expert witness with the subject matter in which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**    Plaintiff has not determined whom it will call as an expert witness at trial. Plaintiff will supplement this response at the appropriate time as set forth by the court.

## INTERROGATORY 4.

Please identify each person whom you intend to call as a witness at trial.

**ANSWER:**    Plaintiff has not determined whom it will call as a witness at trial. Plaintiff will supplement this response as the appropriate time as set forth by the court.

## INTERROGATORY 5.

For each item of damage you contend you have suffered as a result of conduct of Ferguson & Shamamian, identify the item and dollar amount of damage followed by the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for your contention that Ferguson & Shamamian caused such damage.

**ANSWER:**    See supporting documentation supplied with Plaintiff's Rule 26 (a)(1) Disclosures as well as the previously supplied copy of plaintiff's claim file with accompanying privilege log.

## INTERROGATORY 6.

To the extent not provided in your response to Interrogatory No. 5, if you contend that you have been damaged by Ferguson & Shamamian's conduct, identify the conduct by Ferguson & Shamamian you contend caused you to be damaged and the amount of the damage, followed by a description of what you contend Ferguson & Shamamian's conduct should have been and why the damage you have identified would not have been incurred if Ferguson & Shamamian would have done what you contend Ferguson & Shamamian was obligated to do.

**ANSWER:**    Plaintiff objects to this interrogatory as it is a contention interrogatory. Furthermore, to the extent this interrogatory calls for a legal conclusion, no response is required. By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

## INTERROGATORY 7.

For each item of damage referenced in the Complaint which you contend you have suffered as a result of conduct of someone other than Ferguson & Shamamian, identify the individual(s) responsible, and following each individual identified, state the item and dollar amount of damage, the conduct giving rise to such damage, the methodology used to calculate such item of damage and the basis for your contention that the individual caused such damage.

**ANSWER:**    Plaintiff objects to this interrogatory as it is a contention interrogatory. Furthermore, to the extent this interrogatory calls for a legal conclusion, no response is required. By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory.

**INTERROGATORY 8.**

Identify each document that reflects, references or evidences the damages referred to in the Complaint.

**ANSWER:**    See supporting documentation supplied with Plaintiff's Rule 26 (a)(1) Disclosures as well as the previously supplied copy of plaintiff's claim file with accompanying privilege log.

**INTERROGATORY 9.**

Identify each document you intend to introduce as an exhibit at the trial of this matter.

**ANSWER:**    Plaintiff has not determined what documents it will introduce at time of trial. Plaintiff will supply a comprehensive exhibit list at the appropriate time as set forth by the court.

**INTERROGATORY 10.**

Describe all efforts you took to mitigate the subject loss including in your answer but not limiting it to attempts to salvage goods allegedly damaged.

**ANSWER:**    See copy of plaintiff's claim file previously produced to counsel.

**INTERROGATORY 11.**

State the basis for your allegation in paragraph thirteen (13) of the Complaint that the incident occurred because the domestic water pipe was improperly installed in an area exposed to foreseeably cold and freezing temperatures.

**ANSWER:**    To the extent this interrogatory calls for a legal conclusion, no response is required. By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

## INTERROGATORY 12.

State the basis for your allegation in paragraph eighteen (18) of the Complaint that the

damages sustained in this loss were the direct result of the negligence, carelessness and/or

reckless conduct of the personnel and/or agents of Ferguson & Shamamian.

**ANSWER:**    To the extent this interrogatory calls for a legal conclusion, no response is
required.  By way of further response, this interrogatory calls for expert opinion that will be
provided in accordance with the deadlines established by the Court. Additionally, further
discovery from the defendants is necessary to fully and fairly respond to this interrogatory.
Without waiver of this objection, the piping system that failed was installed in an area that was
prone to freezing and was not properly designed. Further, the piping system was inadequately
insulated, all of which are violations of the Massachusetts and International Plumbing Codes
which require piping in locations prone to freezing to be adequately protected from freezing.

## INTERROGATORY 13.

State the basis for your allegation in paragraph nineteen (19) of the Complaint that as a

direct and proximate result of the aforesaid negligence, carelessness and/or negligent acts and/or

omissions of Ferguson & Shamamian, the domestic water pipe froze and ruptured, resulting in

substantial damages to the Winkelreids' real and personal property.

