UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 05CV10165-RGS

GREAT NORTHERN INSURANCE COMPANY,
As Subrogee of Jon and Abby Winkelreid
    Plaintiff(s)

VS.

FERGUSON & SHAMAMIAN ARCHITECTS, LLP
and W.B. MARDEN COMPANY
    Defendant(s) and Third Party Plaintiff(s)

VS.

THIRTY ACRE WOOD, LLC and
ELLIS AND SCHNEIDER
    Third Party Defendant(s)

AND

THIRTY ACRE WOOD, LLC
    Fourth Party Plaintiff(s)

VS.

CONSULTING ENGINEERING SERVICES, LLC
    Fourth Party Defendant(s)

## FOURTH PARTY COMPLAINT

### PARTIES

1. The Third Party Defendant and Fourth Party Plaintiff, Thirty Acre Wood, LLC ("Thirty Acre") is a Delaware limited liability company with a principal place of business at 7 Thirty Acre Lane, Nantucket, Massachusetts.

2. The Fourth Party Defendant, Consulting Engineering Services, LLC ("CES") is a Massachusetts limited liability company with a principal place of business at 110 Cedar Street, Wellesley, Massachusetts. At all times material hereto CES was engaged in the business of, *inter alia*, providing consulting engineering services for residential building projects.

## **FACTUAL ALLEGATIONS**

3. Plaintiff, Great Northern Insurance Company ("Great Northern") is a Minnesota Corporation, with a principal place of business located at 200 South 6th Street, Suite 1000, Minneapolis, Minnesota 55402-1470.

4. At all times material hereto, Great Northern insured' Jon and Abby Winkelreid ("insured" or "Winkelreids") were individuals and owners of the property located at 15 Cathcart Road, Nantucket, Massachusetts ("subject premises").

5. At all times material hereto, Great Northern provided property insurance coverage to the Winkelreids insuring their real and personal property at the subject premises.

6. Defendant and Third Party Plaintiff, Ferguson & Shamamian Architects, LLP ("Ferguson") is a New York Corporation with its principal place business located 270 Lafayette Street, Suite 300, New York, New York, and at all times material hereto was engaged in the business of, *inter alia*, customized building design.

7. Prior to January 19, 2004, the Winkelreids contracted with the Defendant, Ferguson, to design the subject property.

8. Prior to January 19, 2004, the Defendant, Ferguson, contracted with Fourth Party Defendant, CES, for consulting services to be provided by CES regarding engineering design services for the subject premises.

9. Prior to January 19, 2004, the Winkelreids contracted with the Fourth Party Defendant, CES, for CES to provide consulting services relative to engineering design services for the subject premises.

10. On or about January 19, 2004, a domestic water pipe located at the subject property burst, causing the loss in question.

11. Plaintiff sued Defendant/Third Party Plaintiff, Ferguson, and Defendant/Third Party Plaintiff, Marden, alleging that the negligence of either or both parties caused the loss.

12. On or about September 1, 2005 Defendant/Third Party Plaintiff, Ferguson, filed a Third Party Complaint against Thirty Acre.

13. In its Third Party Complaint, Defendant/Third Party Plaintiff, Ferguson, alleged that the damages and loss resulted from the negligence of Thirty Acre. Ferguson's Complaint seeks contribution, contractual and common law indemnity from Thirty Acre.

14. On or about September 12, 2005, Plaintiff filed a Rule 14A Complaint against Thirty Acre, seeking to recover damages from Thirty Acre in the event that it is determined that the damages were caused by Thirty Acre jointly or severally.

15. The burst pipe was the result of a design error or engineering error by CES or by CES in conjunction with Ferguson.

## COUNT I

### Contribution

16. Thirty Acre repeats and realleges the allegations contained in paragraph one (1) through fifteen (15) of this Fourth Party Complaint as if fully set forth herein.

17. If Thirty Acre is found liable to Ferguson, which liability Thirty Acre expressly denies, then the Plaintiff's damages were caused in whole or in part by CES' negligent acts and/or omissions for which Thirty Acre is not responsible.

18. If Thirty Acre is found liable to Ferguson, which liability Thirty Acre expressly denies, the CES is liable to Thirty Acre for contribution.

    WHEREFORE, Thirty Acre demands Judgment against CES for CES' share of that excess payment, together with Thirty Acre's cost of suit incurred and such other relief as this Court deems just.

## COUNT II

### Common Law Indemnification

19. Thirty Acre repeats and realleges the allegations contained in paragraph one (1) through eighteen (18) of this Fourth Party Complaint as if fully set forth herein.

20. If Ferguson has suffered any damages, which liability Thirty Acre expressly denies, any such damages are a result of CES' conduct or that of its agents.

21. If Thirty Acre is found liable to Ferguson, which liability Thirty Acre expressly denies, then the negligent conduct of CES was the sole and proximate cause of the damages. Therefore, any liability of Thirty Acre is derivative and imposed solely by reason of the conduct of CES or that of its agents.

22. If Thirty Acre is found to be liable to Ferguson, which liability Thirty Acre expressly denies, Thirty Acre is entitled to indemnification from CES.

    WHEREFORE, Thirty Acre demands full indemnification from CES, together with Thirty Acre's cost of suit incurred and such other relief as this Court deems just.

## COUNT III

### Contribution

23. Thirty Acre repeats and realleges the allegations contained in paragraph one (1) through twenty-two (22) of this Fourth Party Complaint as if fully set forth herein.

24. If Thirty Acre is found liable to the Plaintiff, which liability Thirty Acre expressly denies, then the Plaintiff's damages were caused in whole or in part by CES' negligence acts or omissions for which Thirty Acre is not responsible.

25. If Thirty Acre is found liable to the Plaintiff, which liability Thirty Acre expressly denies, the CES is liable to Thirty Acre for contribution.

    WHEREFORE, Thirty Acre demands Judgment against CES for CES' share of that excess payment, together with Thirty Acre's cost of suit incurred and such other relief as this Court deems just.

## COUNT IV

### Common Law Indemnification

26. Thirty Acre repeats and realleges the allegations contained in paragraph one (1) through twenty-five (25) of this Fourth Party Complaint as if fully set forth herein.

27. If the Plaintiff has suffered any damages, which liability Thirty Acre expressly denies, any such damages are a result of CES' conduct or that of its agents.

28. If Thirty Acre is found liable to the Plaintiff, which liability Thirty Acre expressly denies, then the negligent conduct of CES was the sole and proximate cause of the damages. Therefore, any liability of Thirty Acre is derivative and imposed solely by reason of the conduct of CES or that of its agents.

29. If Thirty Acre is found to be liable to the Plaintiff, which liability Thirty Acre expressly denies, Thirty Acre is entitled to indemnification from CES.

    WHEREFORE, Thirty Acre demands full indemnification from CES, together with Thirty Acre's cost of suit incurred and such other relief as this Court deems just.

THE THIRD PARTY DEFENDANT/FOURTH PARTY PLAINTIFF, THIRTY ACRE WOOD, LLC, DEMANDS A TRIAL BY JURY ON ALL ISSUES AND COUNTS

                Thirty Acre Wood, LLC
                By its Attorney,

                /s/     Frank S. Puccio, Jr.
                FRANK S. PUCCIO, JR./BBO# 407580
                Burns & Farrey
                446 Main Street, 22nd Floor
                Worcester, Massachusetts 01608
                Telephone 508-756-6288

DATED: July 18, 2006

MRS/nmk
(0000WW-0588 cp#135)