UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY )<br>As Subrogree of Jon and Abby Winkelreid )<br>    Plaintiff(s) )<br> )<br> )<br> )<br> )<br>v. )<br> )<br>FERGUSON & SHAMAMIAN ARCHITECTS, LLP )<br>and W.B. MARDEN COMPANY )<br>    Defendant(s) and Third Party Plaintiff(s) )<br> )<br>v. )<br> )<br>THIRTY ACRE WOOD, LLC and )<br>ELLIS AND SCHNEIDER )<br>    Third Party Defendant(s) )<br> )<br>v. )<br> )<br>CONSULTING ENGINEERING SERVICES, LLC )<br>    Fourth Party Defendant(s) )<br> ) | CIVIL ACTION<br>NO. 05-CV-10165-RGS |

## ANSWER AND JURY DEMAND OF THE FOURTH PARTY DEFENDANT, CONSULTING ENGINEERING SERVICES, LLC

The fourth party defendant, Consulting Engineering Services, Inc. ("CES"), responds as follows to the allegations set forth in the Amended Fourth Party Complaint:

### PARTIES

1. CES is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Fourth Party Complaint.

2. Admitted that CES is a Connecticut corporation with a principal place of business on Middle Street in Middletown, Connecticut and CES was engaged in the business of providing certain engineering services for residential building projects. CES denies the remaining

allegations in paragraph 2 of the Amended Fourth Party Complaint.

## FACTUAL ALLEGATIONS

3. CES is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Fourth Party Complaint.

4. CES is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Fourth Party Complaint.

5. CES is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Fourth Party Complaint.

6. Admitted.

7. Admitted that prior to January 19, 2004, the Winkelreids contracted with the Defendant, Ferguson, to provide certain design services for the subject property. CES denies the remaining allegations in paragraph 7 of the Amended Fourth Party Complaint.

8. Denied.

9. CES admits that prior to January 19, 2004, the Winkelreids contracted with Fourth Party Defendant, CES, wherein CES was to provide certain engineering services for the subject property. CES denies the remaining allegations in paragraph 9 of the Amended Fourth Party Complaint.

10. Admitted.

11. The allegations in paragraph 11 of the Complaint purport to describe a written document which speaks for itself. CES denies the allegations in this paragraph that go beyond or are inconsistent with the terms of that document.

12. The allegations in paragraph 12 of the Complaint purport to describe a written document which speaks for itself. CES denies the allegations in this paragraph that go beyond or are inconsistent with the terms of that document.

13. The allegations in paragraph 13 of the Complaint purport to describe a written document which speaks for itself. CES denies the allegations in this paragraph that go beyond or are inconsistent with the terms of that document.

14. The allegations in paragraph 14 of the Complaint purport to describe a written document which speaks for itself. CES denies the allegations in this paragraph that go beyond or are inconsistent with the terms of that document.

15. Denied.

## COUNT I

### Contribution

16. CES incorporates by reference its answers to paragraphs 1 through 15 above.

17. Denied.

18. Denied.

WHEREFORE, CES respectfully requests that this Court dismiss Thirty Acre's fourth party claims against CES and award CES its costs, interest, and attorneys' fees incurred in the defense of this action.

## COUNT II

### Common Law Indemnifcation

19. CES incorporates by reference its answers to paragraphs 1 through 18 above.

20. Denied.

21. Denied.

22. Denied.

WHEREFORE, CES respectfully requests that this Court dismiss Thirty Acre's fourth party claims against CES and award CES its costs, interest, and attorneys' fees incurred in the defense of this action.

## COUNT III

### Contribution

23. CES incorporates by reference its answers to paragraphs 1 through 22 above.

24. Denied.

25. Denied.

WHEREFORE, CES respectfully requests that this Court dismiss Thirty Acre's fourth party claims against CES and award CES its costs, interest, and attorneys' fees incurred in the defense of this action.

## COUNT IV

### Common Law Indemnifcation

26. CES incorporates by reference its answers to paragraphs 1 through 25 above.

27. Denied.

28. Denied.

29. Denied.

WHEREFORE, CES respectfully requests that this Court dismiss Thirty Acre's fourth party claims against CES and award CES its costs, interest, and attorneys' fees incurred in the defense of this action.

## JURY CLAIM

CES hereby demands a trial by jury to the fullest extent permitted by law.

### FIRST AFFIRMATIVE DEFENSE

The Amended Fourth Party Complaint fails to state a claim against CES upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims against CES are barred because CES has performed all of its obligations

4

under its agreement with Ferguson.

## THIRD AFFIRMATIVE DEFENSE

If the plaintiff or Ferguson were damaged as alleged, which CES denies, said damage resulted from the acts and/or omissions of persons or entities for whose conduct CES is neither legally liable nor responsible.

## FOURTH AFFIRMATIVE DEFENSE

If the plaintiff or Ferguson establishes liability against Thirty Acre, it will be as a result of the direct and active negligence or other wrongdoing of Thirty Acre and not as a result of alleged acts, errors or omissions of CES. Accordingly, Thirty Acre would not be entitled to recover contribution or common law indemnity from CES.

**WHEREFORE,** CES, respectfully requests that Thirty Acre's Amended Fourth Party Complaint be dismissed with prejudice and judgment entered in CES' favor on the merits, that CES be awarded costs and attorneys' fees, and that CES be granted such further relief as this Court may deem just and proper.

Respectfully submitted,
CONSULTING ENGINEERING SERVICES, LLC,
By its attorneys,

David J. Hatem, PC, B.B.O. #225700
Jay S. Gregory, Esquire, B.B.O. #546708
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
Tel: (617)406-4500

Dated: 10-18-06

## CERTIFICATE OF SERVICE

I, Deborah F. Schwartz, Esquire, hereby certify that on this 20th day of October, 2006, I served the attached *Answer and Jury Demand of the Fourth Party Defendant, Consulting Engineering Services, LLC* by mailing a copy thereof, postage pre-paid to:

Patrick J. Loftus, III
Law Office of Patrick J. Loftus, III
9 Park Street, Suite 500
Boston, MA 02108

Francis J. Lynch
John F. Gleavy
Lynch & Lynch
45 Bristol Drive
South Easton, MA 02375

Martin S. Cosgrove
Cosgrove, Eisenberg and Kiley, P.C.
803 Hancock Street
P.O. Box 189
Quincy, MA 02170

James Cullen
Cozen and O'Connor
1900 Market Street
Philadelphia, PA 19103

Thomas B. Farrey, III
Frank S. Puccio, Jr.
Margaret Reardon Suuberg
Burns & Farrey
446 Main Street
Worcester, MA 01608

/s/ Deborah F. Schwartz
Deborah F. Schwartz, Esquire

01026044