**ANSWER:**    To the extent this interrogatory calls for a legal conclusion, no response is
required.  By way of further response, this interrogatory calls for expert opinion that will be
provided in accordance with the deadlines established by the Court. Additionally, further
discovery from the defendants is necessary to fully and fairly respond to this interrogatory.
Without waiver of this objection, the piping system that failed was installed in an area that was
prone to freezing and was not properly designed. Further, the piping system was inadequately
insulated, all of which are violations of the Massachusetts and International Plumbing Codes
which require piping in locations prone to freezing to be adequately protected from freezing.

## INTERROGATORY 14.

State the basis for your allegation in paragraph twenty-three (23) of the Complaint that

the damages sustained in this loss were the direct result of the negligence, carelessness and/or

reckless conduct of the personnel and/or agents of Marden.

**ANSWER:**    To the extent this interrogatory calls for a legal conclusion, no response is required.  By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

## INTERROGATORY 15.

State the basis for your allegation in paragraph twenty-four (24) of the Complaint that as

a direct and proximate result of Marden's negligence, carelessness and/or negligent acts and/or

omissions, the domestic water pipe froze and ruptured, resulting in substantial damages to the

Winkelreids' real and personal property.

**ANSWER:**    To the extent this interrogatory calls for a legal conclusion, no response is required.  By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

## INTERROGATORY 16.

State the basis for your allegation in paragraph twenty-nine (29) of the Complaint that

Marden breached its express and/or implied warranties that its construction work would be

performed in a good, safe and workmanlike manner, free from defects and in accordance with all

applicable codes and standards.

**ANSWER:**    To the extent this interrogatory calls for a legal conclusion, no response is required.  By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately

insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

## INTERROGATORY 17.

State the basis for your allegation in paragraph thirty (30) of the Complaint that as a direct and proximate result of Marden's breach of express and/or implied warranties, the plaintiffs insured suffered substantial water damage to their real and personal property for which Great Northern paid its insured.

**ANSWER:**   To the extent this interrogatory calls for a legal conclusion, no response is required.  By way of further response, this interrogatory calls for expert opinion that will be provided in accordance with the deadlines established by the Court. Additionally, further discovery from the defendants is necessary to fully and fairly respond to this interrogatory. Without waiver of this objection, the piping system that failed was installed in an area that was prone to freezing and was not properly designed. Further, the piping system was inadequately insulated, all of which are violations of the Massachusetts and International Plumbing Codes which require piping in locations prone to freezing to be adequately protected from freezing.

## INTERROGATORY 18.

If any document or other tangible thing exists that has been identified in the Document Request, but which you have withheld for any reason, including privilege, work product doctrine, or other reason, please identify each such document by listing for each its date; the author (if known); each addressee; other recipients of the document; the general subject matter of the document (in a way that will not disclose information sought to be protected); the grounds on which you are withholding it, including an explanation, if applicable, of why a privilege or other legal basis for withholding the document exists.

**ANSWER:**   See the previously produced Privilege Log to plaintiff's claim file.

## INTERROGATORY 19.

Have you personally searched or caused others to search all files, both in your own possession and in the possession of all current and former employees and others from whom you could reasonably expect would return documents to you if asked them to do so (for example, contractors, consultants, accountants, and attorneys), in order to assemble documents and other tangible things responsive to the Document Request, and included in your search all computer files, discs, e-mail records, and other sources of electronically stored data? If you have not done so, state what sources or information referenced that have not been searched and why you have not searched them.

**ANSWER:**    Yes.

Respectfully submitted,

BY:

ROBERT M. CAPLAN, ESQUIRE
COZEN AND O'CONNOR
1900 Market Street, 3rd Floor
Philadelphia, PA 19103
(215) 665-2000
Attorney for Plaintiff, Great Northern
Insurance Company a/s/o Jon and Abby
Winkelried

Local Counsel:
Patrick J. Loftus, III, Esquire
9 Park Street
Suite 500
Boston, Massachusetts  02108
(617) 723-7770

8

## PLAINTIFF'S VERIFICATION

I, James Rogers, hereby verify that I have reviewed the above Interrogatories of Defendant Ferguson & Shamamian Architects, LLP to Plaintiff and responses thereto and that they are true and accurate to the best of my knowledge and belief.

JAMES ROGERS
Chubb Group of Insurance Companies

Subscribed and sworn to
me this 5th day of August, 2005.

Notary Public

My Commission Expires: 8/25/2011

LISA M. SHANAHAN, Notary Public
My Commission Expires August 25, 2011

9

## CERTIFICATE OF MAILING

The undersigned states that he served a copy of Plaintiff's Answers to Defendant

Ferguson & Shamamian Architect, LLP's Interrogatories Addressed to Plaintiff on the    day of

August, 2005 to:

Jay S. Gregory, Esquire
World Trade Center East
Two Seaport Lane
Boston, MA 02210


Kathleen Tulloh Brink, Esquire
Mintz, Levin, Cohn, Ferris,
Glovsky & Popeo, P.C.
One Financial Center
Boston, MA 02111

via First Class U.S. Mail.

ROBERT M. CAPLAN, ESQUIRE

PHILA1\2273491\1 147881.000

10

**EXHIBIT J**



PHILADELPHIA
ATLANTA
CHARLOTTE
CHERRY HILL
CHICAGO
DALLAS
DENVER
HOUSTON
LAS VEGAS
LONDON
LOS ANGELES

**COZEN**
**O'CONNOR**
ATTORNEYS

A PROFESSIONAL CORPORATION

NEW YORK
NEWARK
SAN DIEGO
SAN FRANCISCO
SEATTLE
TRENTON
WASHINGTON, DC
WEST CONSHOHOCKEN
WICHITA
WILMINGTON

1900 MARKET STREET    PHILADELPHIA, PA 19103-3508    215.665.2000    800.523.2900    215.665.2013 FAX    www.cozen.com

August 25, 2005

**Daniel J. Luccaro**
Direct Phone 215.665.6968
Direct Fax    215.701.2368
dluccaro@cozen.com

**VIA FACSIMILE**

Deborah F. Schwartz, Esquire
Donovan Hatem, LLP
Two Seaport Lane
Boston, MA 02210·

Re:    **Great Northern Insurance Company a/s/o**
       **Jon & Abby Winkelried v. Ferguson & Shamamian Architects, et al**
       **Our File No:  147881**

Dear Ms. Schwartz:

This is in response to your letter of August 19, 2005 regarding the alleged deficiencies in plaintiff's discovery responses.  Please consider this letter a supplement to plaintiff's reponses.

Interrogatories # 5,6,7 & 10 requested information regarding the damages in this case. Plaintiff has produced its entire claim file which details the amount paid, breaks down the damages and provides estimates for the cost of repairing and/or replacing the damaged real and personal property.  Plaintiff's answers referring to documents produced is an appropriate response.  Moreover, you will have an opportunity to depose plaintiff's insureds and adjusters to get further details regarding the adjustment process.

With regard to the specific damages attributable to defendant Ferguson & Shamamian Architects (hereinafter "FSA"), plaintiff's position is that any damages resulting from the incident are attributable to FSA's conduct in designing the house such that a water pipe was placed in an unheated void space where it was susceptible to freezing.

Interrogatories #11-16 request further information regarding plaintiff's allegations in the Complaint.  The factual basis for plaintiff's claim is the improper design of the house with regard to the piping system.  Specifically, FSA designed the house such that a water pipe was placed in an unheated void space where it was susceptible to freezing.  To the extent your interrogatories request more detailed information, these interrogatories are contention interrogatories.  Plaintiff asserts that it must complete discovery before it can provide more detailed answers to these interrogatories. Rule 33 (c) of the Federal Rules of Civil Procedure recognizes that an interrogatory that involves an opinion or contention that relates to fact or the application of law to fact may not have to be answered until after designated discovery has been completed.

Deborah F. Schwartz, Esquire
August 25, 2005
Page 2

---

Plaintiff will supplement its answers to these contention interrogatories after the close of discovery. In addition, plaintiff's expert reports, which will be produced in accordance with the Court's Scheduling Order, will supplement these answers.

Document requests #7, 8, 10 & 12 seek documentation relating to the project, including contracts and communications with contractors. Plaintiff is attempting to get this information from its insured and will produce any such information which is still in the insured's possession.

Document request #13 seeks the production of any correspondence between plaintiff and plaintiff's insured. Any such documents were already produced as part of the claim file.

Your objection to plaintiff's response to request #14 is that plaintiff's disclosures do not differentiate between damages caused by FSA and other defendants. As discussed above, plaintiff alleges that all damages from this incident are potentially attributable to FSA's acts or omissions.

Document requests #17, 19, 20, 21, 22, 23, 24, 25 and 26 request documents supporting contentions in plaintiff's complaint. Plaintiff has produced any such documents currently in its possession as part of its Rule 26 disclosures. Plaintiff expects that additional documents supporting its contentions will be produced by other parties during the course of discovery. Plaintiff will supplement its response to these requests at the close of discovery.

Finally, you object to plaintiff's assertion of privilege with regard to certain documents from plaintiff's claim file. You assert that various Chubb file memos and subrogation analysis are not protected because they are mental impressions of the client. Within a few days of this loss, counsel was involved for plaintiff. Any internal Chubb memos regarding subrogation memorialize conversations with counsel and are therefore protected by the attorney client privilege.

I hope that this letter addresses your concerns regarding plaintiff's discovery responses and that you will not find it necessary to involve the Court in this minor discovery dispute. However, should you chose to do so, we believe our discovery responses as amended by this letter are appropriate.

Very truly yours,

COZEN O'CONNOR

By:    Daniel J. Luccaro

cc:    Kathleen Tulloh Brink, Esquire
       Patrick Loftus, Esquire

**EXHIBIT K**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GREAT NORTHERN INSURANCE COMPANY | : | |
| as Subrogee of Jon and Abby Winkelried | : | CIVIL ACTION NO: |
| Plaintiff | : | 05cv10165 RGS |
| vs. | : | |
| | : | |
| FERGUSON & SHAMAMIAN ARCHITECTS, LLP | : | |
| | : | |
| and | : | |
| | : | |
| W.B. MARDEN, COMPANY | : | |
| Defendants | : | |

## JOINT SCHEDULING CONFERENCE STATEMENT

The parties, through their undersigned counsel, hereby submit the following Joint Scheduling Conference Statement pursuant to this Court's Notice of Scheduling Conference dated April 4, 2005, and pursuant to Local Rule 16.1

### I.    Nature of the Action

This is an action for property damage and other losses alleged to have been sustained by plaintiff's insureds, Jon and Abbey Winkelried, homeowners who as a result of a water pipe fracture sustained significant water and related damages to their property located at 15 Cathcart Road, Nantucket, Massachusetts on or about January 19, 2004. This is a diversity action pursuant to 28 USC § 1332. Plaintiff seeks damages in excess of $800,000, upon allegations of negligence and breach of warranty.

### II.    Discovery Plan

Pursuant to FRCP 26(f) on Thursday, May 5, 2005, all counsel discussed in good faith a discovery plan to govern the conduct of this case. The parties suggest the following schedule:

1) All written discovery to be served no later than May 20, 2005;

2) All responses to written discovery to be served no later than June 30, 2005;

3) All fact discovery to be completed no later than October 28, 2005;

4) All dispositive motions to be filed no later than December 15, 2005;

5) Plaintiffs' expert reports (in compliance with FRCP 26(a)(2)) to be served no later than November 30, 2005;

6) Defense expert reports (in compliance with FRCP 26(a)(2)) to be served no later than December 30, 2005;

7) All discovery to be completed no later than December 30, 2005;  and

8) Early settlement conference to occur no later than October 28, 2005, with such additional conferences as are deemed advisable by the Court or by the request of the parties.

All parties have agreed in good faith on the referenced deadlines.

III.    <u>Settlement</u>

Plaintiff has presented written settlement demands to the defendants in compliance with Local Rule 16.1 and this Court's Notice of Scheduling Conference dated April 4, 2005.  Defendants have represented that they are not in a position to consider settlement until written and oral discovery has taken place.  The parties have agreed in concept to an early settlement conference to explore early resolution of the matter.

The undersigned counsel certify that they are authorized to affirm on behalf of their clients that they have conferred with their clients with a view to establishing a budget for the cost of conducting the full course - and various alternative courses – of the litigation; and have considered the resolution of the litigation through the use of alternative dispute resolution programs, including an early settlement conference.

Respectfully submitted,


ROBERT M. CAPLAN, ESQUIRE
DANIEL J. LUCCARO, ESQUIRE
Cozen O'Connor
1900 Market Street, 3rd Floor
Philadelphia, PA 19103
215.665.4191
Attorneys for Plaintiff


DAVID J. HATEM, ESQUIRE
JAY S. GREGORY, ESQUIRE
DEBORAH F. SCHWARTZ, ESQUIRE
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210
Attorneys for Defendant, Ferguson & Shamamian
Architects, LLP


KATHLEEN C. TULLOH BRINK, ESQUIRE
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC
One Financial Center
Boston, MA 02111
Attorneys for Defendant W.B. Marden Company


Dated: 5/13/05

3

**EXHIBIT L**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GREAT NORTHERN INSURANCE COMPANY,      :
as subrogee of Jon and Abby Winkelried,      :      CIVIL ACTION NO:
                                             :
                              Plaintiff,     :      05cv10165 RGS
        vs.                                  :
                                             :
FERGUSON & SHAMAMIAN ARCHITECTS, LLP      :
and W.B. MARDEN, COMPANY,                  :
                                             :
                              Defendants.    :

**AMENDED JOINT SCHEDULING CONFERENCE STATEMENT**

The parties, through their undersigned counsel, hereby submit the following Amended Joint Scheduling Conference Statement.

**I.      Nature of the Action**

This is an action for property damage and other losses alleged to have been sustained by plaintiff's insureds, Jon and Abbey Winkelried, homeowners, as a result of a water pipe fracture at their property, 15 Cathcart Road, Nantucket, Massachusetts, which occurred on or about January 19, 2004. This is a diversity action pursuant to 28 USC § 1332. Plaintiff seeks damages in excess of $800,000, upon allegations of negligence and breach of warranty.

**II.      Discovery Plan**

Pursuant to FRCP 26(f), via electronic and teleconference, all counsel discussed, in good faith, a revised discovery plan to govern the conduct of this case. The parties suggest the following schedule:

1) All remaining written discovery to be completed by **May 15, 2006**;

2) All remaining fact discovery to be completed no later than **June 30, 2006**;

3) Plaintiff's expert reports (in compliance with FRCP 26(a)(2)) to be served no later than **July 15, 2006**;

4)  Defense expert reports (in compliance with FRCP 26(a)(2)) to be served no later than **August 1, 2006**;

5)  All discovery to be completed no later than **August 15, 2006,** with the exception of expert depositions; and

6)  All remaining dispositive motions to be filed no later than **September 30, 2006.**

All parties have agreed in good faith on the referenced deadlines.

**III.**  **Settlement**

Plaintiff has presented written settlement demands to the defendants in compliance with Local Rule 16.1 and this Court's prior Notice of Scheduling Conference dated April 4, 2005.  Defendants have represented that they are not in a position to consider settlement at this time.  The parties have agreed, in concept, to an early settlement conference to explore early resolution of the matter, after the exchange of expert reports and before incurring the expense of the expert depositions.  If expert depositions are required, they shall be completed September 15, 2006.

The undersigned counsel certify that they are authorized to affirm on behalf of their clients that they have conferred with their clients with a view to establishing a budget for the cost of conducting the full course - and various alternative courses – of the litigation; and have considered the resolution of the litigation through the use of alternative dispute resolution programs, including an early settlement conference.


Patrick J. Loftus, III BBO# 303310
9 Park Street
Suite 500
Boston, MA  02108
Local Counsel for Plaintiff Great Northern
Insurance Co. a/s/o Jon and Abby Winkelried

*/s/ James P. Cullen, Jr., Esquire*
James P. Cullen, Jr., Esquire
Cozen O'Connor
1900 Market Street, Third Floor
Philadelphia, PA 19103
Attorneys for Plaintiff Great Northern
Insurance Co. a/s/o Jon and Abby Winkelried

/s/ *Francis J. Lynch, Esquire*
Francis J. Lynch, Esquire
John F. Gleavy, Jr., Esquire
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375
Counsel for Defendant W.B.
Marden Company

/s/ *Jay S. Gregory, Esquire*
Jay S. Gregory, Esquire
Deborah F. Schwartz Esquire
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210
Attorneys for Defendant Ferguson &
Shamamian Architects, LLP

/s/ *Thomas B. Farrey, III, Esquire*
Thomas B. Farrey, III, Esquire
Frank S. Puccio, Jr., Esquire
Burns & Farrey
446 Main Street
Worcester, MA 01608
Attorneys for Defendant Thirty
Acre Wood, LLC

/s/ *Martin S. Cosgrove, Esquire*
Martin S. Cosgrove, Esquire
Cosgrove, Eisenberg & Kiley, P.C.
803 Hancock Street
Quincy, MA 02170
Attorneys for Defendant Ellis &
Schneider, Inc.

**EXHIBIT M**

*#147881 – Great Northern Insurance Co. a/s/o Jon and Abby Winkelried*
*v. Ferguson & Shamamian Architects LLP, et al*

## PRIVILEGE LOG FOR GREAT NORTHERN INSURANCE COMPANY CLAIM FILE

**A/C:**   Attorney-Client
**W/P:**   Work Product

| BATES NUMBER | DATE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|
| WINK00001 - 00002 | 9/24/04 | Letter from C. Loughlin at Chubb to plaintiff's counsel discussing claim | A/C |
| WINK00003 | 1/17/04 | Internal Chubb e-mail discussing subrogation | A/C, Mental Impressions |
| WINK00008 – 00009 | 8/9/04 | E-mail from plaintiff's counsel to Loughlin at Chubb discussing case status | A/C |
| WINK00021 – 00022 | 1/27/04 | E-mail from plaintiff's counsel to Loughlin at Chubb discussing case status | A/C |
| WINK00028 – 00030 | 2/6/04 | E-mail from Loughlin to plaintiff's counsel discussing claim and case status | A/C |
| WINK00033 | 1/22/04 | Internal Chubb e-mail discussing subrogation | A/C, Mental Impressions |
| WINK00040 | 1/17/04 | Internal Chubb e-mail discussing subrogation | A/C, Mental Impressions |
| WINK00042 - 00043 | UNK | Subrogation Analysis Worksheet discussing subrogation | A/C, Mental Impressions |
| WINK00051 | 8/26/04 | Internal Chubb file memo by J. Rogers discussing subrogation | A/C, Mental Impressions |
| WINK00059 | UNK | Internal Chubb file memo by J. Rogers discussing subrogation recovery | A/C, Mental Impressions |
| WINK00063 | 7/12/04 | Internal Chubb file memo by J. Rogers discussing claim status | A/C, Mental Impressions |
| WINK00065 | 7/12/04 | Internal Chubb file memo by J. Rogers discussing subrogation recovery | A/C, Mental Impressions |

| BATES NUMBER | DATE | DESCRIPTION | PRIVILEGE |
|---|---|---|---|
| WINK00075 | 2/5/04 | E-mail from Rogers at Chubb to plaintiff's counsel discussing case strategy | A/C |
| WINK00079 | 8/26/0 | Internal Chubb file memo by J. Rogers discussing subrogation recovery | A/C, Mental Impressions |
| WINK00098 | 7/12/04 | Internal Chubb file memo by J. Rogers discussing subrogation recovery | A/C, Mental Impressions |
| WINK00101 | 7/12/04 | Internal Chubb file memo by J. Rogers discussing case strategy | A/C, Mental Impressions |
| WINK00103 | 7/12/04 | Internal Chubb file memo by J. Rogers discussing subrogation recovery | A/C, Mental Impressions |
| WINK00106 | 3/1/04 | Letter from plaintiff's counsel to J. Trebby discussing subrogation | A/C |
| WINK00110 – 00112 | 2/4/04 | Letter from John Certuse, ISE discussing preliminary findings | A/C, W/P |
| WINK00113 – 00114 | 1/28/04 | Letter from plaintiff's counsel to J. Rogers at Chubb discussing subrogation | A/C, W/P |